FILED

MAR 18 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

ECF DOCUMENT
I hereby attest and certify this is a printed copy of a
document which was electronically filed with the United States
District Court for the Northern District of California.

Date Filed: 3/13/08

RICHARD W. WIEKING, Clerk

By: _____ , Deputy Clerk

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YUZHEN OU, et al., | No. C-07-3676 MMC |
| Plaintiffs, | **ORDER TRANSFERRING ACTION TO DISTRICT COURT FOR THE DISTRICT OF COLUMBIA** |
| v. | |
| MICHAEL CHERTOFF, et al., | Case: 1:08-cv-00463 |
| Defendants | Assigned To : Leon, Richard J. |
| _____/ | Assign. Date : 3/18/2008 |
| | Description: General Civil |

Before the Court is plaintiffs' Motion for Summary Judgment, filed November 16, 2007, and defendants' Cross-Motion for Summary Judgment, filed November 30, 2007. The matter came on regularly for hearing on February 29, 2008. Justin X. Wang of Baughman & Wang appeared on behalf of plaintiffs. Melanie L. Proctor, Assistant United States Attorney, appeared on behalf of defendants. Having considered the papers filed in support of and in opposition to the motion, and the arguments of counsel, the Court rules as follows.

In their complaint, plaintiffs seek an order compelling defendants to decide whether plaintiffs Shiwang Yang and Huimin Yang are entitled to receive "travel documents," following defendants' prior approval of "Refugee Asylee Relative Petitions" filed on behalf of said plaintiffs by plaintiff Yuzhou Ou ("Ou"). (See Compl. ¶¶ 8, 12.) Plaintiffs bring their claims under the Administrative Procedures Act, 5 U.S.C. § 701 et seq., and the

*United States District Court*
*For the Northern District of California*

1  Mandamus Act, 28 U.S.C. § 1361, (see id. ¶ 11), and allege venue is proper in the

2  Northern District of California because plaintiff Ou resides in San Francisco, (see id. ¶ 6).

3  In their motion, defendants, in addition to addressing the merits of the complaint, argue

4  venue is improper in the Northern District of California.

5       Because plaintiffs have sued officers of the United States, the propriety of venue is

6  governed by 28 U.S.C. § 1391(e)(3), which provides:

7       A civil action in which a defendant is an officer or employee of the United
        States or any agency thereof acting in his official capacity or under color of
8       legal authority, or an agency of the United States, or the United States, may,
        except as otherwise provided by law, be brought in any judicial district in
9       which (1) a defendant in the action resides, (2) a substantial part of the
        events or omissions giving rise to the claim occurred, or a substantial part of
10      property that is the subject of the action is situated, or (3) the plaintiff resides
        if no real property is involved in the action.

11
   See 28 U.S.C. § 1391(e)(3).  Defendants argue subsection (3), upon which plaintiffs rely, is
12
   inapplicable because an alien, for purposes of establishing venue, is not considered a
13
   resident of any district.  Consequently, defendants argue, venue for the instant action is
14
   only proper in the District of Columbia, the district in which defendants reside.[1]
15
        Courts have long held that, for venue purposes, an alien is "assumed not to reside in
16
   the United States."  See Galveston, H. & S.A. Ry. Co. v. Gonzales, 151 U.S. 496, 506-07
17
   (1894) (holding alien plaintiff "must resort to the domicile of the defendant"); Arevalo-Franco
18
   v. INS, 889 F. 2d 589, 590 (5th Cir. 1990) ("Federal courts have interpreted [§ 1391] to
19
   deny venue to aliens, holding that for purposes of venue, aliens are not residents of any
20
   district despite where they might live.") (emphasis in original); Williams v. United States,
21
   704 F. 2d 1222, 1225 (11th Cir. 1983) ("An alien, for purposes of establishing venue, is
22
   presumed by law not to reside in any judicial district of the United States regardless of
23
   where the alien actually lives."); Prudencio v. Hanselman, 178 F. Supp. 887, 890 (D. Minn.
24
   1959) ("[I]t is a basic venue principle that an alien is presumed not to reside in any
25
   district.").
26

27      [1]As was discussed at the February 29, 2008 hearing, the events and omissions on
28  which the instant claim is based occurred in China.  Accordingly, subsection (b) is
    inapplicable.

2

1    ·    Plaintiffs argue the above-stated rule does not apply to Ou, because she is a
2  permanent resident alien. In support of this proposition, plaintiff relies on two cases
3  wherein a district court, in the course of considering a transfer for convenience, appeared
4  to assume the action could have been brought in the district in which the plaintiff, a
5  permanent resident alien, was living. See Abusadeh v. Chertoff, 2007 WL 2111036, at *5
6  (D. D.C. 2007); Gelin v. Ashcroft, 2003 WL 23515993, at *2-3 (D. Ct. 2003). Plaintiffs'
7  reliance on those two decisions is unavailing, however, as the issue raised herein was not
8  raised in either of said cases, and, in each instance, the action was transferred to the
9  district where the defendant resided. See Abusadeh, 2007 WL 2111036, at *5; Gelin, 2003
10  WL 23515993, at *3.

11    Plaintiffs also rely on the principle that a permanent resident alien is entitled to the
12  "same constitutional protections of due process that [courts] accord citizens." See Hellenic
13  Lines Ltd. v. Rhoditis, 398 U.S. 306, 309 (1970). Plaintiffs' citation to such authority
14  likewise is unavailing. Because an alternative forum exists, Ou will not be denied due
15  process if her claim is not heard in this district. Cf. Williams, 704 F. 2d at 1224, 1227 (11th
16  Cir. 1983) (noting "possible constitutional implications" where resident alien filed action
17  challenging tax assessment and applicable venue statute provided for venue only "in the
18  judicial district where the plaintiff resides").

19    Further, as defendants point out, when Congress intends to distinguish between
20  categories of aliens, or to allow aliens to bring an action in the district of their residence,
21  Congress has expressly done so. See, e.g., 28 U.S.C. § 1332(a) (providing that for
22  purposes of diversity jurisdiction, interpleader actions, and removal jurisdiction, "alien
23  admitted to the United States for permanent residence shall be deemed a citizen of the
24  State in which such alien is domiciled"); 8 U.S.C. § 1421(c) (providing alien whose
25  application for naturalization is denied may bring action for judicial review "before the
26  United States district court for the district in which such person resides"). Congress did not
27  use similar language in the statute under which plaintiffs sought asylum, see 8 U.S.C.
28  § 1158, nor in the Administrative Procedures Act or the Mandamus Act, the statutes under

3

1    which the instant claims are brought.

2        Accordingly, the Court finds plaintiffs have failed to establish venue is proper in the

3    Northern District of California, and, pursuant to 28 U.S.C. § 1406(a), hereby TRANSFERS

4    the action to the District Court for the District of Columbia.

5    **IT IS SO ORDERED.**

6

7    Dated:  March 12, 2008

    MAXINE M. CHESNEY
    United States District Judge

4

ADRMOP, CLOSED, E-Filing, TRANSF

# U.S. District Court
## California Northern District (San Francisco)
## CIVIL DOCKET FOR CASE #: 3:07-cv-03676-MMC
### Internal Use Only

Ou et al v. Chertoff et al
Assigned to: Hon. Maxine M. Chesney
Cause: 28:1361 Petition for Writ of Mandamus

Date Filed: 07/17/2007
Date Terminated: 03/13/2008
Jury Demand: None
Nature of Suit: 890 Other Statutory
Actions
Jurisdiction: U.S. Government
Defendant

**Plaintiff**

**Yuzhen Ou**

represented by **Justin X. Wang**
Baughman & Wang
111 Pine Street, Suite 1350
San Francisco, CA 94111
415-576-9923
Fax: 415-576-9929
Email: justin@lawbw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

I hereby certify that the annexed instrument is a true and correct copy of the original on file in my office.
ATTEST:
RICHARD W. WIEKING
Clerk, U.S. District Court
Northern District of California
By _____
Deputy Clerk
Date 3/13/08

**Plaintiff**

**Shiwang Yang**

represented by **Justin X. Wang**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO·BE NOTICED*

**Plaintiff**

**Huimin Yang**

represented by **Justin X. Wang**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Michael Chertoff**
*Secretary of the Department of
Homeland Security*

represented by **Melanie Lea Proctor**
United States Attorney's Office
450 Golden Gate Avenue, Box 36055
San Francisco, CA 94102-3495

(415) 436-6730
Fax: (415) 436-6927
Email: Melanie.Proctor@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Condoleezza Rice**              represented by   **Melanie Lea Proctor**
*Secretary of State*                               (See above for address)
                                                   *LEAD ATTORNEY*
                                                   *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 07/17/2007 | 1 | COMPLAINT FOR WRIT IN THE NATURE OF MANDAMUS against Michael Chertoff, Condoleezza Rice ( Filing fee $ 350.00, receipt number 34611008472.) Filed by Yuzhen Ou, Shiwang Yang, Huimin Yang. (aaa, Court Staff) (Filed on 7/17/2007) Additional attachment(s) added on 7/23/2007 (aaa, Court Staff). (Entered: 07/18/2007) |
| 07/17/2007 | | Summons Issued as to Michael Chertoff, Condoleezza Rice. (aaa, Court Staff) (Filed on 7/17/2007) (Entered: 07/18/2007) |
| 07/17/2007 | 2 | ADR SCHEDULING ORDER: Case Management Statement due by 10/19/2007. Case Management Conference set for 10/26/2007 10:30 AM. Signed by Judge Maxine M. Chesney on 07/17/017. (Attachments: # 1 MMC Standing Order# 2 Standing Order)(aaa, Court Staff) (Filed on 7/17/2007) (Entered: 07/18/2007) |
| 07/17/2007 | | CASE DESIGNATED for Electronic Filing. (aaa, Court Staff) (Filed on 7/17/2007) (Entered: 07/18/2007) |
| 07/20/2007 | 3 | CERTIFICATE OF SERVICE by Yuzhen Ou, Shiwang Yang, Huimin Yang (Wang, Justin) (Filed on 7/20/2007) (Entered: 07/20/2007) |
| 09/21/2007 | 4 | ANSWER to Complaint by Michael Chertoff, Condoleezza Rice. (Proctor, Melanie) (Filed on 9/21/2007) (Entered: 09/21/2007) |
| 09/25/2007 | 5 | ADR Certification (ADR L.R. 3-5b) of discussion of ADR options (Proctor, Melanie) (Filed on 9/25/2007) (Entered: 09/25/2007) |
| 09/25/2007 | 6 | STIPULATION AND [PROPOSED] ORDER *to Vacate CMC and Set Briefing Schedule* by Michael Chertoff, Condoleezza Rice. (Proctor, Melanie) (Filed on 9/25/2007) Modified on 9/26/2007 (aaa, Court Staff). (Entered: 09/25/2007) |
| 09/26/2007 | 7 | ORDER DENYING STIPULATION TO VACATE CASE MANAGEMENT CONFERENCE AND SET BRIEFING SCHEDULE. The parties shall file a Joint Case Management Statement no later than October 19, 2007, and shall appear at the scheduled October 26, 2007 Case Management Conference. At the Case Management Conference, the Court will set a briefing schedule for any motions. Signed by Judge |

| | | |
|---|---|---|
| | | Maxine M. Chesney on September 26, 2007. (mmclc1, COURT STAFF) (Filed on 9/26/2007) (Entered: 09/26/2007) |
| 09/27/2007 | 8 | CLERKS NOTICE: In case: 3:07-cv-03676-MMC, Ou et al v. Chertoff et al, doument number 5 (Document type: ADR) was efiled on 9/23/2007at 2:06:57 PM by Melanie Lea Proctor. **The efiled document noted here was lost due to a failure of this court's efiling system. If you have not done so already, you are hereby instructed to re-file your document(s).** You do not need to resubmit any paper (courtesy) copies.<br><br>For your reference, the original docket text that was submitted read: "ADR Certification (ADR L.R. 3-5b) of discussion of ADR options (Proctor, Melanie) (Filed on 9/23/2007)".<br><br>There will be no PDF document associated with this notice. If you have questions, please contact the case administrator or the ECF Helpdesk at ecfhelpdesk@cand.uscourts.gov. (br, Court Staff) (Filed on 9/27/2007) (Entered: 09/27/2007) |
| 09/27/2007 | 9 | CLERKS NOTICE: In case: 3:07-cv-03676-MMC, Ou et al v. Chertoff et al, doument number 6 (Document type: Other Documents) was efiled on 9/24/2007at 9:43:33 AM by Melanie Lea Proctor. **The efiled document noted here was lost due to a failure of this court's efiling system. If you have not done so already, you are hereby instructed to re-file your document(s).** You do not need to resubmit any paper (courtesy) copies.<br><br>For your reference, the original docket text that was submitted read: "STIPULATION *to Vacate Case Management Conference and Set Briefing Schedule; Proposed Order* by Michael Chertoff, Condoleezza Rice. (Proctor, Melanie) (Filed on 9/24/2007)".<br><br>There will be no PDF document associated with this notice. If you have questions, please contact the case administrator or the ECF Helpdesk at ecfhelpdesk@cand.uscourts.gov. (br, Court Staff) (Filed on 9/27/2007) (Entered: 09/27/2007) |
| 10/19/2007 | 10 | JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER filed by Michael Chertoff, Condoleezza Rice. (Proctor, Melanie) (Filed on 10/19/2007) Modified on 10/23/2007 (aaa, Court Staff). (Entered: 10/19/2007) |
| 10/26/2007 | 11 | **\*\*\* FILED IN WRONG CASE. NO NEW DOCUMENT. \*\*\*** ADR Certification (ADR L.R. 3-5b) of discussion of ADR options *Formal Request for Exemption* (Proctor, Melanie) (Filed on 10/26/2007) Modified on 10/26/2007 (ewn, COURT STAFF). (Entered: 10/26/2007) |
| 10/26/2007 | 12 | Minute Entry: Initial Case Management Conference held on 10/26/2007 before Maxine M. Chesney (Date Filed: 10/26/2007). Plaintiff to file Motion for Summary Judgment by 11/16/2007. Responses due by 11/30/2007. Replies due by 12/7/2007. Motion Hearing set for 1/11/2008 09:00 AM in Courtroom 7, 19th Floor, San Francisco. (Not Reported.) |

| | | |
|---|---|---|
| · | | (tl, COURT STAFF) (Date Filed: 10/26/2007) (Entered: 10/26/2007) |
| 11/16/2007 | 13 | MOTION for Summary Judgment filed by Yuzhen Ou, Shiwang Yang, Huimin Yang. (Wang, Justin) (Filed on 11/16/2007) (Entered: 11/16/2007) |
| 11/30/2007 | 14 | Cross MOTION for Summary Judgment *and Opposition to Plaintiffs' Motion for Summary Judgment* filed by Michael Chertoff, Condoleezza Rice. Motion Hearing set for 1/11/2007 09:00 AM in Courtroom 7, 19th Floor, San Francisco. (Attachments: # 1 Affidavit)(Proctor, Melanie) (Filed on 11/30/2007) (Entered: 11/30/2007) |
| 12/03/2007 | 15 | STIPULATION *to Submission on the Briefs or Rescheduling; Proposed Order* by Michael Chertoff, Condoleezza Rice. (Proctor, Melanie) (Filed on 12/3/2007) (Entered: 12/03/2007) |
| 12/04/2007 | 16 | ORDER RE: STIPULATION TO SUBMISSION ON THE BRIEFS OR RESCHEDULING OF HEARING. The January 11, 2008 hearing on the parties' cross motions for summary judgment is continued to January 18, 2008. Signed by Judge Maxine M. Chesney on December 4, 2007. (mmclc1, COURT STAFF) (Filed on 12/4/2007) (Entered: 12/04/2007) |
| 12/04/2007 | ● | Set/Reset Deadlines as to 14 Cross MOTION for Summary Judgment *and Opposition to Plaintiffs' Motion for Summary Judgment*. Motion Hearing Continued for 1/18/2008 09:00 AM. Re 16 Order (aaa, Court Staff) (Filed on 12/4/2007) (Entered: 12/05/2007) |
| 12/07/2007 | 17 | Reply to Opposition *Plaintiffs' Reply to Defendants' Opposition; Opposition to Defendants' 14 Cross Motion for Summary Judgment* filed by Yuzhen Ou, Shiwang Yang, Huimin Yang. (Wang, Justin) (Filed on 12/7/2007) Modified on 12/10/2007 (aaa, Court Staff). (Entered: 12/07/2007) |
| 12/14/2007 | 18 | Reply to 17 Opposition filed byMichael Chertoff, Condoleezza Rice. (Proctor, Melanie) (Filed on 12/14/2007) Modified on 12/17/2007 (aaa, Court Staff). (Entered: 12/14/2007) |
| 01/15/2008 | 19 | ORDER OF REFERENCE. Plaintiffs' Motion for Summary Judgment and defendants' Cross-Motion for Summary Judgment are referred to the Honorable Wm. Fremming Nielsen, Senior Judge, United States District Court for the Eastern District of Washington, sitting by designation in the Northern District of California, to be heard and considered at the convenience of his calendar. Counsel will be advised of the date, time and place of the hearing on said motions by notice from Judge Nielsen's chambers. The January 18, 2008 hearing before the undersigned is vacated. Signed by Judge Maxine M. Chesney on January 15, 2008. (mmclc1, COURT STAFF) (Filed on 1/15/2008) (Entered: 01/15/2008) |
| 01/16/2008 | 20 | ORDER. Plaintiffs' Motion for Summary Judgment and Defendants' Cross-Motion for Summary Judgment shall be noted for telephonic hearing on February 19, 2008 at 10:30 a.m. Signed by Judge Wm. Fremming Nielsen on January 16, 2008. (mmclc1, COURT STAFF) (Filed on 1/16/2008) (Entered: 01/16/2008) |

| 02/05/2008 | ●21 | ORDER STRIKING ORAL ARGUMENT. The Court determines that oral argument is not required. Accordingly, oral argument on plaintiff's motion for summary judgment and defendants' cross motion for summary judgment is stricken. The hearing is renoted for hearing without oral argument on Tuesday, February 19, 2008. Signed by Judge Wm. Fremming Nielsen on February 5, 2008. (mmclc1, COURT STAFF) (Filed on 2/5/2008) (Entered: 02/05/2008) |
|---|---|---|
| 02/07/2008 | ●22 | ORDER WITHDRAWING REFERENCE; SETTING HEARING. The reference to Judge Nielsen is withdrawn. Plaintiffs' Motion for Summary Judgment and defendants' Cross-Motion for Summary Judgment are set for hearing on February 29, 2008, at 9:00 a.m. Signed by Judge Maxine M. Chesney on February 7, 2008. (mmclc1, COURT STAFF) (Filed on 2/7/2008) (Entered: 02/07/2008) |
| 02/29/2008 | ●23 | Minute Entry: Motion Hearing held on 2/29/2008 before Maxine M. Chesney (Date Filed: 2/29/2008) re 14 Cross MOTION for Summary Judgment *and Opposition to Plaintiffs' Motion for Summary Judgment* filed by Michael Chertoff, Condoleezza Rice, 13 MOTION for Summary Judgment filed by Shiwang Yang, Yuzhen Ou, Huimin Yang. (Court Reporter Kathy Wyatt.) (tl, COURT STAFF) (Date Filed: 2/29/2008) (Entered: 02/29/2008) |
| 03/10/2008 | ●24 | STATUS REPORT by Michael Chertoff, Condoleezza Rice. (Proctor, Melanie) (Filed on 3/10/2008) (Entered: 03/10/2008) |
| 03/10/2008 | ●25 | STATUS REPORT by Yuzhen Ou, Shiwang Yang, Huimin Yang. (Wang, Justin) (Filed on 3/10/2008) (Entered: 03/10/2008) |
| 03/12/2008 | ●26 | ORDER TRANSFERRING ACTION TO DISTRICT COURT FOR THE DISTRICT OF COLUMBIA. Signed by Judge Maxine M. Chesney on March 12, 2008. (mmclc1, COURT STAFF) (Filed on 3/12/2008) (Entered: 03/12/2008) |
| 03/13/2008 | ●27 | CLERK'S NOTICE: Sent by CERTIFIED MAIL a certified copy of 26 Transfer Order a certified copy of the Civil Docket the original civil case contents to the District Clerk Nancy Mayer Whittington U.S. District Court District of Columbia in Washington, DC. (aaa, Court Staff) (Filed on 3/13/2008) (Entered: 03/13/2008) |
| 03/13/2008 | ● | (Court only) ***Civil Case Terminated. Re 26 Transfer Order (aaa, Court Staff) (Filed on 3/13/2008) (Entered: 03/13/2008) |

**UNITED STATES DISTRICT COURT**
**Northern District of California**
450 Golden Gate Avenue
**San Francisco, California 94102**

www.cand.uscourts.gov

Richard W. Wieking
Clerk

General Court Number
415.522.2000

March 13, 2008

District Clerk
Nancy Mayer Whittington
1225 E. Barrett Prettyman
United States Courthouse
333 Constitution Avenue, N.W.
Washington, DC 20001

RE: CV 07-03676 MMC  YUZHEN OU-v-MICHAEL CHERTOFF

Dear Clerk,

Pursuant to an order transferring the above captioned case to your court, transmitted herewith

are:

      ☒     Certified copy of docket entries.

      ☒     Certified copy of Transferral Order.

      ☒     Original case file documents.

      ☒     Please access the electronic case file for additional pleadings you may need.  See

           the attached instructions for details.

Please acknowledge receipt of the above documents on the attached copy of this letter.

Sincerely,
RICHARD W. WIEKING, Clerk

*Alfred Amistoso*

by: Alfred Amistoso
Case Systems Administrator

Enclosures
Copies to counsel of record

1    JUSTIN X. WANG (CSB #166183)
     PEGGY A. SHIH (CSB#197545)
2    **BAUGHMAN & WANG**
     111 Pine Street, Suite 1350
3    San Francisco, California 94111
     Telephone: (415) 576-9923
4    Facsimile: (415) 576-9929

5    Attorneys for Plaintiffs

6               **UNITED STATES DISTRICT COURT**

7              **NORTHERN DISTRICT OF CALIFORNIA**

8                 **SAN FRANCISCO DIVISION**

9

10   Yuzhen OU; Shiwang YANG;    )   Case No.: C 07-3676 MMC
     Huimin YANG                  )
11                            )
                Plaintiffs,   )
12                           )   **PLAINTIFFS' STATUS REPORT**
13   vs.                           )
14                            )
    MICHAEL CHERTOFF, Secretary of the  )   District Judge: Honorable Maxine M. Chesney
15   Department of Homeland Security;      )
    CONDOLEEZZA RICE, Secretary,     )
16   Department of State,             )
                           )
17                Defendants.   )
18    _____ )

19

20

21       Plaintiffs' motion for summary judgment and Defendants' cross motion for summary

22   judgment were heard on February 28, 2008. This court orders the parties to submit joint status

23   report by March 10, 2008.

24       Plaintiffs' counsel was informed from Defendants' counsel, by email, that the

25   government has determined that there was no impropriety in the delay of transfer of file from

26   CIS Service Center to CIS overseas post in Guangzhou, and it would not, therefore, expedite the

27   processing of plaintiffs' I-730 application. Defendants, however, have not provided any reason

28   for the delay.

1       Parties have not been able to reach a settlement of this matter.  Plaintiff respectfully

2  request this court to render a decision on the merits of their motion for summary judgment.

3

4  Dated: March 10, 2008                        Respectfully submitted,

5                                          _____/s/_____

6                                          Justin X .Wang, Esq.

7                                          Attorney for Plaintiffs

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1  JOSEPH P. RUSSONIELLO (CSBN 44332)
   United States Attorney
2  JOANN M. SWANSON (CSBN 88143)
   Chief, Civil Division
3  MELANIE L. PROCTOR (CSBN 228971)
   Melanie.Proctor@usdoj.gov
4  Assistant United States Attorney

5      450 Golden Gate Avenue, Box 36055
       San Francisco, California 94102-3495
6      Telephone: (415) 436-6730
       FAX: (415) 436-7169
7
   Attorneys for Defendants
8
                    UNITED STATES DISTRICT COURT
9
                  NORTHERN DISTRICT OF CALIFORNIA
10
                      SAN FRANCISCO DIVISION
11
   YUZHEN OU,                         )    No. C07-3676 MMC
12                                     )
                   Plaintiff,          )
13                                     )
                                       )
14       v.                            )    STATUS REPORT
                                       )
15 MICHAEL CHERTOFF, Secretary,        )
   Department of Homeland Security;    )
16 CONDOLEEZZA RICE, Secretary,        )
   Department of State,                )
                                       )
17                 Defendants.         )
                                       )
18 _____ )

19       Defendants respectfully report that they will not reach an out-of court settlement in the

20 above-entitled action.[1]

21 Dated: March 10, 2008                    Respectfully submitted,

22                                          JOSEPH P. RUSSONIELLO
                                            United States Attorney
23

24                                                   /s/
                                            _____
25                                          MELANIE L. PROCTOR
                                            Assistant United States Attorney
26                                          Attorneys for Defendants

27  _____

28       [1]Defendants file separately from Plaintiffs because counsel for both parties were unable to
   agree on the appropriate substance of the status report.

   STATUS REPORT
   C 07-3676 MMC

**CIVIL MINUTES**

**Judge MAXINE M. CHESNEY**                                    **E-Filing**

Date: FEB 2 9 2008

C - 07 - 3676 - MMC

_Yuzhen Ou et al_        v        _Michael Chertoff et al_

Attorneys: _Justin Wang_                _Melanie Proctor_

_____        _____

Deputy Clerk: **TRACY LUCERO**        Reporter: _Kathy Wyatt_

**PROCEEDINGS:**                                    **RULING:**

1. _Pltf's motion for Summary Judgment_            DEEMED
                                                    Submitted
2. _Defts' X-motion for Summary Judgment_          DEEMED
                                                    Submitted

3. _____        _____

4. _____        _____

( ) Status Conference    ( ) P/T Conference    ( ) Case Management Conference

**ORDERED AFTER HEARING:**

_3/10/08 - Deadline for parties to file status report._

_____

( ) ORDER TO BE PREPARED BY:    Plntf_____  Deft_____  Court_____

( ) Referred to Magistrate For:_____
        ( )By Court
( ) CASE CONTINUED TO _____  for _____

Discovery Cut-Off_____Expert Discovery Cut-Off_____

Plntf to Name Experts by _____Deft to Name Experts by_____

P/T Conference Date_____  Trial Date_____  Set for _____ days
                        Type of Trial: ( )Jury    ( )Court
Notes: _____
_____
_____

(45 min)

United States District Court

For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

YUZHEN OU, et al.,                                    No. C-07-3676 MMC

     Plaintiffs,                                    **ORDER WITHDRAWING REFERENCE;**
  v.                                                           **SETTING HEARING**

MICHAEL CHERTOFF, et al.,

     Defendants

_____/

    By order filed January 15, 2008, plaintiffs' Motion for Summary Judgment and

defendants' Cross-Motion for Summary Judgment were referred to the Honorable Wm.

Fremming Nielsen, Senior Judge, United States District Court for the Eastern District of

Washington, sitting by designation in the Northern District of California.  In light of a recent

change in the Court's trial schedule, the reference is hereby WITHDRAWN.

    The motions are hereby set for hearing before the undersigned on February 29,

2008, at 9:00 a.m.

    **IT IS SO ORDERED.**

Dated: February 7, 2008

                                 _____
                                 MAXINE M. CHESNEY
                                 United States District Judge

1

2

3

4

5

6

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

YUZHEN OU,

               Plaintiff,

   -vs-

CHERTOFF, et al,

             Defendants.

NO.   C-07-3676 MMC

ORDER STRIKING
ORAL ARGUMENT

7

8

9

10

11

12      A telephonic conference call was held on January 16, 2008.  Justin Wang participated

13 on behalf of the Plaintiff and Melanie Proctor participated on behalf of the Defendant.

14 Following the hearing the Court entered an Order setting a hearing for February 19, 2008 on

15 Plaintiff's Motion for Summary Judgment (Ct. Rec. 13) and Defendants' cross Motion for

16 Summary Judgment (Ct. Rec. 14).  Having reviewed the parties' filings, the Court determines

17 that oral argument is not required.  Accordingly,

18      **IT IS ORDERED** that oral argument on Plaintiff's Motion for Summary Judgment, **Ct.**

19 **Rec. 13**, and Defendants' cross Motion for Summary Judgment, **Ct. Rec. 14**, is **STRICKEN**.

20 The hearing shall be **RENOTED for hearing without oral argument on Tuesday,**

21 **February 19, 2008**.

22      The Clerk of Court is directed to file this Order and provide copies to counsel.

23      **DATED** this 5th day of February, 2008.

24

25                                s/ Wm. Fremming Nielsen

26 02-05                      WM. FREMMING NIELSEN
                    SENIOR UNITED STATES DISTRICT JUDGE

ORDER STRIKING
ORAL ARGUMENT

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| YUZHEN OU, | ) | NO.    C-07-3676 MMC |
| Plaintiff, | ) | |
| | ) | ORDER |
| -vs- | ) | |
| | ) | |
| CHERTOFF, et al, | ) | |
| Defendants. | ) | |

A telephonic conference call was held on January 16, 2008. Justin Wang participated on behalf of the Plaintiff; Melanie Proctor participated on behalf of the Defendant. The Court explained that the Plaintiff's Motion for Summary Judgment (Ct. Rec. 13) and Defendants' cross Motion for Summary Judgment (Ct. Rec. 14) have been referred to the undersigned for disposition. The parties indicated that they had no objection to proceeding without oral argument. The Court will contact the parties if it appears a decision can be made on the papers but will set a hearing in the meantime. Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Summary Judgment (Ct. Rec. 13) and Defendants' cross Motion for Summary Judgment (Ct. Rec. 14) shall be noted for telephonic hearing on **Tuesday, February 19, 2008 at 10:30 a.m.** The parties shall call 509-458-6381 to participate in the hearing. Argument shall be limited to one hour.

The Clerk of Court is directed to file this Order and provide copies to counsel.

**DATED** this 16th day of January, 2008.

s/ Wm. Fremming Nielsen
WM. FREMMING NIELSEN
SENIOR UNITED STATES DISTRICT JUDGE

01-16

ORDER

1
2
3
4
5
6
7
8                    IN THE UNITED STATES DISTRICT COURT
9                    FOR THE NORTHERN DISTRICT OF CALIFORNIA
10
11   YUZHEN OU, et al.,                          No. C-07-3676 MMC
12            Plaintiffs,                         **ORDER OF REFERENCE**
13        v.
     MICHAEL CHERTOFF, et al.,
14            Defendants
15   _____/
16
17        It is HEREBY ORDERED that plaintiffs' Motion for Summary Judgment and

18   defendants' Cross-Motion for Summary Judgment are referred to the Honorable Wm.

19   Fremming Nielsen, Senior Judge, United States District Court for the Eastern District of

20   Washington, sitting by designation in the Northern District of California, to be heard and

21   considered at the convenience of his calendar.

22        Counsel will be advised of the date, time and place of the hearing on said motions

23   by notice from Judge Nielsen's chambers.  The January 18, 2008 hearing before the

24   undersigned is vacated.

25        **IT IS SO ORDERED.**

26
27   Dated:  January 15, 2008
                                        _____
28                                      MAXINE M. CHESNEY
                                        United States District Judge

United States District Court
For the Northern District of California

1

2

3

4

5

6

7

8

IN THE UNITED STATES DISTRICT COURT

9

FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11

YUZHEN OU, et al.,                                      No. C-07-3676 MMC

12

        Plaintiffs,                              **ORDER OF REFERENCE**

   v.

13

MICHAEL CHERTOFF, et al.,

14

        Defendants

15

_____/

16

17

     It is HEREBY ORDERED that plaintiffs' Motion for Summary Judgment and

18

defendants' Cross-Motion for Summary Judgment are referred to the Honorable Wm.

19

Fremming Nielsen, Senior Judge, United States District Court for the Eastern District of

20

Washington, sitting by designation in the Northern District of California, to be heard and

21

considered at the convenience of his calendar.

22

     Counsel will be advised of the date, time and place of the hearing on said motions

23

by notice from Judge Nielsen's chambers.  The January 18, 2008 hearing before the

24

undersigned is vacated.

25

    **IT IS SO ORDERED.**

26

27

Dated:  January 15, 2008

28

                               _____
                               MAXINE M. CHESNEY
                               United States District Judge

United States District Court

For the Northern District of California

1
2
3
4
5
6
7
8                    IN THE UNITED STATES DISTRICT COURT
9                  FOR THE NORTHERN DISTRICT OF CALIFORNIA
10
11   YUZHEN OU, et al.,                      No. C-07-3676 MMC
12              Plaintiffs,                   **ORDER OF REFERENCE**
              v.
13
     MICHAEL CHERTOFF, et al.,
14              Defendants
15   _____/
16
17        It is HEREBY ORDERED that plaintiffs' Motion for Summary Judgment and
18   defendants' Cross-Motion for Summary Judgment are referred to the Honorable Wm.
19   Fremming Nielsen, Senior Judge, United States District Court for the Eastern District of
20   Washington, sitting by designation in the Northern District of California, to be heard and
21   considered at the convenience of his calendar.
22        Counsel will be advised of the date, time and place of the hearing on said motions
23   by notice from Judge Nielsen's chambers.  The January 18, 2008 hearing before the
24   undersigned is vacated.
25   **IT IS SO ORDERED.**
26
27   Dated:  January 15, 2008
                                     _____
28                                   MAXINE M. CHESNEY
                                     United States District Judge

United States District Court

For the Northern District of California

1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11   YUZHEN OU, et al.,                      No. C-07-3676 MMC

12           Plaintiffs,                     **ORDER OF REFERENCE**

13       v.

     MICHAEL CHERTOFF, et al.,
14
             Defendants
15   _____/

16

17       It is HEREBY ORDERED that plaintiffs' Motion for Summary Judgment and

18   defendants' Cross-Motion for Summary Judgment are referred to the Honorable Wm.

19   Fremming Nielsen, Senior Judge, United States District Court for the Eastern District of

20   Washington, sitting by designation in the Northern District of California, to be heard and

21   considered at the convenience of his calendar.

22       Counsel will be advised of the date, time and place of the hearing on said motions

23   by notice from Judge Nielsen's chambers.  The January 18, 2008 hearing before the

24   undersigned is vacated.

25       **IT IS SO ORDERED.**

26

27   Dated:  January 15, 2008              _____
                                          MAXINE M. CHESNEY
28                                        United States District Judge

1   SCOTT N. SCHOOLS (SC 9990)
    United States Attorney
2   JOANN M. SWANSON (CSBN 88143)
    Chief, Civil Division
3   MELANIE L. PROCTOR (CSBN 228971)
    Melanie.Proctor@usdoj.gov
4   Assistant United States Attorney

5       450 Golden Gate Avenue, Box 36055
        San Francisco, California 94102-3495
6       Telephone: (415) 436-6730
        FAX: (415) 436-6927
7
    Attorneys for Defendants
8

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| YUZHEN OU, SHIWANG YANG, HIUMIN YANG | No. C07-3676 MMC |
| Plaintiffs, | |
| v. | DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION |
| MICHAEL CHERTOFF, Secretary, Department of Homeland Security; CONDOLEEZZA RICE, Secretary, Department of State, | Date:   January 18, 2008 Time:   9:00 a.m. Court: 7, 19th Floor |
| Defendants. | |

## I. INTRODUCTION

Plaintiffs oppose Defendants' Cross Motion for Summary Judgment, arguing first that venue is proper in this District, and second, that the delay at issue is unreasonable. For the reasons set forth below and in Defendants' Motion, venue is not proper in this District. In addition, Plaintiffs are not entitled to expedited processing of their applications. Accordingly, summary judgment should be granted in Defendants' favor.

///

///

///

///

DEFENDANTS' REPLY
C 07-3676 MMC

## II.    ANALYSIS

A.    VENUE IS IMPROPER

    1.    Venue Cannot Be Based On An Alien's Residence

        a.    The Cases Cited By Plaintiffs Do Not Support Their Position

In opposition to Defendants' arguments regarding venue, Plaintiffs rely on three cases. None of the cases support their arguments. Gelin v. Ashcroft, 2003 WL 23515993 (D. Conn. Jan. 13, 2003), arose out of a habeas petition brought by an alien who was detained in Oakdale, Louisiana. Id. at *1. The petitioner elected to file his habeas claim in Connecticut, but failed to establish that his chosen forum was appropriate. Id. Upon the Government's motion, the Court ordered transfer to the District Court for the Western District of Louisiana, the location of the alien's custodian. Id. at *3. In doing so, the district court did not discuss the issue of whether aliens are included in 28 U.S.C. § 1391(e)(3). Id. at *2.

At first blush, Abusadeh v.Chertoff, 2007 WL 211036 (D.D.C. July 23, 2007), appears to support Plaintiffs' argument; however, a careful reading of that decision reveals that is not the case. There, the plaintiff brought a mandamus action to compel action on his dual applications for naturalization and a replacement lawful permanent resident card. Id. at *1. After losing an action brought under 8 U.S.C. § 1447(b) and the Administrative Procedure Act ("APA") in the Southern District of Texas, the plaintiff brought suit in the District of Columbia under 28 U.S.C. §§ 1361 and 2201, and the APA. Id. at *2. The Government argued that venue was improper, and that the action should be dismissed or transferred. Id. at *3.

As in Gelin, the district court cited 28 U.S.C. § 1391(e)(3) without discussion of whether an alien plaintiff may base venue on his or her residence. Id. at *5. Ultimately, the district court did not base transfer of the action on that statute; rather, the court elected to transfer the action "in the interest of justice." Id. at *5-6. The district court specifically noted that "the action that Plaintiff seeks this Court to compel is one that will occur not in the District of Columbia, but rather in Houston, Texas." Id. at *6. The district court concluded that "[i]nsofar as Plaintiff seeks a court to become involved in dictating the priorities of a local USCIS office, it appears that the United States Court for the Southern District of Texas is better positioned to do so, and may have a superior

1  interest in doing so." Id. at *8. The same considerations are at play in the instant action. See

2  Complaint, p. 3, Prayer for Relief.

3  Finally, Hellenic Lines Ltd. v. Rhoditis, 398 U.S. 306 (1970), stands only for the proposition

4  that lawful permanent residents are entitled to "the same constitutional protections of due process"

5  that is accorded to citizens. Id. at 309. Finding that venue is improper here would not deny Plaintiff

6  Ou the due process she is entitled to as a lawful permanent resident because she could still pursue

7  this action in the proper forum, if jurisdiction to consider her claims even exists. See, e.g., 8 U.S.C.

8  § 1158(c)(7) ("Nothing in this section shall be construed to create any substantive or procedural

9  right or benefit that is legally enforceable by any party against the United States or its agencies or

10  officers or any other person."); Winward v. Pfizer, Inc., 2007 WL 310317, at *5 (N.D. Cal.

11  Oct. 22, 2007) (transferring action despite argument that doing so would deny plaintiffs due process

12  because they would lose their counsel of choice).

13            b.    A Review of the Applicable Statutes Demonstrates That Venue May
                   Not Be Based on an Alien's Residence
14

15  The United States Supreme Court has stated that "[w]here Congress includes particular

16  language in one section of a statute but omits it in another section of the same Act, it is generally

17  presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion."

18  Russello v. United States, 464 U.S. 16, 23 (1983). In Title 28, United States Code, Congress has

19  carved out an exception to the longstanding principle that aliens have no residence in the United

20  States for venue purposes, and  specifically provided that for purposes of 28 U.S.C. §§ 1332

21  (diversity), 1335 (interpleaders), and 1441 (removable actions), "an alien admitted to the United

22  States for permanent residence shall be deemed a citizen of the State in which such alien is

23  domiciled." 28 U.S.C. § 1332(a). Thus, Congress has explicitly limited the application of this

24  exception. The existence of this carefully drawn and limited exception thus belies Plaintiffs'

25  contention that lawful permanent residents always "satisfy the residency requirement" of 28 U.S.C.

26  § 1391(e)(3). Plaintiffs' Opposition, p. 2.

27  In addition, Congress did not make such a provision in 28 U.S.C. § 1361. That statute

28  provides simply that the district courts "have original jurisdiction of any action in the nature of

1   mandamus to compel an officer or employee of the United States or any agency thereof to perform

2   a duty owed to the plaintiff." 28 U.S.C. § 1361. Venue also may not be based on Plaintiffs'

3   allegations of APA violations, because that statute does not provide the Court with jurisdiction.

4   Califano v. Sanders, 430 U.S. 99, 107 (1977); see also Staacke v. U.S. Department of Labor, 841

5   F.2d 278, 282 (9th Cir. 1988) ("The APA, however, does not provide an independent jurisdictional

6   basis; it only prescribes the standards for reviewing agency action once jurisdiction is otherwise

7   established.").

8       Finally, within the Immigration and Nationality Act, Congress specifically set forth five

9   instances in which an alien might base venue on his or her residence. 8 U.S.C. § 1252(b)(5)(B)

10  (nationality claims to be decided in the district court for the judicial district in which the petitioner

11  resides); 8 U.S.C. § 1324b(j)(1) (providing that certain lawful permanent residents may pursue court

12  enforcement of administrative orders relating to unfair immigration-related employment practices);

13  8 U.S.C. § 1421(c) (allowing denied naturalization applicants to seek de novo review in the district

14  court for the district in which he or she resides); 8 U.S.C. § 1447(b) (allowing naturalization

15  applicants who have not received a decision within 120 days of the date on which the examination

16  is conducted to seek a hearing in the district court for the district in which the applicant resides);

17  8 U.S.C. § 1503(a) (providing that a person who claims a right or privilege as a national of the

18  United States and who is denied such right or privilege on the ground that she or he is not a United

19  States national may institute an action under 28 U.S.C. § 2201 in the district court of the district in

20  which the person resides). Three of these provisions apply specifically only to lawful permanent

21  residents. 8 U.S.C. §§ 1324b(a)(3)(B) (limiting actions to certain, but not all, lawful permanent

22  residents), 1421(c) (pertaining to naturalization applicants, who by law are necessarily lawful

23  permanent residents), 1447(b) (same). There are no such provisions under 8 U.S.C. § 1158.

24  Accordingly, Plaintiffs may not base venue on Plaintiff Ou's residence.[1]  See, e.g., Elmalky v.

25

26      [1]Plaintiffs assert that "Defendants [sic] argument is clearly without merit and could be
    subject to sanctions." Plaintiffs' Opposition, p. 3. Plaintiffs cite two cases for the proposition that
27  attorneys have a duty to make reasonable inquiries into existing law. Id., citing Monterey Dev.
    Corp. v. Lawyer's Title Ins. Corp, 4 F. 3d 605 (8th Cir. 1993); Johnson v. Tower Air, Inc., 149
28  F.R.D. 461 (E.D.N.Y. 1993). At the close of their opposition, Plaintiffs move for sanctions.

Upchurch, 2007 WL 944330, at *7 (N.D. Tex. Mar. 28, 2007) ("For venue purposes, however, an alien 'is presumed by law not to reside in any judicial district of the United States regardless of where the alien actually lives.'") (quoting Williams v. United States, 704 F.2d 1222, 1225 (11th Cir. 1983)); Blacher v. Ridge, 436 F. Supp. 2d 602, 608 (S.D.N.Y. 2006) (finding venue inappropriate because the events did not occur in that district, no government official in the district was alleged to be part of the controversy, and the alien plaintiff could not base venue on her residence).

2.    The Defendants Do Not Reside in This District, Nor Did Any Acts or Omissions Occur Here

Plaintiffs ask the Court to compel action that will take place in China. See Complaint, p. 3, Prayer for Relief; Defendants' Motion, Declaration of Jackie Wong. The prior events took place in Nebraska and New Hampshire. See Wong Decl., p 2 ¶ 12. Accordingly, venue cannot be based on 28 U.S.C. § 1391(e)(2). The named Defendants reside in the District of Columbia; further, it appears that no Government official with authority to take action on this case resides in this District. 28 U.S.C. § 1391(e)(1); see 8 C.F.R. § 102.(d)(3) (stating the Director of International Affairs is responsible for the administration of U.S. immigration law on foreign soil, and provides guidance and supervision to foreign districts). Thus, neither of the named Defendants and no potential defendants reside in the Northern District of California. Venue is not proper in this District. As

---

Plaintiffs' Opposition, p. 6. In light of the foregoing discussion, undersigned counsel submits that it is not Defendants' position that is frivolous.

Regardless, Plaintiffs have failed to comply with the requirements of Fed. R. Civ. P. 11. As demonstrated by the e-mails attached to Plaintiffs' Opposition which improperly contains their motion for sanctions, Plaintiffs waited just four days after protesting the viability of Defendants' position on venue to make the motion. See Fed. R. Civ. P. 11(c)(1)(A) (requiring the moving party to make such a motion separately from other motions, and to not file the motion until the non-moving party has had 21 days to withdraw or correct the challenged argument); see also Patelco Credit Union v. Sahni, 262 F.3d 897, 913 (9th Cir. 2001) ("the filing of a motion for sanctions is itself subject to the requirements of the rule and can lead to sanctions") (quoting the Advisory Committee's notes). Although Plaintiffs did not comply with the Rule 11, the Court should deny their motion because it has enough basis to do so.    There is no binding case law directly on point accordingly, each party should be allowed to argue its position. Greenberg v. Sala, 822 F.2d 882, 887 (9th Cir. 1987) (neither Rule 11 nor any other sanctioning authority should be used to chill creative advocacy or attorneys' enthusiasm in pursuing legal or factual theories).

1   stated in Defendants' Motion, transfer is not necessary because Plaintiffs' claims are without merit.

2   King v. Russell, 963 F.2d 1301, 1304 (9th Cir. 1992).

3        B.      THE COURT LACKS SUBJECT MATTER JURISDICTION

4        Subject-matter jurisdiction is not waivable, and may be raised at any time. In re Kieslich, 258

5   F.3d 968, 970 (9th Cir. 2001); Hill v. Blind Indus. and Services of Maryland, 179 F.3d 754, 762 (9th

6   Cir. 1999). Here, Plaintiffs allege that the Court has jurisdiction to compel Defendants to act on

7   their applications for travel documents. Complaint, p. 2. However, mandamus relief is not available

8   where the plaintiff has failed to establish the existence of a non-discretionary duty. Kildare v.

9   Saenz, 325 F.3d 1078, 1084 (9th Cir. 2003). Here, Congress has explicitly provided that no such

10  duty exists:

11       Nothing in this subsection shall be construed to create any substantive or procedural
         right or benefit that is legally enforceable by any party against the United States or
12       its agencies or officers or any other person.

13  8 U.S.C. § 1158(d)(7). Thus, the Court lacks subject matter jurisdiction, and the case should be

14  dismissed.

15       C.      THE DELAY IS REASONABLE

16       In opposition to Defendants' Motion, Plaintiffs again rely on inapplicable cases. Plaintiff's

17  Opposition, p. 5 (citing cases involving name check delays). Plaintiffs have failed to produce a

18  single case supporting their argument that mandamus is appropriate simply because they are tired

19  of waiting in line. The passage of time alone does not establish unreasonable delay. INS v.

20  Miranda, 459 U.S. 14, 18 (1982). There is nothing to suggest that any applications are processed

21  "out of turn."[2] Contra Liang v. Chertoff, 2007 WL 3225441, at *6 (N.D. Cal. Oct. 30, 2007) ("the

22  agency maintains a policy whereby it may request that the FBI expedite a particular name check if

23  certain criteria are met."). Plaintiffs argue, without support, that absent an order from the Court,

24  their applications "are likely to continue pending indefinitely." Plaintiffs' Opposition, p. 5. To the

25  contrary, Jackie Wong attests that the applications will be processed in due course. Wong Decl., p. 3

26

27       [2]The arguments presented herein are confined to this case; Defendants do not concede that
28  adjustment and naturalization applications which take longer than other similar applications are
    necessarily entitled to expedited processing.

DEFENDANTS' REPLY
C 07-3676 MMC                           6

1   ¶ 17. While the delay may be unfortunate, it is not unreasonable.[3]

2 ### III.   CONCLUSION

3     For the foregoing reasons, Defendants respectfully request the Court to deny Plaintiffs'

4 Motion for Summary Judgment, deny Plaintiffs' Motion for Sanctions, and grant summary judgment

5 in Defendants' favor.

6 Dated: December 14, 2007                               Respectfully submitted,

7

8                                         SCOTT N. SCHOOLS
                                        United States Attorney

9

10                                            /s/
                                      MELANIE L. PROCTOR
                                      Assistant United States Attorney

11                                       Attorneys for Defendants

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27     [3]Plaintiffs apparently do not contest Defendants' argument that Secretary Rice is entitled to summary judgment as a matter of law. See Defendants' Motion, pp. 6-7; Plaintiffs' Opposition,

28 pp. 1-6. Plaintiffs also do not appear to contest Defendants' argument that the Court cannot compel issuance of travel documents. Plaintiffs' Opposition pp. 1-6.

1  JUSTIN X. WANG (CSB #166183)
   PEGGY A. SHIH (CSB#197545)
2  **BAUGHMAN & WANG**
   111 Pine Street, Suite 1350
3  San Francisco, California 94111
   Telephone: (415) 576-9923
4  Facsimile: (415) 576-9929

5  Attorneys for Plaintiffs

6              **UNITED STATES DISTRICT COURT**

7             **NORTHERN DISTRICT OF CALIFORNIA**

8                 **SAN FRANCISCO DIVISION**

9
   Yuzhen OU; Shiwang YANG;          )    Case No.: C 07-3676 MMC
10 Huimin YANG                        )
                                       )
11                    Plaintiffs,     )
                                       )    **PLAINTIFFS' REPLY TO DEFENDANTS'**
12 vs.                                )    **OPPOSITION; OPPOSITION TO**
                                       )    **DEFENDANTS' CROSS MOTION FOR**
13                                     )    **SUMMARY JUDGMENT**
   MICHAEL CHERTOFF, Secretary of the )
14 Department of Homeland Security;   )    District Judge: Honorable Maxine M. Chesney
   CONDOLEEZZA RICE, Secretary,      )    Date: January 18, 2008
15 Department of State,               )    Time: 9:00 a.m.
                                       )
16                    Defendants.      )
                                       )
17

18                        **I.    INTRODUCTION**

19
        Plaintiffs through undersigned counsel, file this reply to Defendants opposition and cross-
20
   motion for summary judgement pursuant to Rule 56(c) of the Federal Rule of Civil Procedure. In
21
   its Motion to Defendants asserts that venue is improper in this District. Plaintiffs maintain that
22
   venue is proper in this District. Furthermore, Defendants have unreasonably delayed the
23
   processing Form I-730, including the issuance of appropriate travel documents to Plaintiff's
24
   husband, Shiwang Yang and daughter, Huimin Yang. Defendants are in violation of the APA and
25
   Mandamus Act, are unlawfully withholding and unreasonably delaying action on Plaintiffs' I-730
26
   petitions and have failed to carry out the adjudicative functions delegated to them to law.
27

28

## II.    MEMORANDUM OF POINTS AND AUTHORITIES

## ARGUMENT

### A.    VENUE IS PROPER

Plaintiffs assert that venue is proper under 28 U.S.C. § 1391(e)(3). However, in the

Defendants' Opposition and Motion, the Defendants assert that venue in this case is improper in

the Northern District of California because Plaintiffs are not citizens of the United States, none of

the events at issue took place in this district, and neither Defendant resides here.  Defendants'

Opposition and Motion, p. 5.  However, Defendants have overlooked one of the most fundamental

rights granted to immigrants who have been granted permanent residency in the United States.

Defendants completely disregarded the fact that Plaintiff Ou is a permanent resident, and as such

is granted certain rights and freedoms—one of which is the ability to satisfy the residency

requirement under 28 U.S.C. § 1391(e)(3).

Courts have consistently recognized that a permanent resident in the United States can be

used for venue purposes.  The Defendants have cited a number of cases, which provide the

overarching rule that aliens have no residence in the United States for venue purposes.  However,

these cases provide no assistance because they all deal with individuals and/or corporations that

enjoy no legal permanent residence in the United States. *Brunette Machine Works, LTD. v.*

*Kockum Industries, Inc.,* 406 U.S. 706 (1972) (suit against an alien defendant, an incorporated

business in British Columbia); *Williams v. United States*, 704 F.2d 1222, 1225 (11th Cir. 1983)

(suit against an alien defendant, a citizen of the United Kingdom with a visa that allows her to

visit the United states); *Fliefel v. Vessa*, 503 F. Supp. 129, 130 (W.D. Va. 1980) (failed to identify

the legal status of the alien, merely asserted that the alien is a citizen of Lebanon); *Prudencio v.*

*Hanselmann,* 178 F. Supp. 887 (D.Minn. 1959) (failed to identify the legal status of the alien,

merely asserted that the alien is a citizen of Bolivia). *Miller v. Albright*, 523 U.S. 420, 427 (1998)

1    (venue no longer satisfied upon dismissal of the alien's United States citizen father, because the

2    alien was a citizen of the Philippines with no legal status in the United States); *Rogers v. Bellei*,

3    401 U.S. 815, 819 (1971) (plaintiff became an alien upon losing his United States citizenship

4    pursuant to § 301(b), and as such did not have legal status in the United States). Defendants

5    clearly misunderstand the crux of 'permanent resident' and the effect it has on residence for venue

6

7    purposes.

8        The decisions and reasoning in the cases provided by Defendants were carefully limited to

9    a suit brought by or against an alien who does not enjoy legal permanent residence in the United

10   States. Courts have consistently recognized that a permanent resident residence in the United

11   States can be used for venue purposes. The court in *Gelin v. Ashcroft*, No. 3:02CV1857(PCD),

12   2003 WL 23515993, at * 2 (D. Conn. Jan. 13, 2003), provided that a lawful permanent resident

13   may bring an action in the district in which he resides. The court in *Abusadeh v. Chertoff*, No. 05-

14   2014(CKK), 2007 WL 2111036, at * 5 (D.D.C. July 23, 2007), asserted that venue in Southern

15   District of Texas is clearly proper because plaintiff, a lawful permanent resident, resides there.

16   Basically, lawful permanent resident aliens are entitled to the same constitutional protections of

17   due process and rights as are accorded to United States citizens. *Hellenic Lines Ltd. v. Rhoditis*,

18

19   398 U.S. 306, 309 (1970). Because Plaintiffs are lawful permanent resident aliens, Plaintiff Ou's

20   residence can be used to establish proper venue.

21

22       Upon a complete and comprehensive research of the issue in question, it is evident that a

23   lawful permanent resident residence can be used to establish proper venue. Plaintiffs provided

24   Defendants with an opportunity to reconsider their position concerning this issue. **(EXHIBIT A)**.

25   Despite this opportunity, Defendants continue to assert that venue is improper in the Northern

26   District of California because Plaintiffs are not citizens of the United States. Defendants

27   argument is clearly without merit and could be subject to sanctions. An attorney has a duty to

28

---

Case No.: C07-3676 MMC
PLAINTIFFS' REPLY                        3            F:\Dimitra\Immigration\Mandamus\OU, Yuzhen\reply.wpd

1    refuse to sign and file a motion that is frivolous because it is not well-ground in existing law.

2    *Monterey Dev. Corp. v. Lawyer's Title Ins. Corp.*, 4 F3d 605 (1993) (where reasonable

3    investigation would have shown that case law upon which plaintiff's attorney relied did not

4

5    support his theory, district court did not abuse its discretion in imposing a sanction violation);

6    *Johnson v. Tower Air, Inc.* 149 FRD 461 (1993) (where plaintiff's attorney filed frivolous without

7    first making reasonable inquire into basis for claim, and although defendants' attorney warned

8    him that claim was baseless and likely to be subject to sanctions, plaintiff's attorney failed to take

9    appropriate action and sanctions were imposed). In order to assess whether a motion is frivolous,

10

11   the court will typically examine what 'reasonable inquiry' the attorney or party made before

12   signing and filing the document. The inquiry must be objectively reasonable for a competent

13   attorney under the circumstances at the time the motion was filed. The Court should consider all

14   circumstances bearing on the reasonableness of the attorney's conduct; such circumstances may

15   include the attorney's experience and past performance, the general standard of conduct of the bar

16   and whether the attorney's actions were the result of neglect, incompetence, willfulness or

17

18   deliberate choice. Rule Civ. Proc., Rule 11.01 et seq. *Hooker v. Sundquist*, 107 S.W.3d 532, 536

19   (2002). In light of the clear authority on this issue and Defendants opportunity to reconsider,

20   Defendants argument should be considered frivolous.

21   B.    DELAY IS UNREASONABLE

22         The Defendants have unreasonably delayed action here. The Defendants have pointed to

23   the six-part TRAC test that the Ninth Circuit has adopted. *Telecomm. Research and Action Ctr. v.*

24   *FCC*, 750 F.2d 70, 80, (D.C. Cir. 1984). The Defendants have focused on the fourth factor, which

25   provides "the court should consider the effect of expediting delayed action on agency activities of

26   a higher or competing priority." *Id.* This factor directs the court to consider the effect of

27   expediting delayed action on agency activities of a higher or competing priority. Here,

28

---

Case No.: C07-3676 MMC
PLAINTIFFS' REPLY                         4              F:\Dimitra\Immigration\Mandamus\OU, Yuzhen\reply.wpd

1    Defendants assert that the delay in processing is due to the lack of resources and inability to hire

2    replacement investigators. Furthermore, Defendants provide that the Plaintiffs case is following

3    the normal processing time. Conversely, the Defendants argue that permitting Plaintiffs to jump

4    ahead in the "first-in, first-served" process will only delay other applications. However, the Court

5    in *Dong v. Chertoff*, recently asserted that it "is not in a position to relieve the Defendants of their

6    obligations to comply with their mandatory duties." *Dong*, 2007 WL 2601107, at *11 (N.D. Cal.

7    Sept. 6, 2007) ("[I]t is not the place of the judicial branch to weigh plaintiff's clear right to

8    administrative action against the agency's burden in complying."). *Liang v. Chertoff*, 2007 WL

9    3225441, at *6 (N.D. Cal. October, 30, 2007) ("the executive branch must decide for itself how

10    best to meet its statutory duties; this Court can only decide whether or not those duties have been

11

12    met"). In another recent case before this district, the Court stated, "[t]his court appreciates the

13    administrative burden faced by defendants, but it does not find that assertions of overwork alone

14    are sufficient to justify substantial delays." *Wang v. Gonzales*, 2007 WL 2972917, at * 6 (N.D.

15    Cal., October 10, 2007).

16

17    Absent the Court's order, the applications are likely to continue pending indefinitely. For

18    more than 20 months since the approval of the I-730 petitions, Plaintiff Ou has been unable to be

19    reunited with her husband and daughter. Her family still remains in China due to the pendency of

20    the I-730 petitions, with the delay continuing for at least another 18 months or more. The

21    Defendants, in violation of the APA and Mandamus Act, are unlawfully withholding and

22    unreasonably delaying action on Plaintiffs' I-730 petitions and have failed to carry out the

23    adjudicative functions delegated to them by law.

24

25

26    **III.    CONCLUSION**

27    For the foregoing reasons, and those stated in Plaintiffs' Motion, Plaintiffs respectfully ask

28    the Court to deny Defendants motion for summary judgment, and grant summary judgment in

1  favor of the Plaintiffs.  Plaintiffs can establish venue and establish prima facie eligibility for

2  mandamus relief because they have a clear right to compel Defendants to perform their duty to act

3  upon their applications and no other remedy is available.  In addition, we respectfully ask the

4  Court to impose sanctions against Defendants based on their frivolous venue argument.

5

6

7

8  Dated: December 7, 2007                                    Respectfully submitted,

9                                                             Justin X. Wang, Esq.

10                                                            Attorney for Plaintiffs

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28



**From:** Justin X. Wang (justin@lawbw.com)
**To:** Melanie Proctor
**Date:** Monday, December 3, 2007 2:09:53 PM
**Subject:** Fw: Activity in Case 3:07-cv-03676-MMC Ou et al v. Chertoff et al Motion for Summary Judgment

Melanie: Ou is a permanent resident of the US and she lives here. Are you serious that her residency in this district is and cannot be based on for her action in this district? Your motion on the venue issue is based on cases where plaintiffs were not legal permanent residents of this country. Please let me know your thoughts on this.

Justin X. Wang
Baughman & Wang
Attorneys at Law
111 Pine Street, Suite 1350
San Francisco, CA 94111
Tel. (415)576-9923
Fax (415)576-9929


----- Forwarded Message ----
**From:** "ECF-CAND@cand.uscourts.gov" <ECF-CAND@cand.uscourts.gov>
**To:** efiling@cand.uscourts.gov
**Sent:** Friday, November 30, 2007 11:32:07 AM
**Subject:** Activity in Case 3:07-cv-03676-MMC Ou et al v. Chertoff et al Motion for Summary Judgment

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* You may view the filed documents once without charge. To avoid later charges, download a copy of each document during this first viewing.**

U.S. District Court
Northern District of California
**Notice of Electronic Filing or Other Case Activity**

---

NOTE: Please read this entire notice before calling the Help Desk. If you have questions, please email the Help Desk by replying to this message; include your question or comment along with the original text.

Please note that these Notices are sent for all cases in the system when any case activity occurs, regardless of whether the case is designated for e-filing or not, or whether the activity is the filing of an electronic document or not.

If there are **two** hyperlinks below, the first will lead to the docket and the second will lead to an e-filed document.
*If there is no second hyperlink, there is no electronic document available.*
See the FAQ posting 'I have a Notice of Electronic Filing that was e-mailed to me but there's no hyperlink...' on the ECF home page at https://ecf.cand.uscourts.gov for more information.

---

The following transaction was received from by Proctor, Melanie entered on 11/30/2007 11:32 AM PST and filed on 11/30/2007

**Case Name:**          Ou et al v. Chertoff et al
**Case Number:**     3:07-cv-3676
**Filer:**                  Michael Chertoff
                             Condoleezza Rice
**Document Number:** 14

**Docket Text:**
Cross MOTION for Summary Judgment *and Opposition to Plaintiffs' Motion for Summary Judgment* filed by Michael Chertoff, Condoleezza Rice. Motion Hearing set for 1/11/2007 09:00 AM in Courtroom 7, 19th Floor, San Francisco. (Attachments: # (1) Affidavit)(Proctor, Melanie) (Filed on 11/30/2007)

**3:07-cv-3676 Notice has been electronically mailed to:**

Melanie Lea Proctor     Melanie.Proctor@usdoj.gov, tiffani.chiu@usdoj.gov

Justin X. Wang     justin@lawbw.com, joanna@lawbw.com, ling@lawbw.com, peggy@lawbw.com

**3:07-cv-3676 Notice has been delivered by other means to:**

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**N:\mproctor2\Cases\Ou\Ou MSJ.pdf
**Electronic document Stamp:**
[STAMP CANDStamp_ID=977336130 [Date=11/30/2007] [FileNumber=3951960-0]
[9a378192a8a01b74a416e6f1e243b8975e804504a11ec1cf9a0ad27979123638d12d
1774cf7d08c93b44a34e6233e5b203d2509ec50a929b21561c877312c710]]
**Document description:**Affidavit
**Original filename:**N:\mproctor2\Cases\Ou\Wong Declaration.pdf
**Electronic document Stamp:**
[STAMP CANDStamp_ID=977336130 [Date=11/30/2007] [FileNumber=3951960-1]
[2f33bc275f2b1e804ca2fe22fcef1f71219c3162acb9975490e849d36cc60691d1d7
d9565ff2308049dec86225975ceae075571ecc12c2f298a5c64958a55c31]]

**From:** Proctor, Melanie (USACAN) (Melanie.Proctor@usdoj.gov)
**To:** Justin X. Wang
**Date:** Monday, December 3, 2007 4:43:41 PM
**Subject:** RE: Ou, 07-3676

Mr. Wang,

I believe my thoughts on the issue are adequately expressed in the motion.

Sincerely,
Melanie Proctor

---

**From:** Justin X. Wang [mailto:justin@lawbw.com]
**Sent:** Monday, December 03, 2007 3:33 PM
**To:** Proctor, Melanie (USACAN)
**Subject:** Re: Ou, 07-3676

are you looking into my email about venue issue?

Justin X. Wang
Baughman & Wang
Attorneys at Law
111 Pine Street, Suite 1350
San Francisco, CA 94111
Tel. (415)576-9923
Fax (415)576-9929

----- Original Message ----
From: "Proctor, Melanie (USACAN)" <Melanie.Proctor@usdoj.gov>
To: Justin X. Wang <justin@lawbw.com>
Sent: Monday, December 3, 2007 2:34:48 PM
Subject: RE: Ou, 07-3676

I'm attaching proposed stipulation.

---

**From:** Justin X. Wang [mailto:justin@lawbw.com]
**Sent:** Monday, December 03, 2007 12:05 PM
**To:** Proctor, Melanie (USACAN)
**Subject:** Re: Ou, 07-3676

do you want to ask to waive oral argument and under submission?

Justin X. Wang
Baughman & Wang
Attorneys at Law
111 Pine Street, Suite 1350
San Francisco, CA 94111
Tel. (415)576-9923
Fax (415)576-9929

----- Original Message ----

From: "Proctor, Melanie (USACAN)" <Melanie.Proctor@usdoj.gov>
To: Justin X. Wang <justin@lawbw.com>
Sent: Monday, December 3, 2007 11:38:27 AM
Subject: RE: Ou, 07-3676

Thanks. I'll file an ex parte motion. I'm out of town 1/25, so I'll mention that unavailability in the motion to make sure it doesn't get scheduled for that date instead.

---

**From:** Justin X. Wang [mailto:justin@lawbw.com]
**Sent:** Monday, December 03, 2007 11:36 AM
**To:** Proctor, Melanie (USACAN)
**Subject:** Re: Ou, 07-3676

1/18/08 will be fine.

Justin X. Wang
Baughman & Wang
Attorneys at Law
111 Pine Street, Suite 1350
San Francisco, CA 94111
Tel. (415)576-9923
Fax (415)576-9929


----- Original Message ----
From: "Proctor, Melanie (USACAN)" <Melanie.Proctor@usdoj.gov>
To: Justin X. Wang <justin@lawbw.com>
Sent: Monday, December 3, 2007 11:25:51 AM
Subject: RE: Ou, 07-3676

Hi Justin,

I just learned that I will be in DC on January 11, the date the motions are to be heard. Are you available on January 18 or February 1?

Thanks,
Melanie

---

**From:** Justin X. Wang [mailto:justin@lawbw.com]
**Sent:** Wednesday, October 31, 2007 2:38 PM
**To:** Proctor, Melanie (USACAN)
**Subject:** Re: Ou, 07-3676

I wonder if you have any update from CIS on Ou's interview date.

Justin X. Wang
Baughman & Wang
Attorneys at Law
111 Pine Street, Suite 1350
San Francisco, CA 94111
Tel. (415)576-9923
Fax (415)576-9929


----- Original Message ----

Print

Case 1:08-cv-00463-RJL    Document 1-3    Filed 03/18/2008    Page 31 of 98
Case 3:07-cv-03676-MMC    Document 17    Filed 12/07/2007    Page 12 of 12    Page 3 of 3

From: "Proctor, Melanie (USACAN)" <Melanie.Proctor@usdoj.gov>
To: justin@lawbw.com
Sent: Friday, October 26, 2007 11:08:21 AM
Subject: Ou, 07-3676

Mr. Wang,

Pursuant to the CMC, I am attaching the declaration of Jackie Wong.

Sincerely,
Melanie Proctor

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Melanie L. Proctor
Assistant U.S. Attorney
Northern District of California
T: (415) 436-6730
F: (415) 436-6927

1   SCOTT N. SCHOOLS (SC 9990)
    United States Attorney
2   JOANN M. SWANSON (CSBN 88143)
    Chief, Civil Division
3   MELANIE L. PROCTOR (CSBN 228971)
    Melanie.Proctor@usdoj.gov
4   Assistant United States Attorney

5       450 Golden Gate Avenue, Box 36055
        San Francisco, California 94102-3495
6       Telephone: (415) 436-6730
        FAX: (415) 436-6927
7
    Attorneys for Defendants
8
                    UNITED STATES DISTRICT COURT
9
                  NORTHERN DISTRICT OF CALIFORNIA
10
                       SAN FRANCISCO DIVISION
11
    YUZHEN OU, et al,                     )   No. C07-3676 MMC
12                                        )
                        Plaintiffs,       )
13                                        )
                                          )
14           v.                           )
                                          )   STIPULATION TO SUBMISSION ON
15  MICHAEL CHERTOFF, Secretary,          )   THE BRIEFS OR RESCHEDULING OF
    Department of Homeland Security;      )   HEARING; ~~PROPOSED~~ ORDER
16  CONDOLEEZZA RICE, Secretary,          )
    Department of State,                  )
17                                        )
                        Defendants.       )
18  _____)

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

    STIPULATION
    C 07-3676 MMC

1    The parties' cross motions for summary judgment are scheduled to be heard on

2  January 11, 2008. Defendants' counsel will be in Washington, D.C. on that date, and thus is unable

3  to attend the hearing; she is similarly unavailable on January 25, 2008. The parties agree that this

4  case is suitable for decision on the briefs.  Alternatively, the parties request the hearing to be

5  rescheduled to January 18, 2008, at 9:00 a.m.

6  Dated: December 3, 2007                              Respectfully submitted,

7                                                       SCOTT N. SCHOOLS
                                                        United States Attorney
8

9                                                       _____/s/_____
10                                                      MELANIE L. PROCTOR
                                                        Assistant United States Attorney
11                                                      Attorneys for Defendants

12 Dated: December 3, 2007                              _____/s/_____
13                                                      JUSTIN WANG
                                                        Attorney for Plaintiffs
14

15                            ~~PROPOSED ORDER~~

16     ~~Pursuant to stipulation, the case shall be submitted on the briefs.  The January 11, 2008~~

17 ~~hearing date is hereby VACATED.  IT IS SO ORDERED.~~

18

19 ~~Dated: _____, 2007~~

20                                                      ~~MAXINE M. CHESNEY~~
                                                        ~~United States District Judge~~

21                      ~~ALTERNATIVE PROPOSED~~ ORDER

22     The January 11, 2008 hearing is hereby rescheduled to January 18, 2008, at 9:00 a.m.

23 IT IS SO ORDERED.

24 Dated: December 4, 2007

25                                                      MAXINE M. CHESNEY
                                                        United States District Judge
26

27

28

STIPULATION
C 07-3676 MMC                        2

1   SCOTT N. SCHOOLS (SC 9990)
    United States Attorney
2   JOANN M. SWANSON (CSBN 88143)
    Chief, Civil Division
3   MELANIE L. PROCTOR (CSBN 228971)
    Melanie.Proctor@usdoj.gov
4   Assistant United States Attorney

5       450 Golden Gate Avenue, Box 36055
        San Francisco, California 94102-3495
6       Telephone: (415) 436-6730
        FAX: (415) 436-6927
7
    Attorneys for Defendants
8
                    UNITED STATES DISTRICT COURT
9
                  NORTHERN DISTRICT OF CALIFORNIA
10
                      SAN FRANCISCO DIVISION
11
    YUZHEN OU, et al,                    )    No. C07-3676 MMC
12                                       )
                        Plaintiffs,      )
13                                       )
                                         )
14        v.                             )
                                         )    STIPULATION TO SUBMISSION ON
15  MICHAEL CHERTOFF, Secretary,         )    THE BRIEFS OR RESCHEDULING OF
    Department of Homeland Security;     )    HEARING; PROPOSED ORDER
16  CONDOLEEZZA RICE, Secretary,         )
    Department of State,                 )
17                                       )
                        Defendants.      )
18  _____ )

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

    STIPULATION
    C 07-3676 MMC

1    The parties' cross motions for summary judgment are scheduled to be heard on

2    January 11, 2008. Defendants' counsel will be in Washington, D.C. on that date, and thus is unable

3    to attend the hearing; she is similarly unavailable on January 25, 2008. The parties agree that this

4    case is suitable for decision on the briefs. Alternatively, the parties request the hearing to be

5    rescheduled to January 18, 2008, at 9:00 a.m..

6    Dated: December 3, 2007                          Respectfully submitted,

7                                                     SCOTT N. SCHOOLS
8                                                     United States Attorney

9                                                     _____/s/_____
                                                      MELANIE L. PROCTOR[1]
10                                                    Assistant United States Attorney
                                                      Attorneys for Defendants
11

12
     Dated: December 3, 2007                          _____/s/_____
13                                                    JUSTIN WANG
                                                      Attorney for Plaintiffs
14

15                          **PROPOSED ORDER**

16    Pursuant to stipulation, the case shall be submitted on the briefs.  The January 11, 2008

17   hearing date is hereby VACATED.  IT IS SO ORDERED.

18

19   Dated: _____, 2007              _____

20                                                    MAXINE M. CHESNEY
                                                      United States District Judge

21                    **ALTERNATIVE PROPOSED ORDER**

22    The January 11, 2008 hearing is hereby rescheduled to January 18, 2008, at 9:00 a.m..  IT

23   IS SO ORDERED.

24   Dated: _____, 2007              _____

25                                                    MAXINE M. CHESNEY
                                                      United States District Judge

26

27   _____

28    [1]I, Melanie L. Proctor, hereby attest that I have on file all holograph signatures for any
     signatures indicated by a "conformed" signature (/S/) within this efiled document.

     STIPULATION
     C 07-3676 MMC                        2

1  SCOTT N. SCHOOLS (SC 9990)
   United States Attorney
2  JOANN M. SWANSON (CSBN 88143)
   Chief, Civil Division
3  MELANIE L. PROCTOR (CSBN 228971)
   Melanie.Proctor@usdoj.gov
4  Assistant United States Attorney

5      450 Golden Gate Avenue, Box 36055
       San Francisco, California 94102-3495
6      Telephone: (415) 436-6730
       FAX: (415) 436-6927
7
   Attorneys for Defendants
8
                    UNITED STATES DISTRICT COURT
9
                  NORTHERN DISTRICT OF CALIFORNIA
10
                      SAN FRANCISCO DIVISION
11
   YUZHEN OU, SHIWANG YANG,        )    No. C07-3676 MMC
12 HIUMIN YANG                     )
                                   )
13                Plaintiffs,      )
                                   )
14        v.                       )    DEFENDANTS' OPPOSITION TO
                                   )    PLAINTIFFS' MOTION FOR SUMMARY
15 MICHAEL CHERTOFF, Secretary,    )    JUDGMENT AND CROSS-MOTION FOR
   Department of Homeland Security;)    SUMMARY JUDGMENT
16 CONDOLEEZZA RICE, Secretary,    )
   Department of State,            )    Date:  January 11, 2008
17                                 )    Time:  9:00 a.m.
                  Defendants.      )    Court: 7, 19th Floor
18 _____)

19                      **I. NOTICE OF MOTION**

20       PLEASE TAKE NOTICE THAT on January 11, 2008, at 9:00 a.m., before the Honorable

21 Maxine M. Chesney, Courtroom No. 7, 450 Golden Gate Avenue, San Francisco, California, 94102,

22 Defendants Michael Chertoff, et al., by their attorneys, Scott N. Schools, United States Attorney for

23 the Northern District of California, and Melanie L. Proctor, Assistant U.S. Attorney, will move this

24 Court for an order granting summary judgment in Defendants' favor. Defendants' Motion is based

25 on this notice, the points and authorities in support of this motion, the declaration of Jackie Wang,

26 the pleadings on file in this matter, and on such oral argument as the Court may permit.

27 ///

28 ///

## II.    INTRODUCTION

Plaintiff Yuzhen Ou asks the Court to require Defendants to expeditiously process Plaintiffs' immigrant visa petitions, and issue travel documents for her husband and daughter. They posit that because processing has taken longer than they would like, their petitions have been unreasonably delayed. However, Defendants contend that venue is improper in this District. Even if venue were proper, Plaintiffs' petitions are being processed in accordance with normal processing. Furthermore, mandamus cannot be used to instruct an official how to exercise discretion. Accordingly, Plaintiffs' claims fail, and Defendants are entitled to judgment in their favor as a matter of law.

## III.    FACTS

On September 12, 2005, Plaintiff filed two Refugee/Asylee Relative Petitions, Form I-730, with the USCIS Nebraska Service Center, on behalf of her husband and daughter. Complaint, p. 1 ¶ 2. On March 22, 2006, USCIS approved the petitions. Id., Exh. 1. In September 2006, the Guangzhou Office of U.S. Citizenship and Immigration Services ("USCIS") received the approved petitions, where they are in queue for regular processing. See Declaration of Jackie Wong ("Wong Decl."), p. 3 ¶ 17.

## IV.    GENERAL PRINCIPLES APPLICABLE TO THIS MOTION

A.    LEGAL STANDARD

Summary judgment is appropriate when the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). An issue is genuine only if there is sufficient evidence for a reasonable fact finder to find for the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986). A fact is material if the fact may affect the outcome of the case. See id. at 248. The Ninth Circuit has declared that "[i]n considering a motion for summary judgment, the court may not weigh the evidence or make credibility determinations, and is required to draw all inferences in a light most favorable to the non-moving party." Freeman v. Arpaio, 125 F.3d 732, 735 (9th Cir. 1997). A principal purpose of the summary judgment procedure is to identify and dispose of factually unsupported claims. See Celotex Corp. v. Cattrett, 477 U.S. 317, 323-24 (1986).

B.    RELIEF AVAILABLE UNDER THE ADMINISTRATIVE PROCEDURE ACT
AND THE MANDAMUS ACT

Under the Administrative Procedure Act ("APA"), 5 U.S.C. § 701, et seq., a court may compel "agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1). The elements of a claim under § 706(1) are the existence of a discrete, ministerial duty; a delay in carrying out that duty; and a determination that the delay was unlawful or unreasonable in light of prejudice to one of the parties. Norton v. Southern Utah Wilderness Alliance, 542 U.S. 55 (2004); Rockbridge v. Lincoln, 449 F.2d 567, 569-73 (9th Cir. 1971). Judicial review under the Administrative Procedure Act, 5 U.S.C. § 701 ("APA"), et seq., is specifically precluded where "agency action is committed to agency discretion by law." 5 U.S.C. § 701(a)(2).

The APA does not provide an independent jurisdictional basis. Califano v. Sanders, 430 U.S. 99, 107 (1977); Staacke v. U.S. Department of Labor, 841 F.2d 278, 282 (9th Cir. 1988). Rather, it merely provides the standards for reviewing agency action once jurisdiction is otherwise established. Staacke, 841 F.2d at 282. Similarly, the Declaratory Judgment Act, 28 U.S.C. § 2201 ("DJA"), does not provide an independent basis for jurisdiction; rather, it only expands the range of remedies available in federal courts. Skelly Oil Co. v. Phillips Petroleum Co., 339 U.S. 667, 671-72 (1950).

Mandamus is an extraordinary remedy. See Cheney v. United States District Court for the District of Columbia, 542 U.S. 367, 392 (2004) (Stevens, J., concurring); Allied Chemical Corp. v. Daiflon, Inc., 449 U.S. 33, 34 (1980). The United States Supreme Court has stated that "[t]he common law writ of mandamus is intended to provide a remedy for a plaintiff only if . . . the defendant owes him a clear nondiscretionary duty." Heckler v. Ringer, 466 U.S. 602, 616 (1984). The Ninth Circuit has explained that

> [m]andamus . . . is available to compel a federal official to perform a duty only if: (1) the individual's claim is clear and certain; (2) the official's duty is nondiscretionary, ministerial, and so plainly prescribed as to be free from doubt, and (3) no other adequate remedy is available.

Kildare v. Saenz, 325 F.3d 1078, 1084 (9th Cir. 2003). Mandamus may not be used to instruct an official how to exercise discretion. Wilmot v. Doyle, 403 F.2d 811, 816 (9th Cir. 1968).

1    C.    FOLLOWING-TO-JOIN BENEFITS

2         Under 8 U.S.C. § 1158(b)(3)(A), an alien who is granted asylum may file a Form I-730

3    petition to accord his spouse and children the same status as the alien "if accompanying, or

4    following to join, such alien." 8 U.S.C. § 1158(b)(3)(A). To apply for following-to-join benefits,

5    the asylee must file a Form I-730, Refugee/Asylee Relative Petition, with the designated USCIS

6    office. The burden is on the asylee to establish by a preponderance of the evidence that the person

7    for whom she is petitioning is an eligible spouse or child. See 8 C.F.R. § 208.21(f). The asylee

8    must file a separate Form I-730 for each qualifying family member, "setting forth the full name,

9    relationship, date and place of birth, and current location of each such person," and include a recent

10   photograph of each person.    8 C.F.R. § 208.21(d). To establish the claimed relationship for a

11   spouse or child as defined under 8 U.S.C. §§ 1101(a)(35) and 1101(b)(1), "[e]vidence must be

12   submitted with the request as set forth in part 204 of this chapter." Id.

13        If approved by USCIS, and the spouse or child is outside the United States, the approved

14   Form I-730 is then sent to the National Visa Center, Department of State, for forwarding to the

15   American Embassy or Consulate having jurisdiction over the area in which the refugee's spouse or

16   children are located. See 8 C.F.R. § 208.21(d). The Foreign Affairs Manual ("FAM") provides

17   guidelines to consular officers who are delegated authority to prepare the travel packet for derivative

18   asylees. However, in countries with a permanent USCIS office, USCIS officers interview the I-730

19   beneficiaries. 9 FAM Appx. O, § 1202(a). Upon receipt of an approved I-730, the officer must

20   contact the beneficiary and schedule an interview. 9 FAM Appx. O, § 1202; Wong Decl., p. 2

21   ¶¶ 13-14. The officer must interview the beneficiary to verify identity and relationship to the

22   petitioner, and determine whether any bars to status exist. 9 FAM Appx. O, § 1207.1-1207.2. The

23   decision to issue a travel packet to the beneficiary of an approved I-730 is wholly discretionary.

24   8 U.S.C. § 1158(b)(3); 9 FAM Appx. O, § 1200(b).

25                                **IV.    ANALYSIS**

26   A.    VENUE IS IMPROPER

27        In their Answer, Defendants denied that venue is proper in this District. Proper venue is

28   prescribed at 28 U.S.C. § 1391(e), which reads as follows in pertinent part:

1   A civil action in which a defendant is an officer or employee of the United States or
    any agency thereof acting in his official capacity or under color of legal authority,
2   or an agency of the United States, or the United States, may, except as otherwise
    provided by law, be brought in any judicial district in which (1) a defendant in the
3   action resides, (2) a substantial part of the events or omissions giving rise to the
    claim occurred, or a substantial part of the property that is the subject of the action
4   is situated, or (3) the plaintiff resides if no real property is involved in the action.

5   28 U.S.C. § 1391(e) (emphasis added). As explained below, because Plaintiffs are not citizens of

6   the United States, none of the events at issue took place in this district, and neither Defendant resides

7   here, there is no basis for venue in the Northern District of California.

8                    1.      An Alien's Residence May Not Be Used to Establish Proper Venue

9           Plaintiffs state in their Complaint that venue is proper in this judicial district because Plaintiff

10  Ou resides in this judicial district.  Complaint, p. 2, ¶ 6.  Plaintiff Ou's residence appears to be in

11  San Francisco, which is in this judicial district.  However, Plaintiff is not a citizen of the United

12  States.  Courts have consistently recognized that an alien's residence in the United States cannot be

13  used for venue purposes. See Brunette Machine Works, LTD. v. Kockum Industries, Inc., 406 U.S.

14  706, 714 (1972) ("suits against aliens are wholly outside the operation of all the federal venue

15  laws"); Galveston, Harrisburg and San Antonio Railway Co. v. Gonzales, 151 U.S. 496 (1894)

16  (diversity); Williams v. United States, 704 F.2d 1222, 1225 (11th Cir. 1983); Fleifel v. Vessa, 503

17  F. Supp. 129, 130 (W.D. Va. 1980) ("an alien has no residence in the United States for venue

18  purposes"); Prudencio v. Hanselmann, 178 F. Supp. 887 (D. Minn. 1959); 6A WEST'S FEDERAL

19  PRACTICE MANUAL § 7446.

20          Notably, Congress has provided that in certain cases, an alien may base venue on his or her

21  residence.  See 8 U.S.C. §§ 1252(b)(5)(B), 1324b(j)(1), 1447(b), 1421(c), 1503(a).  There are no

22  such provisions in the statutes at hand.  See 5 U.S.C. § 701; 28 U.S.C. §§ 1331, 1361.  As such,

23  Plaintiff Ou cannot rely on her residence for venue purposes. Miller v. Albright, 523 U.S. 420, 427

24  (1998) (noting that once the alien's United States citizen father was dismissed from the action, venue

25  in Texas was improper, and case was transferred to the District Court for the District of Columbia,

26  the site of the Secretary's residence); Rogers v. Bellei, 401 U.S. 815, 820 (1971) (noting that in

27  action filed by alien, under 28 U.S.C. § 1391(e), New York venue was improper); Fleifel v. Vessa,

28  503 F. Supp. 129, 130 (W.D. Va. 1980) ("an alien has no residence in the United States for venue

purposes"). Because Plaintiffs are aliens, Complaint, p. 1, ¶ 2, Plaintiff Ou's residence cannot be used to establish proper venue.

2.    No Acts or Omissions Occurred In This District

Plaintiffs have failed to identify any non-self generating event that occurred in this district. Plaintiff Ou filed the petitions at issue with the Nebraska Service Center. Complaint, Exh. 1. The Nebraska Service Center is located in Lincoln, Nebraska, and thus, is not in this District. Moreover, the actions Plaintiffs seek to compel is in China. Accordingly, the alleged acts and omissions giving rise to the claim did not occur in this District.

3.    The Named Defendants Do Not Reside in this Judicial District

Civil actions against officers or employees of the United States, or of any agency thereof, acting in their "official capacity" or "under color of legal authority," may be brought in any district in which the defendant resides. 28 U.S.C. § 1391(e)(1). Generally, for venue purposes, residence of a federal officer is the place where he or she performs his or her official duties. Reuben H. Donnelley Corp. v. FTC, 580 F.2d 264, 267 (7th Cir. 1978).

In the case at hand, Plaintiffs have named two defendants. See Complaint, p. 2 ¶¶ 3-4. Michael Chertoff and Condoleeza Rice perform their official duties in the District of Columbia. Therefore, Defendants' residence lies in the District of Columbia. See, e.g., Franz v. United States, 591 F. Supp. 374, 377 (D.D.C. 1984) (venue for equitable claims asserted against the Attorney General was proper in the District of Columbia). Accordingly, Plaintiffs' complaint should be dismissed for being brought in the improper venue.[1]

B.    PLAINTIFFS FAIL TO STATE A CLAIM AGAINST SECRETARY RICE

In countries with a permanent USCIS office, USCIS officers interview the I-730 beneficiaries. 9 FAM Appx. O, § 1202(a). Here, there is a permanent USCIS office in Ghangzhou. Wong Decl., p. 1 ¶¶ 3-4. Accordingly, the Department of State has no further role in processing the petitions at issue, and Secretary Rice is entitled to summary judgment as a matter of law. See, e.g.,

---

[1] Transfer is appropriate where it is in the interest of justice. 18 U.S.C. § 1406(a). Here, because Plaintiffs' claim of unreasonable delay has no merit, dismissal is appropriate. King v. Russell, 963 F.2d 1301, 1304 (9th Cir. 1992).

Niaz v. Chertoff, No. 07-04030 MMC, slip op. (N.D. Cal. Nov. 29, 2007) (granting Secretary Chertoff's motion for summary judgment where there was "no showing that any step remain[ed] to be taken by the USCIS").

       C      RELIEF IS NOT AVAILABLE UNDER THE APA OR THE MANDAMUS ACT

       1.     The Delay Is Reasonable

Plaintiff Ou asks the Court to compel Defendants to expeditiously process the I-730 petitions she filed on behalf of her husband and daughter. She rests her argument on a single fact: the passage of time. However, "[t]he passage of time alone is rarely enough to justify a court's intervention in the administrative process." Fraga v. Smith, 607 F. Supp. 517, 521 (D. Or. 1985); see also Mashpee Wampanoag Tribal Council, Inc. v. Norton, 336 F.3d 1094, 1102 (D.C. Cir. 2003) (issue of delay "cannot be decided in the abstract, by reference to some number of months or years beyond which agency inaction is presumed to be unlawful . . . .").

As the facts at hand demonstrate, Defendants have not unreasonably delayed action here. To determine whether a delay is unreasonable, numerous courts have adopted the six part test first articulated in Telecomm. Research and Action Ctr. v. FCC, 750 F.2d 70, 80 (D.C. Cir. 1984) ("TRAC"). The six considerations outlined in TRAC include:

> (1) the time agencies take to make decisions must be governed by a rule of reason;
> (2) where Congress has provided a timetable or other indication of the speed with which it expects the agency to proceed in the enabling statute, that statutory scheme may supply content for this rule of reason;
> (3) delays that might be reasonable in the sphere of economic regulations are less tolerable when human health and welfare are at stake;
> (4) the court should consider the effect of expediting delayed action on agency activities of a higher or competing priority;
> (5) the court should also take into account the nature and extent of the interests prejudiced by delay;
> (6) the court need not find any impropriety lurking behind agency lassitude in order to hold that agency action is unreasonably delayed.

750 F.2d at 80.

The court in Sze v. INS, No. C-97-0569-SC, 1997 WL 446236, at *8 (N.D. Cal. Jul. 24, 1997), which applied the TRAC test to a similar complained-of delay in the immigration context, found the fourth factor to be the most persuasive. Id. at *8. The court, in refusing to grant relief under the APA, held that "the reasonableness of administrative delays must be judged in light

DEFENDANTS' OPPOSITION AND MOTION
C 07-3676 MMC       7

1    of the resources available to the agency." Id. The court also recognized that by granting relief, it

2    "would, at best, reorder the queue of applications, thereby leading to little net benefit." Id.; see also

3    Liberty Fund, Inc. v. Chao, 394 F. Supp. 2d 105, 117 (D.D.C. 2005) (Department of Labor's

4    decision to handle applications for permanent labor certifications on a first in, first out basis "is

5    deserving of deference" because any grant of relief to petitioners would result in "no net gain" –

6    petitioners would move to the front of the queue, at the expense of other similarly situated

7    applicants.). Here, Plaintiffs' petitions are similarly in queue for regular processing. Wong Decl.,

8    p. 3 ¶ 17.

9         Plaintiffs rely on a number of inapplicable cases in support of their argument. See Plaintiffs'

10   Motion, p. 6. Each case cited by Plaintiffs examined the issue of unreasonable delay in the context

11   of delayed adjustment of status applications, the adjudication of which was contingent upon

12   completed name checks. Dong v. Chertoff, 2007 WL 2601107, at *1 (N.D. Cal. Sept. 6, 2007);

13   Liang v. Chertoff, 2007 WL 3225441, at *1 (N.D. Cal. Oct. 30, 2007); Gelfer v. Chertoff, 2007 WL

14   902382, at *1 (N.D. Cal. Mar. 22, 2007). Those facts are inapplicable here, where Plaintiffs

15   complain simply that they are tired of waiting behind each and every petitioner who filed an I-730

16   petition ahead of them. Plaintiffs can point to no individuals who filed I-730 petitions after them

17   whose petitions have been adjudicated prior to theirs.

18        The reasoning in Liberty Fund is more applicable to the case at hand. There, the court

19   refused to grant relief where it was requested solely due to the length of the delay in processing alien

20   labor certifications. 394 F. Supp. 2d at 115. Applying the TRAC factors, the court held that without

21   a statutory timetable governing agency action, the TRAC factor, "that weighs most heavily under

22   the circumstances of the case is the fourth factor - the effect of granting relief on the agency's

23   competing priorities." Id. at 116. The court reasoned that the agency's "first in, first out

24   processing" was deserving of deference because any grant of relief to petitioners would result in no

25   net gain - petitioners would move to the front of the queue at the expense of other similarly situated

26   applicants. After examining the agency's priorities, growing workload, and good faith efforts to

27   alleviate the delays, the court concluded that mandamus relief was not warranted. Id. at 119.

28   Similarly, here, compelling the consulate to process Plaintiffs' approved I-730 petitions ahead of

1   the thousands of other petitions in line for processing would unfairly move those petitions ahead of

2   other similarly situated applicants. Wong Decl., p. 3 ¶ 17.

3       Furthermore, as discussed in <u>Liberty Fund</u>, "where resource allocation is the source of the

4   delay, courts have declined to expedite action because of the impact on competing priorities."

5   <u>Liberty Fund</u>, 394 F. Supp. 2d at 117. Here, there is usually a single officer in the USCIS Ganzhou

6   office qualified to conduct interviews on I-730 petitions. Wong Decl., p. 2 ¶ 14.  The applications

7   are adjudicated in the order in which they are received.  <u>Id.</u>, pp. 2-3 ¶¶ 13, 17.  The USCIS

8   Ghangzhou Office predicts that with the current resources available, Plaintiffs' petitions will be

9   processed in approximately one and a half years. <u>Id.</u>, p. 3 ¶ 17. There are currently 1,117 families

10  ahead of Plaintiffs. <u>Id.</u>  Plaintiffs have offered no set of facts justifying moving them to the head

11  of the line.

12      Plaintiffs argue that "Defendants have not proffered any explanation as to why it took 6

13  months for Plaintiffs' case to be forwarded to the USCIS Guangzhou office following approval of

14  the petitions in March 2006." Plaintiffs' Motion, p. 5. To the contrary, Jackie Wong explains that

15  an approved I-730 petition is sent from the Nebraska Service Center to the National Visa Center.

16  Wong Decl., p. 2 ¶ 12.  The National Visa Center then sends the approved petitions to the

17  appropriate consulate.  <u>Id.</u>; 9 FAM Appx. O, § 1200. Such actions cannot be expected to occur

18  instantaneously. Regardless, the petitions are now again with USCIS, and will be processed in

19  accordance with normal procedures. Wong Decl., p. 3 ¶ 17. Plaintiff has failed to establish the

20  existence of unreasonable delay.  Accordingly, relief is not available under the APA. In addition,

21  the extraordinary relief of mandamus is unwarranted. <u>Allied Chemical Corp.</u>, 449 U.S. at 34.

22          D.      THE COURT CANNOT COMPEL ISSUANCE OF TRAVEL DOCUMENTS

23      Neither the Mandamus Act nor the APA allow a court to compel discretionary action.

24  <u>Heckler</u>, 466 U.S. at 616; 5 U.S.C. § 701(a)(2). Here, Plaintiffs ask the Court to compel Defendants

25  to issue travel documents. Complaint, p. 3, Prayer for Relief. However, the decision of whether to

26  issue travel documents is discretionary.  <u>See</u> 8 U.S.C. § 1158(b)(3) ("A spouse or child . . . of an

27  alien who is granted asylum <u>may</u>, if not otherwise eligible for asylum under this section, be granted

28  the same status as the alien if accompanying, or following to join, such alien."); 9 FAM Appx. O,

1  § 1200(b) (the statutory language "makes clear that a spouse or child is not automatically entitled

2  to the same status as the principal applicant, but that the grant of derivative status is discretionary.");

3  see also Pacific Marine Conservation Council, Inc. v. Evans, 200 F. Supp. 2d 1194, 1201 (N.D. Cal.

4  2002) (describing "may" as discretionary language).  Accordingly, the Court cannot compel

5  Defendants to issue travel documents.  Huli v. Way, 393 F. Supp. 2d 266, 270 (S.D.N.Y. 2005)

6  (court lacked jurisdiction to compel approval of I-730 petition).

7                                    **V.    CONCLUSION**

8          For the foregoing reasons, Defendants respectfully request the Court to deny Plaintiffs'

9  Motion for Summary Judgment, and grant summary judgment in their favor.

10  Dated: November 30, 2007                        Respectfully submitted,

11

12                                                  SCOTT N. SCHOOLS
                                                    United States Attorney

13

14                                                        /s/
                                                    MELANIE L. PROCTOR
15                                                  Assistant United States Attorney
                                                    Attorneys for Defendants

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' OPPOSITION AND MOTION
C 07-3676 MMC                            10

1   SCOTT N. SCHOOLS (SC 9990)
    United States Attorney
2   JOANN M. SWANSON (CSBN 88143)
    Chief, Civil Division
3   MELANIE L. PROCTOR (CSBN 228971)
    Melanie.Proctor@usdoj.gov
4   Assistant United States Attorney

5        450 Golden Gate Avenue, Box 36055
         San Francisco, California 94102-3495
6        Telephone: (415) 436-6730
         FAX: (415) 436-6927
7
    Attorneys for Defendants
8
                    UNITED STATES DISTRICT COURT
9
                   NORTHERN DISTRICT OF CALIFORNIA
10
                      SAN FRANCISCO DIVISION
11
    YUZHEN OU,                       )    No. C07-3676 MMC
12                                   )
                     Plaintiff,      )
13                                   )
         v.                          )
14                                   )    DECLARATION OF JACKIE WONG
    MICHAEL CHERTOFF, Secretary,     )
15  Department of Homeland Security; )
    CONDOLEEZA RICE, Secretary,      )
16  Department of State,             )
                                     )
17                   Defendants.     )
                                     )
18  _____)

19        I, Jackie Wong, Officer-in-Charge, U.S. Citizenship and Immigration Services, Guangzhou

20  Office, declare as follows:

21  1.      In March 1999, I joined San Francisco Asylum Office as an asylum officer. My major duty

22  was to conduct asylum interviews.

23  2.      In June 2003, I was promoted as Supervisory Asylum Officer (SAO) in San Francisco

24  Asylum Office. My major duty was to supervise a team of asylum officer.

25  3.      In August 2005, I was promoted as Officer-in-Charge (OIC) for USCIS Guangzhou office.

26  My major duty is to manage the sub-office.

27  4.      The USCIS Guangzhou sub-office provides limited services to the public; its jurisdiction

28  covers these four Chinese southern provinces: Guangdong, Guangxi, Fujian, and Hainan.

    WONG DECLARATION
    07-3676MMC

5.      The USCIS Guangzhou workload includes, but is not limited to, the following: adjudication of I-130, I-360, I-407, I-600A, I-601, I-602 and I-730 applications; answering inquiries from the general public, other government agencies, and members of the congress; and preparing travel packets for I-730 follow-to-join members.

6.      The USCIS Guangzhou has limited resources to meet the challenge of the above mentioned workload. The office was staffed with an assistant officer-in-charge (AOIC) and an adjudication officer (AO) in August 2005.  In June 2006, the AOIC rotated back to the United States, and that position was eliminated due to budget issues. The AO rotated back to the U.S. in July 2006, that position has not yet been filled.

7.      I am the only U.S. officer in the office, along with three local clerical staff, working in USCIS Guangzhou sub-office since August 2006.

8.      In fiscal year 2005, our office received 1,870 I-730 applications, and our office interviewed 2,159 I-730 applications.

9.      In fiscal year 2006, our office received 12,270 I-730 applications, and our office interviewed 2,853 I-730 applications. Increase of receipt is due to the REAL ID Act which eliminated the 1,000 yearly cap for family planning asylum cases.

10.      In fiscal year 2007, our office has received 5,030 I-730 applications, and our office has interviewed 3,598 I-730 applications.

11.      As of today, our office has 1,750 I-730 cases pending data entry; 12,082 cases pending scheduling for interviews; 591 cases scheduled for interviews; and 1,631 cases interviewed pending State Department Security Advisory Opinion (SAO) clearance.

12.      Usually applicants file I-730 to the Nebraska Service Center (NSC), the NSC adjudicates the cases, and then sends them to National Visa Center (NVC). NVC then sends the cases to Guangzhou Consulate for processing.

13.      Once USCIS Guangzhou receives the cases, we will group them into families and assign a visa 92 number for each family. We then enter the family information into our data base.

14.      We schedule interviews two months in advance due to limited resources. Since I am the only U.S. officer qualified to conduct I-730 interviews, and I have to work on other assignments that

WONG DECLARATION
07-3676MMC                                        2

1    might require me out of the office, our office usually does not schedule interviews more than two

2    months in advance.

3    15.    Sometimes our Bangkok District Office will provide people for temporary duty (TDY) to

4    our office to assist our I-730 interviews, when we have a solid date for the TDYer's schedule, we

5    can schedule interview more than two months in advance.

6    16.    At this time we have a backlog of approximately 14,400 I-730 cases; the average yearly

7    cases interviewed for the past three year is approximately 2,800. If our resources remain the same,

8    the processing time for the backlog cases would be approximately 5 years.

9    17.    We have received this current case at issue in September 2006; we have input the case

10    information into our system and have assigned a case number for this family: V92-107764. At this

11    time our office has scheduled up to case number V92-106647. That means there are 1,117 families

12    ahead of this case at issue. The average family composition is three members. Thus, there are 1,117

13    times 3 = 3,351 I-730 cases ahead of this case at issue. The processing time for this case at issue

14    would be around 1.5 years from now based on the resources we now have. This case is being

15    handled in the normal processing flow.

16        I declare that the following is true and correct under penalty of perjury as defined by United

17    States law.

18        Signed this 26th day of September, 2007, in Guangzhou, China.

19

20                                        JACKIE WONG

21

22

23

24

25

26

27

28

WONG DECLARATION
07-3676MMC                                3

1  JUSTIN X. WANG (CSB #166183)
   PEGGY A. SHIH (CSB#197545)
2  **BAUGHMAN & WANG**
   111 Pine Street, Suite 1350
3  San Francisco, California 94111
   Telephone: (415) 576-9923
4  Facsimile:  (415) 576-9929

5  Attorneys for Plaintiffs

6                 **UNITED STATES DISTRICT COURT**

7              **NORTHERN DISTRICT OF CALIFORNIA**

8                   **SAN FRANCISCO DIVISION**

9

10 Yuzhen OU; Shiwang YANG;        )   Case No.: C 07-3676 MMC
   Huimin YANG                     )
11                                 )
                                   )
12               Plaintiffs,       )
                                   )   **PLAINTIFFS' NOTICE OF MOTION**
13 vs.                             )   **AND MOTION FOR SUMMARY**
                                   )   **JUDGMENT**
14                                 )
                                   )
15 MICHAEL CHERTOFF, Secretary of the )  District Judge: Honorable Maxine M. Chesney
   Department of Homeland Security;  )   Date: December 21, 2007
16 CONDOLEEZZA RICE, Secretary,      )   Time: 9:00 a.m.
   Department of State,             )
17                                 )
                                   )
18               Defendants.       )
                                   )
19 ─────────────────────────────────

20                     **NOTICE OF MOTION**

21

22 TO DEFENDANTS AND THEIR ATTORNEY OF RECORD:

23     NOTICE IS HEREBY GIVEN that this matter may be heard before the Honorable

24 Maxine M. Chesney, located at 450 Golden Gate Avenue, San Francisco, CA 94102, the above

25 referenced Plaintiffs will and hereby move the Court for summary judgment on the ground that

26 there is no genuine issue as to any material fact and that the moving party is entitled to a

27 judgment as a matter of law.

28

## MOTION

Plaintiffs Yuzhen Ou, Shiwang Yang and Huimin Yang, individuals, hereby move this Court for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. This motion is based on this Motion, the points and authorities in support of this motion, the complaint and documents attached thereto, and upon such other matters as may be presented to the Court at the time of the hearing.

## STATEMENT OF RELIEF SOUGHT BY PLAINTIFFS

Plaintiffs seek summary judgment in their mandamus action for the Court to enter an order requiring Defendants to complete the processing Form I-730, including the issuance of appropriate travel documents to Plaintiff's husband, Shiwang Yang and daughter, Huimin Yang. In addition, Plaintiffs pray that the Court grant such other relief that may be just and appropriate, including costs, expenses, and reasonable attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 (1991).

## MEMORANDUM OF POINTS AND AUTHORITIES

## STATEMENT OF FACTS

On September 12, 2005, Plaintiff Yuzhen Ou filed a Form I-730, or Refugee Asylee Relative Petition, one on behalf of her husband, Plaintiff Shiwang Yang, and one for her daughter, Plaintiff Huimin Yang. On March 22, 2006, the two Form I-730s were approved by United States Citizenship and Immigration Service ("USCIS"). Six months later, on September 2006, Plaintiffs case was sent to USCIS Guangzhou for issuance of the visas. Declaration of Jackie Wong, p. 3 ("Wong Declaration") As of today's date, the case has not been issued to completion and Defendants have not make a decision as to whether or not to issue travel Plaintiffs Shiwang Yang and Huiman. At this point, the case has been pending for more than 26 months since the date of filing and 20 months since its approval by USCIS. On September 2007,

1   in response to this mandamus action, Defendants provided that it will be an additional 18 months

2   before the Plaintiffs will be scheduled for an interview at USCIS Guangzhou.  Wong

3   Declaration, p. 3.  At this rate, Plaintiff, Yuzhen Ou will be separated from her husband and

4   daughter for at least three and half years.  Defendants have already unreasonably delayed in and

5
    refused to adjudicate to completion Plaintiffs' I-730 petitions for more than 20 months from the
6
7   date of approval.  Plaintiffs have been deprived the right to a decision on the petitions and the

8   peace of mind to which they are entitled.  Defendants have merely shifted this case from the

9   Nebraska Service Center (NSC) to USCIS Guangzhou processing center.  However, the
10
    responsibility with the delay still remains entirely with the Defendants.
11
12                                        **ARGUMENT**

13          Summary judgment is appropriate because the pleadings, when viewed in light most

14  favorable to the nonmoving party, demonstrate that "there is no genuine issue as to any material

15  fact and the moving party is entitled to judgment as a matter of law." *Cleotex Corp. v. Catret*,
16
    477 U.S. 317, 323 (1986).
17
18          Plaintiffs contend as a matter of law that Defendants' inaction for approximately 20

19  months after Plaintiffs immigrant visa petition was approved was an unreasonable delay under

20  the Mandamus Act and the Administrative Procedure Act ("APA"), and that regardless of which

21  state of visa processing that Plaintiffs case is in, the Defendants are simply obligated to carry out
22
    their duties as delegated to them by Congress.
23
24          Plaintiffs are entitled to relief under 28 U.S.C. § 1361 and the APA as a matter of law.

25  Under 28 U.S.C. § 1361, district courts have original jurisdiction to compel an officer of the

26  United States to perform his duty.  Mandamus is appropriate where the plaintiff has a clear right

27  to the relief requested, the defendant has a clear duty to act, and no other remedy is available.
28
    *Fallini v. Hodel*, 783 F.2d 1343 (9th Cir. 1986).  1) their claim is clear and certain, 2) the

1  official's duty is nondiscretionary, ministerial, and so plainly prescribed as to be free from doubt,

2  and 3) no other adequate remedy is available. *Kildare v. Saenz*, 325 F.3d 1078, 1084 (9th Cir.

3  2003). While the duty is often mandatory or ministerial, the duty may also be in the exercise of

4  discretion. Although an officer may have discretion to adjudicate an application, it has a non-

5

6  discretionary duty to process the application. Failure to perform such duties can be contrary to

7  law for mandamus to lie. *Davis v. Shultz*, 453, F.2d 497, 502 (3rd Cir. 1971), *Naporano Metal*

8  *and Iron Company v. Secretary of Labor*, 529 F.2d 537 (3rd Cir. 1976). Jurisdiction exists to

9  challenge a U.S. official's authority to "take or fail to take an action as opposed to a decision

10  taken within...discretion." *Patel v. Reno*, 134 F.3d 929 (9th Cir. 1997). As in *Patel*, Plaintiffs

11

12  here are not challenging a decision within the discretion of the officer, but challenging the

13  Defendants failure to act for 20 months after the visa petitions were approved and their

14  continuing failure to make a decision on whether to issue the visas. Courts have also found

15  jurisdiction under 28 U.S.C. § 1331 and the APA. *Saleh v. Ridge*, 367 F. Supp.2d 508 (S.D.N.Y.

16

17  2005); *Wang v. Reno*, No. Civ. 1698 (BSJ), 2001 U.S. Dist. LEXIS 15577, (S.D.N.Y. Sept. 27,

18  2001). Plaintiffs have a clear right to have their immigrant petition adjudicated and visas issued

19  within a reasonable time, the Defendants have a non-discretionary duty to provide that relief, and

20  Plaintiffs have no other adequate remedy available.

21          Immigration officers are authorized to exercise the powers and duties as specified by the

22  Immigration and Nationality Act ("INA") 8 C.F.R. § 103.1(b). Under 8 C.F.R. § 208.21(d), the

23

24  U.S. immigrant office overseas receives a beneficiary's approved I-730 Refugee/Asylee Relative

25  Petition from the Department of State. Specifically, here, the USCIS officer at the U.S.

26  immigration office in Guangzhou is responsible for processing I-730 petitions, namely

27  conducting interviews and then issuing travel documents for beneficiaries of approved I-730

28  petitions residing in China. See 8 U.S.C. § 1158(b)(3), Wong Declaration, p. 1-2. Although no

1    specific time provision appears on the face of the statute or regulation, adjudication should be

2    completed within a reasonable time.

3          The APA provides a cause of action when the government unreasonably delays actions or

4    fails to act altogether.  5 U.S.C. § § 555(b) and 706(1).  The APA states that federal courts can

5
     "compel agency action unlawfully withheld or unreasonably delayed."  5 U.S.C. § 706(1).
6

7    Agency action also includes the "failure to act."  5 U.S.C. § 551 (13).  The APA imposes a clear

8    duty on Defendants to completely adjudicate Plaintiffs' I-730 petitions without an unreasonable

9    delay.  Administrative agencies, such as USCIS, do not have discretion to "avoid discharging the

10   duties that Congress intended them to perform."  *Yu*, 36 F. Supp. 2d at 931.  In addition, a

11
     general timing provision for agencies is provided within the APA at 5 U.S.C. § 555(b), which
12

13   states that agency action should be concluded within a reasonable time.  *See Forest Guardians v.*

14   *Babbit*, 174 F. 3d 1178 (10th Cir. 1999).  As an officer of the United States, an immigration

15   officer has a mandatory duty and obligation to also act within a reasonable period of time, to

16
     allow otherwise would be contrary to Congress's intent. Under 5 U.S.C. § 706(1), the APA
17

18   imposes a clear duty on defendants to act on Plaintiffs' applications.

19         Plaintiffs can demonstrate that Defendants owe them a duty to complete their applications

20   within a reasonable time.  Defendants having approved the I-730 Refugee/Asylee Relative

21   Petition over 20 months ago, have a duty to compete the procedures for the beneficiaries' travel

22
     to the United States.  Defendants have not proffered any explanation as to why it took 6 months
23

24   for Plaintiffs' case to be forwarded to the USCIS Guangzhou office following approval of the

25   petitions in March 2006.  Plaintiff's husband and daughter are now expected to wait an additional

26   18 months before they can expect to even be interviewed at the USCIS Guangzhou office.  This

27   is still no assurance that the petitions will be adjudicated to completion.  It has been over a 26

28
     months from the date of filing, with the potential of increasing to in excess of 41 months, based

on just the estimated waiting period for an interview. The indefinite delay is an unreasonable amount of time to process eligibility based on the claimed relationship, especially since the I-730 petitions have already been approved by the Service.

The USCIS has a mandatory duty and obligation to act within a reasonable period of time 5 U.S.C. § 555(b). Allowing the Defendants an unlimited amount of time to process the petitions would be contrary to the "reasonable time" frame mandated under 5 U.S.C. § 555(b) and 5 U.S.C. § 706(1) and thus could ultimately negate the Defendants duty under 8 U.S.C. § 1105. *Dong v. Chertoff*, 2007 WL 2601107, at *11 (N.D. Cal. Sept. 6, 2007)(under the APA, a court "shall" compel agency action unlawfully withheld or unreasonably delayed); *Gelfer v. Chertoff*, 2007 WL 902382, at *2 (N.D. Cal. March 22, 2007)(allowing the respondents a limitless amount of time to adjudicate petitioner's application would be contrary to the "reasonable time" frame mandated under 5 U.S.C. § 555(b) and, ultimately, could negate the USCIS's duty). The Defendants contend that one of the reasons for the delay is due to the lack resources and inability to hire replacement investigators. Wong Declaration, p. 2-3. Defendants attempt to place the blame solely on the lack of resources as a way to end the inquiry into the evaluation of reasonableness in the delay of processing petitions. However, in *Dong v. Chertoff*, the Court recently asserted that it "is not in a position to relieve the Defendants of their obligations to comply with their mandatory duties." *Dong*, 2007 WL 2601107, at *11 ("[I]t is not the place of the judicial branch to weigh plaintiff's clear right to administrative action against the agency's burden in complying."). In another recent case before this district, the Court stated, "The executive branch must decide for itself how best to meet its statutory duties; this Court can only decide whether or not those duties have been met." *Liang v. Chertoff*, 2007 WL 3225441, at *6 (N.D. Cal. October 30, 2007). Absent the Court's order, the applications are likely to continue pending indefinitely.

1    Without the relief of mandamus, immigration officers could withhold a decision

2  unfettered or fail to exercise their discretion indefinitely. Mandamus actions provide an

3  aggrieved party a last resort to challenge an agency's action or inaction. Congress has provided

4  through applicable provisions of the APA and the Mandamus Act that agencies should conclude

5
   matters before them within a reasonable time. Mandamus actions serve to highlight deficiencies
6

7  in agency inaction whereby the federal courts may intervene. Plaintiffs interests fall within the

8  zone of interests to be protected or regulated by the applicable immigration statute. Although the

9  Defendants have discretion in the ultimate decision, they do not have the discretion to refuse to

10
   process or unreasonably delay adjudication. For more than 20 months since the approval of the I-
11

12  730 petitions, Plaintiff Yuzhen Ou has been unable to be reunited with her husband and daughter.

13  Her family still remains in China due to the pendency of the I-730 petitions, with the delay

14  continuing for at least another18 months or more. The Defendants, in violation of the APA and

15  Mandamus Act, are unlawfully withholding and unreasonably delaying action on Plaintiffs' I-730

16
   petitions and have failed to carry out the adjudicative functions delegated to them by law.
17

18                                    **CONCLUSION**

19    For the foregoing reasons, Plaintiffs respectfully requests this Court grant summary

20  judgment in favor of the Plaintiffs as mandamus lies to compel the Defendants to take action, by

21  simply completing adjudication of the I-730 petitions, including promptly deciding without delay

22
   whether or not to issue travel documents to Plaintiffs. Plaintiffs can establish prima facie
23

24  eligibility for mandamus relief because they have a clear right to compel Defendants to perform

25  their duty to act upon their applications and no other remedy is available.

26  Dated: November 15, 2007                    Respectfully submitted,

27

28                                    _____/s/_____
                                      Justin X .Wang, Esq.
                                      Attorney for Plaintiffs

**CIVIL MINUTES**

**Judge MAXINE M. CHESNEY**

**E-Filing**

Date: OCT 2 6 2007

C - 07 - 3676 - MMC

Yuzhen Ou et al                    v    Michael Chertoff et al

Attorneys:   Justin Wang                  Melanie Proctor

_____        _____

**Deputy Clerk: TRACY LUCERO**         Reporter:   NOT REPORTED

**PROCEEDINGS:**                                          **RULING:**

1. _____     _____

2. _____     _____

3. _____     _____

4. _____     _____

                                               INITIAL

( ) Status Conference   ( ) P/T Conference   (✓) Case Management Conference

**ORDERED AFTER HEARING:**

π to file motion for summary judgment by 11/16/07;

Δ's opposition & X-motion due by 11/30/07; π's reply due 12/7/07.

( ) ORDER TO BE PREPARED BY:   Plntf_____   Deft_____   Court_____

( ) Referred to Magistrate For:_____

       ( )By Court

(✓) CASE CONTINUED TO  1/11/08 @ 9:00  for  π's motion for summary judgment
                                       (if filed by 11/16/07)

Discovery Cut-Off_____Expert Discovery Cut-Off_____

Plntf to Name Experts by _____Deft to Name Experts by_____

P/T Conference Date_____Trial Date_____ Set for _____ days
                     Type of Trial:  ( )Jury   ( )Court

Notes: _____

_____

_____

1  SCOTT N. SCHOOLS (SC 9990)
   United States Attorney
2  JOANN M. SWANSON (CSBN 88143)
   Chief, Civil Division
3  MELANIE L. PROCTOR (CSBN 228971)
   Melanie.Proctor@usdoj.gov
4  Assistant United States Attorney

5      450 Golden Gate Avenue, Box 36055
       San Francisco, California 94102-3495
6      Telephone: (415) 436-6730
       FAX: (415) 436-6927
7
   Attorneys for Defendants
8
                    UNITED STATES DISTRICT COURT
9
                  NORTHERN DISTRICT OF CALIFORNIA
10
                     SAN FRANCISCO DIVISION
11
   NARGIS NIAZ,                    )    No. C07-4030 MMC
12                                 )
                    Plaintiff,     )
13                                 )
          v.                       )
14                                 )    ADR CERTIFICATION
   MICHAEL CHERTOFF, Secretary,    )
15 Department of Homeland Security;)
   CONDOLEEZZA RICE, Secretary,    )
16 Department of State,            )
                                   )
17                  Defendants.    )
                                   )
18

19     Each of the undersigned certifies that he or she has read either the handbook entitled

20 "Dispute Resolution Procedures in the Northern District of California," or the specified portions of

21 the ADR Unit's Internet site <www.adr.cand.uscourts.gov>, discussed the available dispute

22 resolution options provided by the court and private entities, and considered whether this case might

23 benefit from any of them.

24     Here, the parties agree that referral to a formal ADR process will not be beneficial because

25 this mandamus action is limited to Plaintiff's request that this Court compel Defendants to

26 adjudicate the application for adjustment of status. Given the substance of the action and the lack

27 of any potential middle ground, ADR will only serve to multiply the proceedings and unnecessarily

28 tax court resources.   Accordingly, pursuant to ADR L.R. 3-3(c), the parties request the case be

ADR CERTIFICATION
C 07-3676 MMC

1    removed from the ADR Multi-Option Program and that they be excused from participating in the

2    ADR phone conference and any further formal ADR process.

3    Dated: October 26, 2007                                    Respectfully submitted,

4                                                               SCOTT N. SCHOOLS
                                                                United States Attorney
5

6                                                               _____/s/_____
                                                                MELANIE L. PROCTOR[1]
7                                                               Assistant United States Attorney
                                                                Attorneys for Defendants
8

9
     Dated: October 25, 2007                                    _____/s/_____
10                                                              JUSTIN WANG
                                                                Attorney for Plaintiffs
11

12

13                                    **ORDER**

14           Pursuant to stipulation, IT IS SO ORDERED.

15

16   Dated: _____, 2007
                                                               _____
17                                                             MAXINE M. CHESNEY
                                                               United States District Judge
18

19

20

21

22

23

24

25

26

27   _____

28        [1]I, Melanie L. Proctor, hereby attest that I have on file all holograph signatures for any
     signatures indicated by a "conformed" signature (/S/) within this efiled document.

     ADR CERTIFICATION
     C 07-3676 MMC                              2

1  SCOTT N. SCHOOLS (SC 9990)
   United States Attorney
2  JOANN M. SWANSON (CSBN 88143)
   Chief, Civil Division
3  MELANIE L. PROCTOR (CSBN 228971)
   Melanie.Proctor@usdoj.gov
4  Assistant United States Attorney

5      450 Golden Gate Avenue, Box 36055
       San Francisco, California 94102-3495
6      Telephone: (415) 436-6730
       FAX: (415) 436-6927
7
   Attorneys for Defendants
8
                        UNITED STATES DISTRICT COURT
9
                      NORTHERN DISTRICT OF CALIFORNIA
10
                          SAN FRANCISCO DIVISION
11
   YUZHEN OU,                      )    No. C07-3676 MMC
12                                 )
                  Plaintiff,       )
13                                 )
        v.                         )
14                                 )    JOINT CASE MANAGEMENT
   MICHAEL CHERTOFF, Secretary,    )    STATEMENT
15 Department of Homeland Security; )
   CONDOLEEZZA RICE, Secretary,    )
16 Department of State,            )
                                   )
17                Defendants.      )
                                   )
18

19     1. Jurisdiction and Service: There are no issues concerning personal jurisdiction. Plaintiffs

20 brought this Complaint under 28 U.S.C. §§ 1331, 1361 and 2201, and under the Administrative

21 Procedure Act. All parties have been served.

22     2. Facts: On March 22, 2006, U.S. Citizenship and Immigration Services ("USCIS")

23 approved Plaintiff's two I-730 refugee asylee relative petitions on behalf of her husband and

24 daughter. On July 17, 2007, Plaintiff filed this Complaint for a Writ in the Nature of Mandamus,

25 alleging that Defendants improperly withheld action on the applications, and asking the Court to

26 compel Defendants to issue travel documents.

27     3. Legal Issues: The principal legal issue the parties dispute is whether the Court has

28 jurisdiction to compel agency action in this case and if so, whether a writ a mandamus should issue

JOINT STATEMENT
C 07-3676 MMC

1  to remedy Defendants' alleged unreasonable delay in adjudicating Plaintiff's applications.

2      4. Motions: The parties believe the issues in this case can be resolved through cross-motions

3  for summary judgment.

4      5. Amendment of Pleadings: None.

5      6. Evidence Preservation: None.

6      7. Disclosures: The parties agree that this Court's review will be confined to the

7  administrative record and therefore this proceeding is exempt from the initial disclosure

8  requirements under Fed. R. Civ. P. 26.

9      8. Discovery: There has been no discovery to date and the parties believe this matter can be

10  resolved without discovery. No experts will be designated.

11     9. Class Actions: Not applicable.

12     10. Related Cases: None.

13     11. Relief: Plaintiff asks the Court to direct the Defendants to issue travel documents and

14  asks for an award of attorneys' fees. This case does not involve damages.

15     12. Settlement and ADR: The parties have filed a Joint Request to Be Exempt From Formal

16  ADR.

17     13. Consent to Magistrate Judge for All Purposes: Plaintiff does not consent to assignment

18  of this case to a United States Magistrate Judge.

19     14. Other References: None.

20     15. Narrowing of Issues: None.

21     16. Expedited Schedule: The parties believe this matter can be solved through the motions.

22     17. Scheduling: The parties suggest the following briefing schedule:

23     Cross Motions for Summary Judgment:          November 16, 2007

24     Last day for Defendants to oppose:           November 30, 2007

25     Last day for Plaintiff to reply:             December 7, 2007

26  The parties believe this action may be resolved on the papers, and request the Court to take the

27  matter under submission without oral argument. Should the Court prefer oral argument, the parties

28  suggest the following date: December 21, 2007, at 9:00 a.m.

JOINT STATEMENT
C 07-3676 MMC                        2

1    18. Trial: The parties believe the matter can be resolved through the motions for summary

2    judgment.

3    19. Disclosure of Non-party Interested Entities or Persons: None.

4    20. Such other matters as may facilitate the just, speedy and inexpensive disposition of this

5    matter: None.

6    Dated: October 19, 2007                    Respectfully submitted,

7                                               SCOTT N. SCHOOLS
                                                United States Attorney
8

9                                              _____/s/_____
10                                             MELANIE L. PROCTOR[1]
                                               Assistant United States Attorney
11                                             Attorneys for Defendants

12
     Dated: October 18, 2007                   _____/s/_____
13                                             JUSTIN WANG
                                               Attorney for Plaintiffs
14

15                          **CASE MANAGEMENT ORDER**

16    The Joint Case Management Statement and Proposed Order are hereby adopted by the Court

17    as the Case Management Order for the case, and the parties are ordered to comply with this Order.

18    The matter shall be taken under submission on the briefs.

19
     Dated:                                    _____
20                                             MAXINE M. CHESNEY
                                               United States District Judge
21

22

23

24

25

26

27    _____

28    [1]I, Melanie L. Proctor, hereby attest that I have on file all holograph signatures for any
      signatures indicated by a "conformed" signature (/S/) within this efiled document.

     JOINT STATEMENT
     C 07-3676 MMC                    3

1    SCOTT N. SCHOOLS (SC 9990)
     United States Attorney
2    JOANN M. SWANSON (CSBN 88143)
     Chief, Civil Division
3    MELANIE L. PROCTOR (CSBN 228971)
     Melanie.Proctor@usdoj.gov
4    Assistant United States Attorney

5        450 Golden Gate Avenue, Box 36055
         San Francisco, California 94102-3495
6        Telephone: (415) 436-6730
         FAX: (415) 436-6927
7
     Attorneys for Defendants
8
                    UNITED STATES DISTRICT COURT
9
                 NORTHERN DISTRICT OF CALIFORNIA
10
                      SAN FRANCISCO DIVISION
11
     YUZHEN OU,                    )    No. C07-3676 MMC
12                                 )
                   Plaintiff,      )
13                                 )    ORDER DENYING
          v.                       )
14                                 )    STIPULATION TO VACATE CASE
     MICHAEL CHERTOFF, Secretary,  )    MANAGEMENT CONFERENCE AND
15   Department of Homeland Security; )  SET BRIEFING SCHEDULE
     CONDOLEEZZA RICE, Secretary,  )
16   Department of State,          )
                                   )
17                 Defendants.     )
                                   )
18
19   ///
20   ///
21   ///
22   ///
23   ///
24   ///
25   ///
26   ///
27   ///
28   ///

     STIPULATION TO BRIEFING
     C 07-3676 MMC

1    The Plaintiffs, by and through their attorney, and Defendants, by and through their attorneys

2  of record, hereby stipulate, subject to approval of the Court, to the following:

3        1.    The parties agree that the matter at issue in this action may be resolved through cross

4  motions for summary judgment.

5        2.    The parties shall file cross motions for summary judgment on the following schedule:

6             Last day to file motions for summary judgment:      October 26, 2007

7             Last day to file oppositions:                        November 9, 2007

8             Hearing:                                             November 30, 2007

9
   Dated: September 23, 2007                         _____/s/_____
10                                                   MELANIE L. PROCTOR
                                                     Assistant United States Attorney
11                                                   Attorney for Defendants

12
13  Dated: September 21, 2007                        _____/s/_____
                                                     JUSTIN WANG
14                                                   Attorney for Plaintiffs

15
16
17                                    **ORDER**

18       The stipulation is hereby DENIED.

19       The parties shall file a Joint Case Management Statement no later than October 19, 2007,

20  and shall appear at the scheduled October 26, 2007 Case Management Conference.  At the Case

21  Management Conference, the Court will set a briefing schedule for any motions.

22       IT IS SO ORDERED.

23
24  Dated: September 26, 2007

25                                                   _____
                                                     MAXINE M. CHESNEY
26                                                   United States District Judge

27
28

STIPULATION TO BRIEFING
C 07-3676 MMC                          2

1    SCOTT N. SCHOOLS (SC 9990)
     United States Attorney
2    JOANN M. SWANSON (CSBN 88143)
     Chief, Civil Division
3    MELANIE L. PROCTOR (CSBN 228971)
     Melanie.Proctor@usdoj.gov
4    Assistant United States Attorney

5        450 Golden Gate Avenue, Box 36055
         San Francisco, California 94102-3495
6        Telephone: (415) 436-6730
         FAX: (415) 436-6927
7
     Attorneys for Defendants
8
                    UNITED STATES DISTRICT COURT
9
                  NORTHERN DISTRICT OF CALIFORNIA
10
                      SAN FRANCISCO DIVISION
11

12   YUZHEN OU,                    )    No. C07-3676 MMC
                                   )
13              Plaintiff,         )
                                   )    ORDER DENYING
14        v.                       )
                                   )    STIPULATION TO VACATE CASE
15   MICHAEL CHERTOFF, Secretary,  )    MANAGEMENT CONFERENCE AND
     Department of Homeland Security; )  SET BRIEFING SCHEDULE
16   CONDOLEEZZA RICE, Secretary,  )
     Department of State,          )
17                                 )
                Defendants.        )
18                                 )

19   ///

20   ///

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

     STIPULATION TO BRIEFING
     C 07-3676 MMC

1    The Plaintiffs, by and through their attorney, and Defendants, by and through their attorneys

2    of record, hereby stipulate, subject to approval of the Court, to the following:

3    1.    The parties agree that the matter at issue in this action may be resolved through cross

4    motions for summary judgment.

5    2.    The parties shall file cross motions for summary judgment on the following schedule:

6    Last day to file motions for summary judgment:    October 26, 2007

7    Last day to file oppositions:    November 9, 2007

8    Hearing:    November 30, 2007

9
    Dated: September 23, 2007    _____/s/_____
10    MELANIE L. PROCTOR
    Assistant United States Attorney
11    Attorney for Defendants

12

13    Dated: September 21, 2007    _____/s/_____
    JUSTIN WANG
14    Attorney for Plaintiffs

15

16

17    **ORDER**

18    The stipulation is hereby DENIED.

19    The parties shall file a Joint Case Management Statement no later than October 19, 2007,

20    and shall appear at the scheduled October 26, 2007 Case Management Conference.  At the Case

21    Management Conference, the Court will set a briefing schedule for any motions.

22    IT IS SO ORDERED.

23

24    Dated: September 26, 2007

25    _____
    MAXINE M. CHESNEY
26    United States District Judge

27

28

STIPULATION TO BRIEFING
C 07-3676 MMC    2

1  SCOTT N. SCHOOLS (SC 9990)
   United States Attorney
2  JOANN M. SWANSON (CSBN 88143)
   Chief, Civil Division
3  MELANIE L. PROCTOR (CSBN 228971)
   Melanie.Proctor@usdoj.gov
4  Assistant United States Attorney

5      450 Golden Gate Avenue, Box 36055
       San Francisco, California 94102-3495
6      Telephone: (415) 436-6730
       FAX: (415) 436-6927
7
   Attorneys for Defendants
8
                    UNITED STATES DISTRICT COURT
9
                  NORTHERN DISTRICT OF CALIFORNIA
10
                      SAN FRANCISCO DIVISION
11
   YUZHEN OU,                          )   No. C07-3676 MMC
12                                      )
                      Plaintiff,        )
13                                      )
          v.                            )
14                                      )   STIPULATION TO VACATE CASE
   MICHAEL CHERTOFF, Secretary,         )   MANAGEMENT CONFERENCE AND
15 Department of Homeland Security;     )   SET BRIEFING SCHEDULE;
   CONDOLEEZZA RICE, Secretary,         )   [PROPOSED] ORDER
16 Department of State,                 )
                                        )
17                    Defendants.       )
                                        )
18 _____

19 ///

20 ///

21 ///

22 ///

23 ///

24 ///

25 ///

26 ///

27 ///

28 ///

   STIPULATION TO BRIEFING
   C 07-3676 MMC

1    The Plaintiffs, by and through their attorney, and Defendants, by and through their attorneys

2  of record, hereby stipulate, subject to approval of the Court, to the following:

3       1.    The parties agree that the matter at issue in this action may be resolved through cross

4  motions for summary judgment.

5       2.    The parties shall file cross motions for summary judgment on the following schedule:

6            Last day to file motions for summary judgment:    October 26, 2007

7            Last day to file oppositions:    November 9, 2007

8            Hearing:    November 30, 2007

9
   Dated: September 23, 2007                        _____/s/_____
10                                                 MELANIE L. PROCTOR[1]
                                                   Assistant United States Attorney
11                                                 Attorney for Defendants

12

13  Dated: September 21, 2007                        _____/s/_____
                                                   JUSTIN WANG
14                                                 Attorney for Plaintiffs

15

16

17                              **ORDER**

18      Pursuant to stipulation, the October 26, 2007 Case Management Conference is VACATED.

19  The parties shall following the briefing schedule set forth above. IT IS SO ORDERED.

20

21  Dated: _____, 2007                      _____
22                                                 MAXINE M. CHESNEY
                                                   United States District Judge
23

24

25

26

27  _____

28      [1]I, Melanie L. Proctor, hereby attest that I have on file all holograph signatures for any
   signatures indicated by a "conformed" signature (/S/) within this efiled document.

   STIPULATION TO BRIEFING
   C 07-3676 MMC                    2

1   SCOTT N. SCHOOLS (SC 9990)
    United States Attorney
2   JOANN M. SWANSON (CSBN 88143)
    Chief, Civil Division
3   MELANIE L. PROCTOR (CSBN 228971)
    Melanie.Proctor@usdoj.gov
4   Assistant United States Attorney

5       450 Golden Gate Avenue, Box 36055
        San Francisco, California 94102-3495
6       Telephone: (415) 436-6730
        FAX: (415) 436-6927
7
    Attorneys for Defendants
8
                    UNITED STATES DISTRICT COURT
9
                 NORTHERN DISTRICT OF CALIFORNIA
10
                     SAN FRANCISCO DIVISION
11
    YUZHEN OU,                          )    No. C07-3676 MMC
12                                      )
                        Plaintiff,      )
13                                      )
          v.                            )
14                                      )    ADR CERTIFICATION
    MICHAEL CHERTOFF, Secretary,        )
15  Department of Homeland Security;    )
    CONDOLEEZZA RICE, Secretary,        )
16  Department of State,                )
                                        )
17                      Defendants.     )
                                        )
18
19       Each of the undersigned certifies that he or she has read either the handbook entitled

20  "Dispute Resolution Procedures in the Northern District of California," or the specified portions of

21  the ADR Unit's Internet site <www.adr.cand.uscourts.gov>, discussed the available dispute

22  resolution options provided by the court and private entities, and considered whether this case might

23  benefit from any of them.

24       Here, the parties agree that referral to a formal ADR process will not be beneficial because

25  this mandamus action is limited to Plaintiff's request that this Court compel Defendants to

26  adjudicate the application for adjustment of status. Given the substance of the action and the lack

27  of any potential middle ground, ADR will only serve to multiply the proceedings and unnecessarily

28  tax court resources.   Accordingly, pursuant to ADR L.R. 3-3(c), the parties request the case be

ADR CERTIFICATION
C 07-3676 MMC

1   removed from the ADR Multi-Option Program and that they be excused from participating in the

2   ADR phone conference and any further formal ADR process.

3   Dated: September 23, 2007                          Respectfully submitted,

4                                                      SCOTT N. SCHOOLS
                                                       United States Attorney
5

6                                                      _____/s/_____
                                                       MELANIE L. PROCTOR[1]
7                                                      Assistant United States Attorney
                                                       Attorneys for Defendants
8

9
    Dated: September 21, 2007                          _____/s/_____
10                                                     JUSTIN WANG
                                                       Attorney for Plaintiffs
11

12

13                                       **ORDER**

14          Pursuant to stipulation, IT IS SO ORDERED.

15

16  Dated: _____, 2007
                                                       _____
17                                                     MAXINE M. CHESNEY
                                                       United States District Judge
18

19

20

21

22

23

24

25

26

27  _____

28          [1]I, Melanie L. Proctor, hereby attest that I have on file all holograph signatures for any
    signatures indicated by a "conformed" signature (/S/) within this efiled document.

    ADR CERTIFICATION
    C 07-3676 MMC                              2

1   SCOTT N. SCHOOLS (SC 9990)
    United States Attorney
2   JOANN M. SWANSON (CSBN 88143)
    Chief, Civil Division
3   MELANIE L. PROCTOR (CSBN 228971)
    Melanie.Proctor@usdoj.gov
4   Assistant United States Attorney

5       450 Golden Gate Avenue, Box 36055
        San Francisco, California 94102-3495
6       Telephone: (415) 436-6730
        FAX: (415) 436-6927
7
    Attorneys for Defendants
8
                    UNITED STATES DISTRICT COURT
9
                  NORTHERN DISTRICT OF CALIFORNIA
10
                      SAN FRANCISCO DIVISION
11
    YUZHEN OU,                          )   No. C07-3676 MMC
12                                       )
                        Plaintiff,       )
13                                       )
          v.                             )
14                                       )   ANSWER TO COMPLAINT
    MICHAEL CHERTOFF, Secretary,         )
15  Department of Homeland Security;     )
    CONDOLEEZZA RICE, Secretary,         )
16  Department of State,                 )
                                         )
17                      Defendants.      )
                                         )
18

19        The Defendants hereby submit their answer to Plaintiffs' Complaint for Writ in the Nature

20  of Mandamus.

21        1.      Paragraph One consists of Plaintiffs' characterization of this action for which no

22  answer is necessary; however, to the extent a response is deemed to be required, the Defendants

23  deny that they have improperly withheld action on Plaintiffs' applications to their detriment.

24                              **PARTIES**

25        2.      Defendants admit the allegations in Paragraph Two.

26        3.      Defendants admit the allegations in Paragraph Three.

27        4.      Defendants deny the allegations in Paragraph Four.

28  ///

    ANSWER
    C 07-3676 MMC

1 **JURISDICTION**

2      5.      Paragraph Five consists of Plaintiffs' allegations regarding jurisdiction, to which no

3 responsive pleading is required; however, to the extent a responsive pleading is deemed necessary,

4 defendants deny that this Court has jurisdiction under any of the provisions cited in Paragraph Five.

5 **VENUE**

6      6.      Paragraph Six consists of Plaintiffs' allegations regarding venue, to which no

7 responsive pleading is required. Defendants aver that unless specifically provided by law, aliens

8 have no residence in the United States for venue purposes. To the extent a response is required,

9 Defendants deny that venue is proper in this district.

10 **EXHAUSTION OF REMEDIES**

11     7.      Defendants deny that Plaintiffs exhausted their administrative remedies.

12 **CAUSE OF ACTION**

13     8.      Defendants admit that Plaintiff Shiwang Yang's I-730 application was approved on

14 March 22, 2006, and Plaintiff Huimin Yang's I-730 application was approved on January 4, 2006.

15 Defendants admit that their travel documents have not been issued.

16     9.      Defendants deny the allegations in Paragraph Nine.

17     10.     Defendants deny the allegations in Paragraph Ten,

18             (a) Defendants deny the allegations in Paragraph Ten, subsection A as Plaintiffs' I-

19 730 applications have been adjudicated, but their travel documents have not been issued.

20     11.     Defendants deny the allegations in Paragraph Eleven.

21 **PRAYER**

22     12.     Paragraph Twelve consists of Plaintiffs' prayer for relief, to which no admission or

23 denial is required; to the extent a responsive pleading is deemed to be required, defendants deny this

24 paragraph.

25 **AFFIRMATIVE AND/OR OTHER DEFENSES**

26     All allegations not here before specifically admitted, denied, or modified are hereby denied.

27 For further and separate answer, Defendants allege as follows:

28 ///

ANSWER
C 07-3676 MMC                                    2

1

FIRST DEFENSE

2

The Court lacks jurisdiction over the subject matter of this action

3

SECOND DEFENSE

4

The Complaint fails to state a claim against the Defendants upon which relief can be granted.

5

THIRD DEFENSE

6

No acts or omissions by the United Stats or its employees were the proximate cause of any

7

injury or damages to the Plaintiffs.

8

FOURTH DEFENSE

9

At all times alleged in the complaint, Defendants were acting with good faith, with

10

justification, and pursuant to authority.

11

FIFTH DEFENSE

12

The Defendants are processing the application referred to in the Complaint to the extent

13

possible at this time. Accordingly, no relief as prayed for is warranted.

14

WHEREFORE, Defendants pray for relief as follows:

15

That judgment be entered for defendants and against Plaintiffs, dismissing Plaintiffs'

16

Complaint with prejudice; that Plaintiffs take nothing; and that the Court grant such further relief

17

as it deems just and proper under the circumstances.

18

Dated: September 21, 2007                    Respectfully submitted,

19                                                                      SCOTT N. SCHOOLS
                                                                        United States Attorney
20

21                                                                               /s/
                                                                        MELANIE L. PROCTOR
22                                                                      Assistant United States Attorney
                                                                        Attorneys for Defendants
23

24

25

26

27

28

ANSWER
C 07-3676 MMC                                    3

1

## PROOF OF SERVICE

2    I, the undersigned, declare:

3    That I am an employee of Baughman & Wang and my business address is:

4         111 Pine Street, Suite 1350
          San Francisco, CA 94111
5
     That I served the within:
6
          **RE:**    **C07-3676 MMC**
7
          1)    **SUMMONS IN A CIVIL ACTION;**
8         2)    **CIVIL COVER SHEET;**
          3)    **PLAINTIFF'S ORIGINAL COMPLAINT FOR WRIT IN THE NATURE OF**
9               **MANDAMUS;**
          4)    **ORDER SETTING INITIAL CASE MANAGEMENT CONFERENCE AND**
10              **DEADLINES; NOTICE OF AVAILABILITY OF MAGISTRATE JUDGE TO**
                **EXERCISE JURISDICTION; AND**
11        5)    **ELECTRONIC CASE FILING REGISTRATION INFORMATION HANDOUT**

12   by placing said documents in an envelope, which was then sealed, with postage fully paid thereon, and
     was this day addressed as follows:
13
                    Alberto Gonzales (By Certified Mail)
14                  Attorney General
                    U.S. Department of Justice
15                  950 Pennsylvania Avenue, NW
                    Washington, DC 20530-0001
16
                    US Attorneys Office (By Certified Mail)
17                  450 Golden Gate Avenue, Box 36055
                    San Francisco, CA 94102
18                  Attn: Civil Process Clerk

19                  Office of the General Counsel (By Certified Mail)
                    U.S. Department of Homeland Security
20                  Washington, DC 20528

21                  Secretary of State (By Certified Mail)
                    The Executive Office, Office of the Legal Adviser
22                  Room 5519, U.S. Department of State
                    2201 C Street, NW
23                  Washington, DC 20520-6310

24
     Executed this July 20, 2007, at San Francisco, California.
25

26

27                                              _____
                                                Joanna Lai
28

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

YUZHEN OU,

Plaintiff (s),

v.

**E-Filing**

MICHAEL CHERTOFF,

Defendant(s).

FILED

07 JUL 17 PM 1:47

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
N.D. DIST. OF CALIFORNIA

No. C **07-03676 MMC**

**ORDER SETTING INITIAL CASE
MANAGEMENT CONFERENCE
AND ADR DEADLINES**

IT IS HEREBY ORDERED that this action is assigned to the Honorable Maxine M.
Chesney. When serving the complaint or notice of removal, the plaintiff or removing defendant must
serve on all other parties a copy of this order, the handbook entitled "Dispute Resolution Procedures in
the Northern District of California" and all other documents specified in Civil Local Rule 4-2.
Counsel must comply with the case schedule listed below unless the Court otherwise orders.

IT IS FURTHER ORDERED that this action is assigned to the Alternative Dispute Resolution
(ADR) Multi-Option Program governed by ADR Local Rule 3. Counsel and clients shall familiarize
themselves with that rule and with the handbook entitled "Dispute Resolution Procedures in the
Northern District of California."

**CASE SCHEDULE -ADR MULTI-OPTION PROGRAM**

| Date | Event | Governing Rule |
|------|-------|----------------|
| 7/17/2007 | Complaint filed | |
| 10/5/2007 | Last day to:<br>• meet and confer re: initial disclosures, early settlement, ADR process selection, and discovery plan | FRCivP_26(f) & ADR L.R.3-5 |
| | • file Joint ADR Certification with Stipulation to ADR Process or Notice of Need for ADR Phone Conference | Civil_L.R. 16-8 |
| 10/19/2007 | Last day to file Rule 26(f) Report, complete initial disclosures or state objection in Rule 26(f) Report and file Case Management Statement per attached Standing Order re Contents of Joint Case Management Statement (also available at http://www.cand.uscourts.gov) | FRCivP 26(a) (1) Civil_L.R. 16-9 |
| 10/26/2007 | INITIAL CASE MANAGEMENT CONFERENCE (CMC) in Ctrm 7, 19th Floor at 10:30 AM | Civil_L.R. 16-10 |

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| )<br>)<br>)<br>**Plaintiff(s),**   ) | **NO.  C-          MMC** |
| )<br>**vs.**         ) | |
| ) | **CASE MANAGEMENT** |
| ) | **CONFERENCE ORDER** |
| )<br>**Defendant(s),**   )<br>_____) | |

     IT IS HEREBY ORDERED that, pursuant to Rule 16(b), Federal Rules of Civil Procedure, and Civil L.R. 16-2, a Case Management Conference will be held in this case before the Honorable Maxine M. Chesney on _____at 10:30 a.m. in Courtroom No. 7, 19th floor Federal Building.

     Plaintiff(s) shall serve copies of this Order and the Court's Standing Orders at once on all parties to this action, and on any parties subsequently joined, in accordance with the provisions of Fed.R.Civ.P. 4 and 5.   Following service, plaintiff(s) shall file a certificate of service with the Clerk of this Court.

     Counsel are directed to confer in advance of the Case Management Conference with respect to all of the agenda items listed in the *Standing Order for All Judges of the Northern District of California/Contents of Joint Case Management Statement.* Not less than seven days before the conference, counsel shall file a joint case management statement addressing each agenda item.  Failure to file a joint statement shall be accompanied by a signed declaration setting forth the grounds for such failure.

     Each party shall be represented at the Case Management Conference by counsel prepared to address all of the matters referred to in this Order, and with authority to enter stipulations and make admissions pursuant to this Order.

     Any request to reschedule the above dates shall be made in writing, and, if

possible, by stipulation. Unless impracticable, such request shall be made not less than ten days before the conference date.  Good cause must be shown.

Failure to comply with this Order or the Local Rules of this Court may result in sanctions.  See Fed.R.Civ.P. 16(f); Civil L.R. 1-4.

IT IS SO ORDERED.

Dated:   February 27, 2007.

MAXINE M. CHESNEY
United States District Judge

## STANDING ORDERS FOR CIVIL CASES
## ASSIGNED TO THE HONORABLE MAXINE M. CHESNEY

1.  Counsel shall consult and comply with all provisions of the Local Rules relating to continuance, motions, briefs, and all other matters, unless superseded by these Standing Orders.

2.  **Electronic Case Filing - Lodging Hard Copies for Chambers**

    In all cases that have been assigned to the Electronic Case Filing Program, the parties are required to provide for use in chambers one paper copy of each document that is filed electronically. The paper copy of each such document shall be delivered no later than noon on the day after the document is filed electronically. The paper copy shall be marked **"Chambers Copy"** and shall be delivered to the Clerk's Office in an envelope clearly marked with the judge's name, case number, and **"E-Filing Chambers Copy."**

3.  <u>**Scheduling Days:**</u>

    a.  Criminal Law and Motion Calendar is conducted on Wednesdays at **2:30 p.m.**
    b.  Civil Law and Motion Calendar is conducted on Fridays at **9:00 a.m.**
    c.  Case Management Conferences are conducted on Fridays at **10:30 a.m.,** with order of call determined by the Court.
    d.  Pretrial conferences are generally conducted on Tuesday afternoons at **3:00 p.m.**
    e.  Counsel need not reserve a hearing date for motions, but noticed dates may be reset as the Court's calendar requires.

4.  **Proposed Orders Required:** Each party filing <u>or opposing</u> a motion shall also serve and file a proposed order which sets forth the relief or action sought and a <u>short</u> statement of the rationale of decision, including citation of authority, that the party requests the Court to adopt.

5.  **Discovery:** Discovery motions will be referred to a Magistrate Judge.

6.  **Procedural Matters:** Parties seeking to continue hearings, request special status conferences, modify briefing schedules, or make other procedural changes shall submit a signed stipulation and proposed order, or, if stipulation is not possible, an administrative request in accordance with Civil Local Rule 7-11. *In either case, no changes in the Court's schedule or procedures shall be made except by signed order of the Court* **and only upon a showing of good cause.**

7.  **Service of Standing Orders:** Plaintiff is directed to serve copies of these standing orders at once upon all parties to this action and upon those subsequently joined, in accordance with the provisions of Rules 4 and 5, Federal Rules of Civil Procedure, and to file with the Clerk of the Court a certificate reflecting such service.

**IT IS SO ORDERED.**

Dated: April 20, 2005

Maxine M. Chesney
United States District Judge

**STANDING ORDER FOR ALL JUDGES OF THE NORTHERN DISTRICT OF CALIFORNIA**

**CONTENTS OF JOINT CASE MANAGEMENT STATEMENT**

Commencing March 1, 2007, all judges of the Northern District of California will require the identical information in Joint Case Management Statements filed pursuant to Civil Local Rule 16-9. The parties must include the following information in their statement which, except in unusually complex cases, should not exceed ten pages:

1.    <u>Jurisdiction and Service</u>: The basis for the court's subject matter jurisdiction over plaintiff's claims and defendant's counterclaims, whether any issues exist regarding personal jurisdiction or venue, whether any parties remain to be served, and, if any parties remain to be served, a proposed deadline for service.

2.    <u>Facts</u>: A brief chronology of the facts and a statement of the principal factual issues in dispute.

3.    <u>Legal Issues</u>: A brief statement, without extended legal argument, of the disputed points of law, including reference to specific statutes and decisions.

4.    <u>Motions</u>: All prior and pending motions, their current status, and any anticipated motions.

5.    <u>Amendment of Pleadings</u>: The extent to which parties, claims, or defenses are expected to be added or dismissed and a proposed deadline for amending the pleadings.

6.    <u>Evidence Preservation</u>: Steps taken to preserve evidence relevant to the issues reasonably evident in this action, including interdiction of any document-destruction program and any ongoing erasures of e-mails, voice mails, and other electronically-recorded material.

7.    <u>Disclosures</u>: Whether there has been full and timely compliance with the initial disclosure requirements of Fed. R. Civ. P. 26 and a description of the disclosures made.

8.    <u>Discovery</u>: Discovery taken to date, if any, the scope of anticipated discovery, any proposed limitations or modifications of the discovery rules, and a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f).

9.    <u>Class Actions</u>: If a class action, a proposal for how and when the class will be certified.

10.    <u>Related Cases</u>: Any related cases or proceedings pending before another judge of this court, or before another court or administrative body.

11.    <u>Relief</u>: All relief sought through complaint or counterclaim, including the amount of any

damages sought and a description of the bases on which damages are calculated. In addition, any party from whom damages are sought must describe the bases on which it contends damages should be calculated if liability is established.

12.    Settlement and ADR: Prospects for settlement, ADR efforts to date, and a specific ADR plan for the case, including compliance with ADR L.R. 3-5 and a description of key discovery or motions necessary to position the parties to negotiate a resolution.

13.    Consent to Magistrate Judge For All Purposes: Whether all parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.

14.    Other References: Whether the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15.    Narrowing of Issues: Issues that can be narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts), and any request to bifurcate issues, claims, or defenses.

16.    Expedited Schedule: Whether this is the type of case that can be handled on an expedited basis with streamlined procedures.

17.    Scheduling: Proposed dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial.

18.    Trial: Whether the case will be tried to a jury or to the court and the expected length of the trial.

19.    Disclosure of Non-party Interested Entities or Persons: Whether each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16. In addition, each party must restate in the case management statement the contents of its certification by identifying any persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.

20.    Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

YUZHEN OU,

          Plaintiff (s),

   v.

MICHAEL CHERTOFF,
          Defendant(s).

No. **C 07-03676 MMC**

**ORDER SETTING INITIAL CASE MANAGEMENT CONFERENCE AND ADR DEADLINES**

     IT IS HEREBY ORDERED that this action is assigned to the Honorable Maxine M. Chesney. When serving the complaint or notice of removal, the plaintiff or removing defendant must serve on all other parties a copy of this order, the handbook entitled "Dispute Resolution Procedures in the Northern District of California"   and all other documents specified in Civil Local Rule 4-2.  Counsel must comply with the case schedule listed below unless the Court otherwise orders.

     IT IS FURTHER ORDERED that this action is assigned to the Alternative Dispute Resolution (ADR) Multi-Option Program governed by ADR Local Rule 3.  Counsel and clients shall familiarize themselves with that rule and with the handbook entitled "Dispute Resolution Procedures in the Northern District of California."

## CASE SCHEDULE -ADR MULTI-OPTION PROGRAM

| Date | Event | Governing Rule |
|---|---|---|
| 7/17/2007 | Complaint filed | |
| 10/5/2007 | Last day to:<br>• meet and confer re: initial disclosures, early settlement, ADR process selection, and discovery plan | FRCivP  26(f) & ADR L.R.3-5 |
| | • file Joint ADR Certification with Stipulation to ADR Process or Notice of Need for ADR Phone Conference | Civil_L.R. 16-8 |
| 10/19/2007 | Last day to file Rule 26(f) Report, complete initial disclosures or state objection in Rule 26(f) Report and file Case Management Statement per attached Standing Order re Contents of Joint Case Management Statement (also available at  http://www.cand.uscourts.gov) | FRCivP 26(a) (1) Civil _L.R . 16-9 |
| 10/26/2007 | INITIAL CASE MANAGEMENT CONFERENCE (CMC)  in Ctrm 7, 19th Floor at 10:30 AM | Civil_L.R.  16-10 |

## STANDING ORDERS FOR CIVIL CASES
## ASSIGNED TO THE HONORABLE MAXINE M. CHESNEY

1.    Counsel shall consult and comply with all provisions of the Local Rules relating to continuance, motions, briefs, and all other matters, unless superseded by these Standing Orders.

2.    **Electronic Case Filing - Lodging Hard Copies for Chambers**

In all cases that have been assigned to the Electronic Case Filing Program, the parties are required to provide for use in chambers one paper copy of each document that is filed electronically. The paper copy of each such document shall be delivered no later than noon on the day after the document is filed electronically. The paper copy shall be marked **"Chambers Copy"** and shall be delivered to the Clerk's Office in an envelope clearly marked with the judge's name, case number, and **"E-Filing Chambers Copy."**

3.    **Scheduling Days:**

a.    Criminal Law and Motion Calendar is conducted on Wednesdays at **2:30 p.m.**
b.    Civil Law and Motion Calendar is conducted on Fridays at **9:00 a.m.**
c.    Case Management Conferences are conducted on Fridays at **10:30 a.m.**, with order of call determined by the Court.
d.    Pretrial conferences are generally conducted on Tuesday afternoons at **3:00 p.m.**
e.    Counsel need not reserve a hearing date for motions, but noticed dates may be reset as the Court's calendar requires.

4.    **Proposed Orders Required:**  Each party filing <u>or opposing</u> a motion shall also serve and file a proposed order which sets forth the relief or action sought and a <u>short</u> statement of the rationale of decision, including citation of authority, that the party requests the Court to adopt.

5.    **Discovery:** Discovery motions will be referred to a Magistrate Judge.

6.    **Procedural Matters:**  Parties seeking to continue hearings, request special status conferences, modify briefing schedules, or make other procedural changes shall submit a signed stipulation and proposed order, or, if stipulation is not possible, an administrative request in accordance with Civil Local Rule 7-11. *In either case, no changes in the Court's schedule or procedures shall be made except by signed order of the Court **and only upon a showing of good cause.***

7.    **Service of Standing Orders:** Plaintiff is directed to serve copies of these standing orders at once upon all parties to this action and upon those subsequently joined, in accordance with the provisions of Rules 4 and 5, Federal Rules of Civil Procedure, and to file with the Clerk of the Court a certificate reflecting such service.

**IT IS SO ORDERED.**

Dated: April 20, 2005

Maxine M. Chesney
United States District Judge

# STANDING ORDER FOR ALL JUDGES OF THE NORTHERN DISTRICT OF CALIFORNIA

## CONTENTS OF JOINT CASE MANAGEMENT STATEMENT

Commencing March 1, 2007, all judges of the Northern District of California will require the identical information in Joint Case Management Statements filed pursuant to Civil Local Rule 16-9. The parties must include the following information in their statement which, except in unusually complex cases, should not exceed ten pages:

1.    Jurisdiction and Service: The basis for the court's subject matter jurisdiction over plaintiff's claims and defendant's counterclaims, whether any issues exist regarding personal jurisdiction or venue, whether any parties remain to be served, and, if any parties remain to be served, a proposed deadline for service.

2.    Facts: A brief chronology of the facts and a statement of the principal factual issues in dispute.

3.    Legal Issues: A brief statement, without extended legal argument, of the disputed points of law, including reference to specific statutes and decisions.

4.    Motions: All prior and pending motions, their current status, and any anticipated motions.

5.    Amendment of Pleadings: The extent to which parties, claims, or defenses are expected to be added or dismissed and a proposed deadline for amending the pleadings.

6.    Evidence Preservation: Steps taken to preserve evidence relevant to the issues reasonably evident in this action, including interdiction of any document-destruction program and any ongoing erasures of e-mails, voice mails, and other electronically-recorded material.

7.    Disclosures: Whether there has been full and timely compliance with the initial disclosure requirements of Fed. R. Civ. P. 26 and a description of the disclosures made.

8.    Discovery: Discovery taken to date, if any, the scope of anticipated discovery, any proposed limitations or modifications of the discovery rules, and a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f).

9.    Class Actions: If a class action, a proposal for how and when the class will be certified.

10.    Related Cases: Any related cases or proceedings pending before another judge of this court, or before another court or administrative body.

11.    Relief: All relief sought through complaint or counterclaim, including the amount of any

damages sought and a description of the bases on which damages are calculated. In addition, any party from whom damages are sought must describe the bases on which it contends damages should be calculated if liability is established.

12.    Settlement and ADR: Prospects for settlement, ADR efforts to date, and a specific ADR plan for the case, including compliance with ADR L.R. 3-5 and a description of key discovery or motions necessary to position the parties to negotiate a resolution.

13.    Consent to Magistrate Judge For All Purposes: Whether all parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.

14.    Other References: Whether the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15.    Narrowing of Issues: Issues that can be narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts), and any request to bifurcate issues, claims, or defenses.

16.    Expedited Schedule: Whether this is the type of case that can be handled on an expedited basis with streamlined procedures.

17.    Scheduling: Proposed dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial.

18.    Trial: Whether the case will be tried to a jury or to the court and the expected length of the trial.

19.    Disclosure of Non-party Interested Entities or Persons: Whether each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16. **In addition**, each party must restate in the case management statement the contents of its certification by identifying any persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.

20.    Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.

AO 440 (Rev. 10/93) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

Yuzhen OU; Shiwang YANG; Huimin YANG



**SUMMONS IN A CIVIL CASE**

CASE NUMBER:

**V.**

Michael Chertoff; Condoleezza Rice





**TO:**

Michael Chertoff; Condoleezza Rice

**MMC**

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

Justin X. Wang (CSB#166183)
BAUGHMAN & WANG
111 Pine Street, Suite 1350
San Francisco, CA 94111
Tel: 415-576-9923

an answer to the complaint which is herewith served upon you, within 60      days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgement by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

RICHARD W. WIEKING

DEC 14 2007

_____
CLERK

_____
DATE

MARY ANN BUCKLEY

_____
(BY) DEPUTY CLERK

AO 440 (Rev. 10/93) Summons in a Civil Action

---

## RETURN OF SERVICE

| | DATE |
|---|---|
| Service of the Summons and Complaint was made by me [1] | |

| Name of SERVER (PRINT) | TITLE |
|---|---|
| | |

*Check one box below to indicate appropriate method of service*

☐ Served Personally upon the Defendant. Place where served:

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and . . . . . discretion then residing therein.
Name of person with whom the summons and complaint were left

☐ Returned unexecuted:

☐ Other *(specify):*

---

### STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | |

---

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____
       *Date*

_____
*Signature of Server*

_____
*Address of Server*

---

(1)   As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

1    JUSTIN X. WANG (CSB #166183)
     **BAUGHMAN & WANG**
2    111 Pine Street, Suite 1350
     San Francisco, California 94111
3    Telephone: (415) 576-9923
     Facsimile:  (415) 576-9929
4    Email: Lawbw@aol.com

     **E-Filing**

5    Attorney for Plaintiffs
     Yuzhen OU;
6    Shiwang YANG;
     Huimin YANG

7

8                UNITED STATES DISTRICT COURT
                 NORTHERN DISTRICT OF CALIFORNIA

                                                        **MMC**

9    Yuzhen OU; Shiwang YANG;
     Huimin YANG                      **C   07   3676**
10                                    )   Case No.:
11                            )
                  Plaintiffs,  )
12                            )        **PLAINTIFF'S ORIGINAL**
                              )        **COMPLAINT FOR WRIT IN THE**
     vs.                      )        **NATURE OF MANDAMUS**
13                            )
     MICHAEL CHERTOFF, Secretary of the )
14   Department of Homeland Security;  )
     CONDOLEEZZA RICE, Secretary of State; )
15                            )
                  Defendants.  )
16   _____)

17       Plaintiffs Yuzhen OU, Shiwang YANG and Huimin YANG, by and through their

18   undersigned attorney, sue Defendants and state as follows:

19   1.     This action is brought against the Defendants to compel action on two Form I-730, Refugee

20   Asylee Relative Petition, properly filed by Plaintiff Yuzhen OU on behalf of her husband, Plaintiff

21   Shiwang YANG, and her daughter, Plaintiff Huimin YANG.  The applications remain within the

22   jurisdiction of the Defendants, who have improperly withheld action on said applications to Plaintiff's

23   detriment.

                                   **PARTIES**

24   2.     Plaintiffs Yuzhen OU, Shiwang YANG and Huimin YANG are natives and citizens of the

25   People's Republic of China.  On September 12, 2005, Plaintiff Yuzhen OU filed two Form I-730,

26   or Refugee Asylee Relative Petitions, on behalf of her husband , Plaintiff Shiwang YANG, and her

27   daughter, Plaintiff Huimin YANG. (**Exhibit 1: Approval Notices of I-730**).

28

     _____
     **Case No.:**

                                        F:\LING\Mandamus\I-730\OU Yuzhen\Complaints.wpd

FILED

07 JUL 17  PM 1:48

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

3.     Defendant Michael Chertoff is the Secretary of the Department of Homeland Security (DHS), and this action is brought against him in his official capacity. He is generally charged with enforcement of the Immigration and Nationality Act, and is further authorized to delegate such powers and authority to subordinate employees of the DHS. 8 U.S.C. §1103(a); 8 C.F.R. § 2.1.

4.     Defendant Condoleezza Rice is the Secretary of State, and this action is brought against her in her official capacity. She is generally charged with visa and travel documents issuance under the INA.

## JURISDICTION

5.     Jurisdiction in this case is proper under 28 USC §§1331 and 1361, 5 USC §701 *et seq.*, and 28 USC §2201 *et seq.* Relief is requested pursuant to said statutes.

## VENUE

6.     Venue is proper in this court, pursuant to 28 USC §1391(e), in that this is an action against officers and agencies of the United States in their official capacities, brought in the District where the Plaintiff Yuzhen OU resides if no real property is involved in the action. Specifically, Plaintiff Yuzhen OU resides in San Francisco, California and no real property is involved in the instant action.

## EXHAUSTION OF REMEDIES

7.     Plaintiffs have exhausted their administrative remedies. Plaintiffs have made inquiries concerning the said I-730 Petitions, to no avail.

## CAUSE OF ACTION

8.     On March 22, 2006, Plaintiff Yuzhou OU's two Form I-730, or Refugee Asylee Relative Petition, on behalf of Plaintiffs Shiwang YANG and Huimin YANG, were approved by the NSC (**Exhibit 1: Approval Notices of I-730**). As of today's date, Plaintiffs Shiwang YANG and Huimin YANG have not received their travel documents from the Defendants.

9.     Defendants have unreasonably delayed in and have refused to adjudicate Plaintiffs' I-730 Petitions for more than 22 months from the date of their filing, thereby depriving them of the right to a decision on the petitions and the peace of mind to which Plaintiffs are entitled.

10.    Plaintiffs have been damaged by the failure of Defendants to act in accord with their duties under the law.

(a)    Plaintiffs have been damaged  by simply being deprived of the adjudication of their Form I-730 petitions for more than 22 months since their filing. Plaintiff Yuzhen OU has  been unable to reunite in the United States with her husband, Plaintiff Shiwang YANG, and her daughter, Plaintiff Huimin YANG, who still remain in China (**Exhibit 2: Current Address and Phone Number in China**), due to the pendency of the I-730 petitions.

11.    The Defendants, in violation Administrative Procedures Act and Mandamus Act, 5 USC §701 *et seq.* are unlawfully withholding or unreasonably delaying action on Plaintiffs' I-730 Petitions and have failed to carry out the adjudicative functions delegated to them by law with regard to Plaintiffs' cases.

## PRAYER

12.    WHEREFORE, in view of the arguments and authority noted herein, Plaintiffs respectfully pray that the Defendants be cited to appear herein and that, upon due consideration, the Court enter an order:

(a)    requiring the defendants to complete the processing expeditiously without further delay or in accordance with the Court ruling;

(b)    requiring further the defendants to issue travel documents expeditiously without further delay or in accordance with the Court ruling;

(c)    declaring the Plaintiffs as the prevailing party and awarding Plaintiffs reasonable attorney's fees under the Equal Access to Justice Act upon motion; and

(e)    granting such other relief at law and in equity as justice may require.

Dated: July 16, 2007                              Respectfully submitted,

1

2

3   Justin X. Wang, Esq.
    Attorney for Plaintiff

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATION OF INTERESTED ENTITIES OR PERSON**

      Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report.

Dated: July 16, 2007                                   Respectfully submitted,

Justin X. Wang, Esq.
Attorney for Plaintiff

Case No.:

5

F:\LING\Mandamus\I-730\OU Yuzhen\Complaints.wpd

**LIST OF ATTACHMENTS**

| *Exhibit* | *Description* |
|---|---|
| 1 | **Approval Notices of I-730** |
| 2 | **Current Address and Phone Number in China** |

Exhibit 1

# THE UNITED STATES OF AMERICA

| RECEIPT NUMBER LIN-05-261-54181 | | CASE TYPE  I730 REFUGEE ASYLEE RELATIVE PETITION | |
|---|---|---|---|
| RECEIPT DATE September 12, 2005 | PRIORITY DATE | PETITIONER  A097 121 885 OU, YUZHEN | |
| NOTICE DATE March 22, 2006 | PAGE 1 of 1 | | |

JUSTIN X. WANG
BAUGHMAN & WANG
111 PINE STREET SUITE 1350
SAN FRANCISCO CA 94111

**Notice Type:**  Approval Notice
**Class:** ASY

Your Refugee/Asylee Relative Petition for the family member(s) listed on this notice has been approved in accordance with Section 208 of the Immigration and Nationality Act, and forwarded to the Department of State National Visa Center, 32 Rochester Ave., Portsmouth, NH 03801. This completes all INS action on this petition.

The Department of State will notify the U.S. Embassy or Consulate abroad having jurisdiction over the area where your relative(s) resides.  The consular post will contact your relative(s) regarding procedures to be followed for travel to the United States.

THIS FORM IS NOT A VISA NOR MAY IT BE USED IN PLACE OF A VISA.

Family members:

| Name | DOB | COB | Class | A-Number |
|---|---|---|---|---|
| NONE | / / | | ASY | |
| YANG, SHIWANG | 09/30/1966 | CHINA, PEOPLE'S REPUBLIC OF | ASY | A099324653 |

Please see the additional information on the back.  You will be notified separately about any other cases you filed.
NEBRASKA SERVICE CENTER
U. S. IMMIG. & NATZ. SERVICE
P.O. BOX 82521
LINCOLN NE 68501-2521
**Customer Service Telephone: 800-375-5283**



# THE UNITED STATES OF AMERICA

| RECEIPT NUMBER | | CASE TYPE   I730 |
| --- | --- | --- |
| LIN-05-261-54186 | | REFUGEE ASYLEE RELATIVE PETITION |

| RECEIPT DATE | PRIORITY DATE | PETITIONER   A097 121 885 |
| --- | --- | --- |
| September 12, 2005 | | OU, YUZHEN |

| NOTICE DATE | PAGE | |
| --- | --- | --- |
| January 4, 2006 | 1 of 1 | |

JUSTIN X. WANG
BAUGHMAN & WANG
111 PINE STREET SUITE 1350
SAN FRANCISCO CA 94111

**Notice Type:**   Approval Notice
Class: ASY

Your Refugee/Asylee Relative Petition for the family member(s) listed on this notice been approved in accordance with Section 208 of the Immigration and Nationality Act, and forwarded to the Department of State National Visa Center, 32 Rochester Ave., Portsmouth, NH 03801. This completes all INS action on this petition.

The Department of State will notify the U.S. Embassy or Consulate abroad having jurisdiction over the area where your relative(s) resides. The consular post will contact your relative(s) regarding procedures to be followed for travel to the United States.

THIS FORM IS NOT A VISA NOR MAY IT BE USED IN PLACE OF A VISA.

Family members:

| Name | DOB | COB | | Class | A-Number |
| --- | --- | --- | --- | --- | --- |
| NONE | / / | | | ASY | |
| YANG, HUIMIN | 12/07/1993 | CHINA, PEOPLE'S REPUBLIC OF | | ASY | A099324654 |

Please see the additional information on the back. You will be notified separately about any other cases you filed.
NEBRASKA SERVICE CENTER
U. S. IMMIG. & NATZ. SERVICE
P.O. BOX 82521
LINCOLN NE 68501-2521
**Customer Service Telephone: 800-375-5283**



Exhibit 2

Current Address and phone numbers for Plaintiffs Shiwang YANG and Huimin YANG:

Shiwang Yang and Huimin Yang
Building 27 Yi Xing Yuan, Entrance 2, Apt. 502
Pengjiang District
Jiangmen, Guangdong, China
Postal Code: 529000

Tel:    86-1300-588-5908
        86-750-871-7681

中国广东省江门市
蓬江区怡兴苑 27 幢之二 502 房
邮编：529000
杨世旺，杨慧敏

电话：86-1300-588-5908
        86-750-871-7681

JS 44 - No. CALIF .(Rev. 4/97)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO)

| I.(a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Yuzhen OU; Shiwang YANG; Huimin YANG | Michael Chertoff; Condoleezza Rice |

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF
(EXCEPT IN U.S. PLAINTIFF CASES)

San Francisco

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES. USE THE LOCATION OF THE
TRACT OF LAND INVOLVED.    N/A

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Justin Wang (CSB#166183)  Tel: 415-576-9923
BAUGHMAN & WANG
111 Pine Street, Ste. 1350, San Francisco, CA 94111

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION (PLACE AN "☐" IN ONE BOX ONLY)

☐ 1 U.S. Government
  Plaintiff

☒ 2 U.S. Government
  Defendant

☐ 3 Federal Question
  (U.S. Government Not a Party)

☐ 4 Diversity
  (Indicate Citizenship of
  Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "☐" IN ONE BOX FOR PLAINTIFF

(For diversity cases only)                    AND ONE BOX FOR DEFENDANT)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN (PLACE AN "☐" IN ONE BOX ONLY)

☒ 1 Original
  Proceeding

☐ 2 Removed from
  State Court

☐ 3 Remanded from
  Appellate Court

☐ 4 Reinstated or
  Reopened

☐ 5 Transferred from
  Another district
  (specify)

☐ 6 Multidistrict
  Litigation

☐ 7 Appeal to
  District Judge from
  Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "☐" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐120 Marine | ☐310 Airplane | ☐ 362 Personal Injury | ☐ 620 Other Food & Drug | ☐423 Withdrawal | ☐ 410 Antitrust |
| ☐130 Miller Act | ☐315 Airplane Product | Med Malpractice | ☐ 625 Drug Related Seizure of | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐140 Negotiable Instrument | Liability | ☐ 365 Personal Injury | Property 21 USC 881 | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐150 Recovery of Overpayment | ☐320 Assault Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 RR & Truck | ☐820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐151 Medicare Act | ☐330 Federal Employers | Injury Product Liability | ☐ 650 Airline Regs | ☐830 Patent | Corrupt Organizations |
| ☐152 Recovery of Defaulted | Liability | | ☐ 660 Occupational | ☐840 Trademark | ☐ 810 Selective Service |
| Student Loans (Excl Veterans) | ☐340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 850 Securities/Commodities/ |
| ☐153 Recovery of Overpayment | ☐345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | **LABOR** | Exchange |
| of Veteran's Benefits | Liability | ☐ 371 Truth in Lending | | **SOCIAL SECURITY** | ☐ 875 Customer Challenge |
| ☐160 Stockholders Suits | ☐350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | 12 USC 3410 |
| ☐190 Other Contract | ☐355 Motor Vehicle | Property Damage | ☐ 720 Labor/Mgmt Relations | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐195 Contract Product Liability | Product Liability | ☐ 385 Property Damage | ☐ 730 Labor/Mgmt Reporting & | ☐ 863 DIWC/DIWW (405(g)) | ☐ 892 Economic Stabilization |
| | ☐360 Other Personal Injury | Product Liability | Disclosure Act | ☐ 864 SSID Title XVI | Act |
| | | | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | | ☐ 894 Energy Allocation Act |
| ☐210 Land Condemnation | ☐441 Voting | ☐510 Motion to Vacate Sentence | ☐ 791 Empl.Ret. Inc. Security | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information |
| ☐220 Foreclosure | ☐442 Employment | Habeas Corpus: | Act | ☐ 870 Taxes (US Plaintiff or | Act |
| ☐230 Rent Lease & Ejectment | ☐443 Housing | ☐530 General | | Defendant | ☐ 900 Appeal of Fee |
| ☐240 Torts to Land | ☐444 Welfare | ☐535 Death Penalty | | ☐ 871 IRS - Third Party | Determination Under |
| ☐245 Tort Product Liability | ☐440 Other Civil Rights | ☐540 Mandamus & Other | | 26 USC 7609 | Equal Access to Justice |
| ☐290 All Other Real Property | | ☐550 Civil Rights | | | ☐ 950 Constitutionality of State |
| | | ☐555 Prison Condition | | | Statutes |
| | | | | | ☒ 890 Other Statutory Actions |

## VI. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

28 USC section 1361, action to compel an officer of the United States to perform his/her duty.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION    DEMAND $
UNDER F.R.C.P. 23

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ YES  ☒ NO

## VIII. RELATED CASE(S) IF ANY    PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2) (PLACE A "☐" IN ONE BOX ONLY) ☒ SAN FRANCISCO/OAKLAND  ☐ SAN JOSE

DATE  7/16/07

SIGNATURE OF ATTORNEY OF RECORD

DUPLICATE

Court Name: U.S. District Court, NDCA
Division: 3
Receipt Number: 34611008472
Cashier ID: buckle
Transaction Date: 07/17/2007
Payer Name: baughman and wang

CIVIL FILING
 For: baughman and wang
 Case/Party: D-CA-3-07-CV-003676-001
 Amount:        $350.00

CHECK
 Check/Money Order: 7978
 Amt Tendered: $350.00

Total Due:     $350.00
Total Tendered: $350.00
Change Amt:      $0.00

DMC

Checks and drafts are accepted
subject to collections and full
credit will only be given when
check or draft has been accepted
the financial institution on wh.
it was drawn.

E
08-463
RJL

**JS-44**
(Rev.1/05 DC)

**CIVIL COVER SHEET**

**I (a) PLAINTIFFS**

*Yuzhen Ou, et al*

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** 99999
**(EXCEPT IN U.S. PLAINTIFF CASES)**

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**

**DEFENDANTS**

*Michael Chertoff, et al*

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
**(IN U.S. PLAINTIFF CASES ONLY)**
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVED

Case: 1:08-cv-00463
Assigned To : Leon, Richard J.
Assign. Date : 3/18/2008
Description: General Civil

**II. BASIS OF JURISDICTION**

(PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government
    Plaintiff

☐ 3 Federal Question
    (U.S. Government Not a Party)

◉ 2 U.S. Government
    Defendant

☐ 4 Diversity
    (Indicate Citizenship of Parties
    in item III)

**III CITIZEN** FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV.  CASE ASSIGNMENT AND NATURE OF SUIT**
**(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)**

**☐ A. Antitrust**

☐ 410 Antitrust

**☐ B. Personal Injury/ Malpractice**

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

**☐ C. Administrative Agency Review**

☐ 151 Medicare Act

**Social Security:**
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

**Other Statutes**
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

**☐ D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

**◉ E. General Civil (Other)  OR  ☐ F. Pro Se General Civil**

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Immigration**
☐ 462 Naturalization Application
☐ 463 Habeas Corpus- Alien Detainee
☐ 465 Other Immigration Actions

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant)

☐ 871  IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.

☐ 460 Deportation
☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
◉ 890 Other Statutory Actions (if not Administrative Agency Review or Privacy Act)

**No Summons Issued**

| ☐ **G. Habeas Corpus/ 2255** | ☐ **H. Employment Discrimination** | ☐ **I. FOIA/PRIVACY ACT** | ☐ **J. Student Loan** |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
| ☐ **K. Labor/ERISA (non-employment)** | ☐ **L. Other Civil Rights (non-employment)** | ☐ **M. Contract** | ☐ **N. Three-Judge Court** |
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

☐ 1 Original Proceeding    ☐ 2 Removed from State Court    ☐ 3 Remanded from Appellate Court    ☐ 4 Reinstated or Reopened    (☑) 5 Transferred from another district (specify)    ☐ Multi district Litigation    ☐ 7 Appeal to District Judge from Mag. Judge

USDCNDC (San Francisco)

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

28 USC 1361

**VII. REQUESTED IN COMPLAINT**  CHECK IF THIS IS A CLASS ☐ ACTION UNDER F.R.C.P. 23    **DEMAND $**    Check YES only if demanded in complaint **JURY DEMAND:** ☐ YES ●NO

**VIII. RELATED CASE(S) IF ANY**  (See instruction) ☐ YES ☐ NO  If yes, please complete related case form.

**DATE** 3.18.08    **SIGNATURE OF ATTORNEY OF RECORD** ACD

## INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
### Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.    COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.    CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.    CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.    CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.    RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.



**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_YuzHEN OU, ET AL_

v.

Civil Action No.    **08 0463**

**MAR 1 8 2008**

_MichAEL CHERTOFF, ET AL_

The above entitled action, transferred from the U.S. District Court for the _NORTHERN_

_District of California_ , has been received and filed. It was

assigned to Judge **LEON, J. RJL** Any subsequent pleadings filed must contain both our

civil action number and the initials of the judge assigned this action.

To assist the Clerk's Office in properly recording all counsel of record and to ensure that

each counsel entered is authorized to practice before this Court pursuant to Local Civil Rule

83.8, counsel for all parties must enter their appearance in accordance with our Local Civil Rule

83.6.  Timely compliance with this requirement will enable the Clerk's Office to ensure prompt

delivery of notices and orders.

NANCY MAYER-WHITTINGTON, CLERK

By _Maureen Higgins_
Deputy Clerk

cc: JusTiN X. WANG *
\* MELANiE L. ProcTor

*Denotes attorney not a member of the bar of the U.S. District Court for the District of Columbia

1                 UNITED STATES DISTRICT COURT    *FILED*

2            NORTHERN DISTRICT OF CALIFORNIA -2  FM 2: 12

3  BEFORE THE HONORABLE MAXINE M. CHESNEY, JUDGE

4  YUZHEN OU, SHIWANG YANG,
    HIUMIN YANG,

5

6            PLAINTIFFS,

7      VS.                  NO. C 07-3676 MMC

8  MICHAEL CHERTOFF, SECRETARY,    PAGES 1 - 32
    DEPARTMENT OF HOMELAND SECURITY;
    CONDOLEEZZA RICE, SECRETARY,

9  DEPARTMENT OF STATE,

10

11            DEFENDANTS.
    _____

12            SAN FRANCISCO, CALIFORNIA
            FRIDAY, FEBRUARY 29, 2008

13

14          TRANSCRIPT OF PROCEEDINGS

15  APPEARANCES:

16  **FOR THE PLAINTIFFS:**
    BAUGHMAN & WANG

17  111 PINE STREET, SUITE 1350
    SAN FRANCISCO, CALIFORNIA 94111

18  BY:  JUSTIN X. WANG, ATTORNEY AT LAW

19

20  **FOR THE DEFENDANTS:**
    U.S. DEPARTMENT OF JUSTICE
    UNITED STATES ATTORNEY'S OFFICE

21  450 GOLDEN GATE AVENUE, 11TH FLOOR
    SAN FRANCISCO, CALIFORNIA 94102

22

23  BY:  MELANIE L. PROCTOR, ASSISTANT UNITED STATES ATTORNEY

24  REPORTED BY:  KATHERINE WYATT, CSR, RPR, RMR
               OFFICIAL REPORTER, USDC

25               COMPUTERIZED TRANSCRIPTION BY ECLIPSE

| | |
|---|---|
| 1 | FEBRUARY 29, 2008                    9:00 O'CLOCK A.M. |
| 2 | |
| 3 | P R O C E E D I N G S |
| 4 | **THE CLERK:**  CALLING CIVIL CASE NUMBER 07-3676, YUZHEN |
| 5 | OU VERSUS CHERTOFF. |
| 6 | WILL COUNSEL PLEASE STEP FORWARD AND STATE YOUR |
| 7 | APPEARANCES FOR THE RECORD? |
| 8 | **MR. WANG:**  JUSTIN WANG FOR PLAINTIFF. |
| 9 | **THE COURT:**  THANK YOU. |
| 10 | **MS. PROCTOR:**  MELANIE PROCTOR FOR DEFENDANTS. |
| 11 | **THE COURT:**  ALL RIGHT.  SO GOOD MORNING. |
| 12 | ALL RIGHT.  WE HAVE BEFORE ME THE PARTIES' CROSS |
| 13 | MOTIONS. |
| 14 | CAN YOU HEAR ME? |
| 15 | **MR. WANG:**  YES.  YES. |
| 16 | **THE COURT:**  OKAY.  THE PARTIES' CROSS MOTIONS FOR |
| 17 | SUMMARY JUDGMENT. THERE ARE TWO ISSUES HERE THAT I THINK WE NEED |
| 18 | TO DISCUSS. |
| 19 | ONE OF THEM IS THE QUESTION OF THE PROPRIETY OF THE |
| 20 | VENUE IN THE NORTHERN DISTRICT. THE OTHER WOULD BE THE MERITS OF |
| 21 | THE CLAIM. BECAUSE I'M NOT PREPARED TO MAKE A RULING ON ANY |
| 22 | ISSUE THIS MORNING, I'LL COVER BOTH WITH YOU SO THAT WE'VE GOT |
| 23 | EVERYTHING NAILED DOWN. |
| 24 | IF I SHOULD FIND THAT THE COURT HAS -- THAT THE CASE |
| 25 | IS PROPERLY LAID IN THIS VENUE, THEN I WOULD NEED TO GO FORWARD |

WITH THE MERITS OF THE CLAIM.

LET ME JUST ASK ANOTHER QUESTION BEFORE WE START. HAS ANYTHING HAPPENED AT ALL WITH RESPECT TO THIS PARTY'S APPLICATION IN THE INTERIM BETWEEN THE TIME THAT THE COMPLAINT OR PETITION WAS FILED AND TODAY?

**MS. PROCTOR:**  YOUR HONOR, I ASKED THE ADJUDICATING OFFICER IN CHINA FOR AN UPDATE LAST WEEK, AND HE INFORMED ME THAT THERE ARE NOW 546 FAMILIES THAT HAD THIS PLAINTIFF'S FAMILY FOR PROCESSING. THEY ESTIMATE THREE FAMILY MEMBERS.  SO THAT'S ABOUT 1600 PEOPLE TO BE INTERVIEWED.

AND HE NOW ESTIMATES THAT FROM THIS POINT, AS OF FEBRUARY 19TH, IT WOULD BE ABOUT SIX-AND-A-HALF MONTHS BEFORE HE COULD INTERVIEW THE PLAINTIFF'S FAMILY.

**THE COURT:**  OKAY.

**MR. WANG:**  YOUR HONOR, IF I MAY, I JUST WAS INFORMED YESTERDAY BY MY CLIENT THAT SHE IS PREGNANT.  SHE WENT TO HONG KONG WITH HER HUSBAND TWO MONTHS AGO, SO NOW IT'S EVEN MORE URGENT TO THE HUSBAND TO COME HERE AND JOIN HER.

**THE COURT:**  IF I UNDERSTAND YOU WANT TO GET HER BEFORE THERE'S ANOTHER CHILD AND YOU HAVE TO MAKE ANOTHER APPLICATION?  WHAT WOULD HAPPEN?

**MR. WANG:**  NO.  NO.  NO.  NO.  THE CHILD WERE BORN HERE, SO THERE WOULD BE NO ISSUE.

**MS. PROCTOR:**  I ASSUME THE CHILD WOULD BE BORN HER.

**THE COURT:**  WHEN SHE GETS HERE THE CHILD WOULD BE

BORN HERE.

        **MR. WANG:**  YES.

        **MS. PROCTOR:**  THE CLIENT IS THE PREGNANT WOMAN WHO THE LAWFUL --

        **THE COURT:**  OH, IT'S THE HUSBAND?

        **MR. WANG:**  THE HUSBAND IS IN CHINA.

        **THE COURT:**  THE HUSBAND AND CHILD ARE IN CHINA.  I'M SORRY.  GOT THEM FLIPPED AROUND.

        **MR. WANG:**  YES.

        **THE COURT:**  THANK YOU.  I GOT IT.

        OKAY.  LET'S TAKE VENUE FIRST FOR A MOMENT AND DISCUSS THAT.  THERE SEEMS TO BE A LONG-STANDING BODY OF LAW AND AN ASSUMPTION, ESSENTIALLY, THAT AN ALIEN DOES NOT HAVE QUOTE/UNQUOTE "RESIDENCY" FOR PURPOSES OF VENUE.

        OKAY. ALTHOUGH THE STATUTE THAT DISCUSSES VENUE DOES NOT MAKE REFERENCE TO AN ALIEN PLAINTIFF, ONLY AN ALIEN DEFENDANT.  SAYS AN ALIEN DEFENDANT CAN BE SUED ANYWHERE. THERE SEEMS TO BE AT LEAST AN ASSUMPTION IN THE CASES, INCLUDING CASES FROM THE SUPREME COURT THAT VENUE IS VENUE AND ALIENS DON'T HAVE RESIDENCY.

        NOW, IF THAT IS THE CASE, THEN AN ALIEN WHO HAS A CLAIM THAT CAN BE BROUGHT EITHER WHERE THE CAUSE OF ACTION AND THE EVENTS OCCURRED OR WHERE THE DEFENDANT RESIDES WOULD HAVE TO BRING THE CLAIM IN ONE OF THOSE TWO VENUES AND NOT IN THE VENUE IN WHICH THE ALIEN IS LOCATED, EVEN IF THEY, QUOTE/UNQUOTE,

RESIDE OR ARE LIVING HERE.  IT'S CONSIDERED NOT TO COUNT.

NOW, AS I UNDERSTAND, MR. WANG, YOU'RE RELYING ON THE FACT THAT YOUR CLIENT IS A LEGAL PERMANENT RESIDENT ALIEN, AND SO CONSTITUTES AN EXCEPTION TO THE GENERAL RULE THAT AN ALIEN WOULD HAVE TO BRING THE ACTION WHERE THE DEFENDANT RESIDES, FOR EXAMPLE, AS OPPOSED TO WHERE THEY ARE LIVING AT THE TIME.

BUT THIS WOULD BE AN EXCEPTION?  IS THAT THE ARGUMENT?

**MR. WANG:**  YES. ALSO BY READING EVEN ALSO IN SUPREME COURT CASES YOU CAN SEE THAT THE PURPOSE OF THE VENUE STATUTE IS TO PROVIDE A NATIONWIDE VENUE FOR THE CONVENIENCE OF INDIVIDUAL PLAINTIFF AND WHICH ARE NORMALLY AGAINST AN INDIVIDUAL OFFICER, BUT IN REALITY AGAINST THE GOVERNMENT.

THIS IS THE SUPREME COURT CASE IN STAFFORD VERSUS BRIGGS.

THE COURT ALSO CONTINUE TO SAY THE GOVERNMENT OFFICIAL IS DEFENDED BY THE JUSTICE DEPARTMENT WHETHER THE ACTION IS BROUGHT IN THE DISTRICT OF COLUMBIA OR ANY OTHER DISTRICT.

IN THIS CASE, WE HAVE TO ASK THE QUESTION IF IT'S NOT WHERE SHE LIVES, THE ONLY ALTERNATIVE IS DISTRICT OF COLUMBIA. THERE'S NO OTHER DISTRICT WHERE SHE CAN FILE THIS CASE.

**THE COURT:**  WELL, WHERE WAS THE DECISION MADE?

THAT'S ANOTHER QUESTION, BY THE WAY.  I'M NOT SURE WHAT ACTION WE'RE ACTUALLY REVIEWING HERE.

DO YOU BOTH AGREE AS TO WHERE THE DECISION WAS MADE
THAT YOU'RE DISPUTING IN SOME FASHION, OR THE LACK OF DECISION?
YOU'RE SAYING YOU CAN'T GO TO CHINA AND FILE IT THERE. IS
WHOEVER MADE THE DECISION TO GRANT THE FOLLOWING TO JOIN
APPLICATION, WHERE ARE THEY LOCATED?

**MR. WANG:**  THAT'S NEBRASKA SERVICES.

**THE COURT:**  NEBRASKA.

**MR. WANG:**  YES.

**THE COURT:**  OKAY.

**MR. WANG:**  THAT DECISION HAS BEEN MADE ALREADY.

**THE COURT:**  I KNOW IT'S BEEN MADE, BUT WE WILL GET TO
THAT. IT'S POSSIBLE NEBRASKA MIGHT ALSO BE A VENUE.  I'M NOT
SURE, OKAY?  BUT WE WILL LEAVE THAT OUT FOR A MINUTE.

OKAY. THE CASES ON WHICH YOUR CLIENT RELIES, MR.
WANG, ARE NOT PRECEDENTIAL. THEY ARE DISTRICT COURT CASES, AND
IN NONE OF THOSE CASES AS FAR AS I CAN TELL WAS THE ACTUAL ISSUE
RAISED THAT VENUE WAS NOT PROPER WHERE THE ALIEN RESIDES.

IN OTHER WORDS, THE ISSUE WASN'T REALLY FORMALLY
JOINED.  NOW, YOU CAN SAY:

"GEE, THE COURT ASSUMED THEY COULD BRING IT

WHERE THEY RESIDED BECAUSE THEY WERE A LAWFUL

PERMANENT RESIDENT, SO MAYBE THAT JUST MEANS IT'S

OBVIOUS THAT THERE'S SOME EXCEPTION."

BUT I DON'T THINK YOU CAN ACTUALLY DRAW THAT
CONCLUSION. THERE ARE OTHER DISTRICT COURTS WHO HAVE HELD THE

ALIEN PLAINTIFF TO FILING IN THE RESIDENCE OF THE DEFENDANT.

SO WITHOUT A CASE THAT ACTUALLY HOLDS THAT THERE'S AN
EXCEPTION FOR LAWFUL PERMANENT RESIDENT ALIENS, I'M NOT SURE
THAT I CAN GO AGAINST THE RULE.

IF YOU CAN GIVE ME ANY KIND OF A HANDLE BESIDES THE
COUPLE OF DISTRICT COURT CASES WHERE IT REALLY WASN'T RAISED AS
AN ISSUE, THEN I'D HAVE MORE TO GO ON.

I GRANT YOU THERE IS A DIFFERENCE BETWEEN PLAINTIFFS
AND DEFENDANTS IN THE SENSE THAT THE STATUTE ITSELF MAKES IT
CLEAR HOW DEFENDANTS ARE TREATED. BUT I DON'T KNOW.  I FOUND ONE
CASE WHERE THE COURT ALLOWED THE ALIEN TO FILE WHERE THEY
RESIDED, BUT THE STATUTE ITSELF ONLY PROVIDED FOR A CAUSE OF
ACTION WHERE THE COMPLAINANT RESIDED.

AND THE COURT SAID:

"GEE, IF YOU CAN'T BRING IT WHERE YOU RESIDE AS
AN ALIEN, YOU CAN'T BRING IT ANYWHERE."

SO THEY DECIDED THAT THAT WOULD RAISE A DUE PROCESS
QUESTION BECAUSE THERE WAS NO INDICATION THAT CONGRESS INTENDED
TO EXCLUDE ALIENS FROM THE PROTECTION OF THE STATUTE.  AND IF
THEY HAD NO RESIDENCE AND COULDN'T FILE IN THE ONE PLACE THAT
THE PLAINTIFF COULD FILE, THEY HAD A PROBLEM.

SO THEY JUST KIND OF SIDESTEPPED IT, FRANKLY. AND
THERE ARE OTHER STATUTES, ALSO, THAT I'M SURE YOU'RE AWARE AND
HAVE BEEN POINTED OUT, IN PART, BY THE GOVERNMENT IN THE FIELD
OF IMMIGRATION RECOGNIZING THAT MOST PEOPLE WHO HAVE IMMIGRATION

COMPLAINTS ARE NOT CITIZENS, OBVIOUSLY; THAT THEY PROVIDE

ACTUALLY JURISDICTION AND A PLACE TO BRING THE ACTION IN THE

STATUTE THAT PROVIDES THE PROTECTION FOR THE IMMIGRANT, WHETHER

IT'S NATURALIZATION, ANTIDISCRIMINATION AGAINST NONCITIZEN LAWS.

THE STATUTE ITSELF THAT HAS THE PROTECTION INCLUDES A

PLACE WHERE THE ALIEN CAN FILE. THE ASYLUM SECTION, WHICH IS

WHAT WE'RE DEALING WITH HERE, DOESN'T HAVE THAT KIND OF A RULE.

AND, IN FACT, SAYS:

"THERE ISN'T ANYTHING IN THIS SECTION THAT EVEN

CREATES A CAUSE OF ACTION."

I WAS KIND OF CURIOUS:  HOW DID THE PEOPLE WHO WERE

CHALLENGING DECISIONS ON ASYLUM, HOW DO THEY GET INTO COURT IN

THE FIRST INSTANCE?

**MR. WANG:**  MAY I ADDRESS THAT POINT?

**THE COURT:**  YES.  YES, I'M ASKING YOU.

**MR. WANG:**  ACTUALLY, YOU REFERRED TO THE LAST

PARAGRAPH --

**THE COURT:**  THE ASYLUM SECTION.

**MR. WANG:**  YEAH.  THIS 1158, ASYLUM.

**THE COURT:**  YES.

**MR. WANG:**  BUT THIS LAST -- THAT'S SUBSECTION D,

PARAGRAPH SEVEN.  NO PRIVATE RIGHTS OF ACTION.  IT ONLY PERTAINS

TO THE -- IT SAYS:

"NOTHING IN THIS SUBSECTION."

SO THIS ONLY APPLIES TO SUBSECTION D.

THE COURT:  OH, OKAY.  SO WHERE'S THE CAUSE OF
ACTION, THEN, GIVEN ELSEWHERE?

MR. WANG:  ALSO IT DOES NOT SAY --

THE COURT:  DOESN'T SAY.

MR. WANG:  -- DOESN'T SAY YOU HAVE BUT --

THE COURT:  I SEE WHAT YOU MEAN.  IT DOESN'T SAY YOU
HAVE ONE, BUT IT DOESN'T SAY YOU DON'T HAVE ONE.

MR. WANG:  THAT'S RIGHT.

THE COURT:  OKAY.  THANK YOU. BUT IT ALSO DOESN'T
PROVIDE A PLACE FOR YOU TO BRING THE CLAIM. SO I'M NOT QUITE
SURE WHAT THEY HAD IN MIND. BUT THIS STATUTE IS BEING TREATED
DIFFERENTLY THAN MANY OF THE OTHERS.

MS. PROCTOR:  YOUR HONOR, IF I MAY POINT OUT
SOMETHING. I MADE AN ERROR IN READING THE STATUTES THAT I CITED
IN SUPPORT OF THE EXCEPTIONS TO THE RULE.  SECTION 1324 B J 1 --

THE COURT:  OKAY.

MS. PROCTOR:  -- REFERRING TO THE EMPLOYMENT
DISCRIMINATION STATUTE, THAT SECTION ACTUALLY PROVIDES THAT
CERTAIN LAWFUL PERMANENT RESIDENTS MAY ONLY BRING THE ACTION
WHERE THEIR EMPLOYER OR THE EVENTS OCCURRED.

THE COURT:  YES.

MS. PROCTOR:  IT DOESN'T PROVIDE, SO, FOR INSTANCE,
AN ALIEN WHO RESIDES IN RICHMOND BUT WORKS IN FAIRFIELD.  WE
WOULD HAVE TO BRING THE ACTION IN SACRAMENTO, NOT HOWEVER MUCH
THEY MIGHT PREFER TO BRING IT IN SAN FRANCISCO.

**THE COURT:** YES. BUT AT LEAST IT PROVIDES A PLACE. YOU WERE CORRECT.

**MS. PROCTOR:** RIGHT.

**THE COURT:** YOU CITED TO THE WRONG INDIVIDUAL ITEM.

**MS. PROCTOR:** YES.

**THE COURT:** I PICKED UP ON THAT.

**MS. PROCTOR:** OKAY.

**THE COURT:** AND ACTUALLY HIGHLIGHTED THAT IT SAYS "EMPLOYER." BUT, AGAIN, AT LEAST IT PROVIDED A SPECIFIC PLACE SO EVERYBODY KNEW WHAT THEY COULD DO ON THOSE SPECIFIC STATUTES.

OURS DOESN'T HAVE ANY COMPARABLE PROVISION, THUS LEAVING THE PLAINTIFF TO THE GENERAL LAW. AND THE GENERAL LAW DOESN'T SEEM TOO FAVORABLE.

AND LET ME ASK ANOTHER QUESTION JUST TO SEE WHAT YOUR ARGUMENT MIGHT BE, THEN, IN RESPONSE TO THIS, AGAIN. THE ARGUMENT OF THE GOVERNMENT IS WHEN CONGRESS WANTS TO DISTINGUISH LAWFUL PERMANENT RESIDENT ALIENS FROM OTHER SUCH ALIENS THEY KNOW HOW TO DO IT. AND THEY CITE, FOR EXAMPLE, THE DIVERSITY STATUTE IN WHICH THEY DECIDED TO SAY THAT FOR DIVERSITY PURPOSES A LAWFUL PERMANENT RESIDENT IS DEEMED TO BE A CITIZEN OF THE STATE IN WHICH THEY RESIDE.

AND THEY MADE THAT EXCEPTION. THUS, I GUESS, NARROWING THE NUMBER OF CASES THAT WOULD BE CONSIDERED DIVERSE, BECAUSE OTHERWISE IF THEY WERE CONSIDERED A CITIZEN OF THE COUNTRY OF THEIR BIRTH, MOST OF THE PLAINTIFFS WILL BE AMERICAN

CITIZENS, AND, THUS, U.S. CITIZENS, AND YOU WOULD ALWAYS HAVE
DIVERSITY.

            HERE YOU MAY WELL NOT HAVE IT. THEY HAVE NARROWED THE
NUMBER OF CASES THAT CAN COME ACTUALLY TO FEDERAL COURT BY
SAYING THAT.

            BUT THEY SPELLED THAT OUT. IF THE THEY WANTED TO MAKE
THAT DISTINCTION CLEAR WITH RESPECT TO THE GENERAL VENUE STATUTE
WHY DIDN'T THEY DO IT?

            ANY THOUGHTS?  OVERSIGHT?

            **MR. WANG:**  COULD BE.

            **THE COURT:**  COULD BE. THERE WAS ANOTHER CASE THAT WAS
KIND OF INTERESTING THAT I TOOK A LOOK AT.  I CAN'T REMEMBER IF
IT WAS CITED. I THINK IT MIGHT NOT HAVE BEEN CITED BY THE
PARTIES HERE.

            IT'S CALLED AREVALO-FRANCO VERSUS INS.  I CAN'T
REMEMBER. I DON'T THINK YOU CITED IT.  IT'S A FOIA CASE.  AND
THE FOIA STATUTE SIMPLY PROVIDES THAT THE ACTION CAN BE FILED
WHERE THE COMPLAINANT RESIDES.

            LET ME JUST READ THIS. YES, THE ACTION CAN BE FILED
WHERE THE COMPLAINANT RESIDES. AND I THINK IT WAS THE DISTRICT
COURT THERE IN AREVALO-FRANCO THOUGHT THAT IT DIDN'T HAVE
JURISDICTION TO HEAR THE CASE BECAUSE THERE WAS AN ALIEN
PLAINTIFF.

            AND, THUS, THEY COULDN'T HEAR IT, KIND OF THINKING
ABOUT THE VENUE STATUTES IN THE COURT OF APPEALS IN THIS

INSTANCE.

GEE, I DON'T KNOW WHAT I DID WITH THAT.  I THINK I HAVE IT IN THE STACK OF CASES.  BUT THE COURT OF APPEALS SAID:

"NO.  YOU'RE CONFUSING JURISDICTION AND VENUE."

IF WE WERE TALKING ABOUT VENUE, YOU WOULD BE RIGHT.

THEY CAN'T BRING IT WHERE THEY LIVE.  BUT WE'RE TALKING ABOUT JURISDICTION. AND THE JURISDICTIONAL STATUTE SAYS THE COURT HAS JURISDICTION TO HEAR IT.

AND I GUESS THESE WRAP VENUE INTO THE JURISDICTION UNDER THOSE CIRCUMSTANCES.  OTHERWISE, IT WOULD NEVER MAKE ANY SENSE.  YOU WOULD BRING IT WHERE THERE WAS JURISDICTION, AND THEN YOU WOULD HAVE TO TRANSFER IT FOR VENUE PURPOSES.

BUT LET ME SEE. I'LL GIVE YOU THE CITE ON THAT JUST FOR YOUR REFERENCE.

IT WAS A CASE, I THINK, THAT WAS CALLED TO MY ATTENTION IN A DIFFERENT WAY.

HOLD ON.

YES.  THIS IS OUT OF THE FIFTH CIRCUIT.  IT'S NOT NINTH. IT'S CALLED AREVALO-FRANCO.  A-R-E, V AS IN VICTOR, A-L-O, HYPHEN FRANCO, F-R-A-N-C-O.  AND THE CITE IS 889 F.2D 589. IT'S A 1990 CASE.

AND WHAT THE COURT SAID IS THERE WAS NO INDICATION CONGRESS INTENDED TO PRECLUDE ALIENS FROM BRINGING FOIA CAUSES OF ACTION. AND, THEREFORE, THEY COUNT IT AS A COMPLAINANT, BUT IT WAS A JURISDICTIONAL QUESTION, AND NOT ONE OF VENUE.

THEY SPECIFICALLY DISTINGUISHED IT.  AND LET ME JUST SEE IF I HAVE THE RIGHT ONE HERE.

YES, THEY DISTINGUISHED THE GENERAL VENUE STATUTE AND SAID, QUOTE:

"FEDERAL COURTS HAVE INTERPRETED THOSE STATUTES TO DENY VENUE TO ALIENS, HOLDING THAT FOR PURPOSES OF VENUE, ALIENS ARE NOT RESIDENTS OF ANY DISTRICT DESPITE WHERE THEY MIGHT LIVE."

LET'S SEE FOR A MOMENT. ONE OF THE CASES THAT COURT CITED WAS THE GALVESTON CASE FROM THE U.S. SUPREME COURT, STATING:

"AN ALIEN IS ASSUMED NOT TO RESIDE IN THE UNITED STATES AND, HENCE, MUST RESORT TO THE DOMICILE OF THE DEFENDANT.  ON THE OTHER HAND, IF THE SUIT BE AGAINST THE ALIEN HE MAY DOUBTLESS BE SUED IN ANY DISTRICT WHERE HE IS FOUND."

SO THEY DO SEEM TO CONSIDER BOTH PLAINTIFFS AND DEFENDANTS.  AT FIRST I THOUGHT PERHAPS THERE WAS A DISTINCTION THAT COULD OR SHOULD BE DRAWN, BUT IT DOESN'T APPEAR THAT WAY.

SO I THINK THERE IS SOMETHING OF A PROBLEM WITH VENUE. SINCE YOUR CLIENT IS HERE AND SINCE IT WOULD BE NICE IF THE CASE COULD BE RESOLVED WITHOUT HAVING TO GO OUT OF STATE, ONE OF THE REASONS THAT I MADE THE INITIAL INQUIRY I DID WAS TO SEE IF THINGS WERE AT ALL BEING MOOTED OR PERHAPS MOVING ALONG AT A RAPIDER CLIP THAN PREVIOUSLY.

I WANT TO POSE A QUESTION TO GOVERNMENT'S COUNSEL. THERE IS A PERIOD OF TIME FOLLOWING THE GRANTING OF THE APPLICATION FOLLOWING TO JOIN THAT IS ESSENTIALLY UNEXPLAINED HERE. IT IS APPROXIMATELY SIX MONTHS, I BELIEVE, BETWEEN THE TIME THAT THE APPLICATION WAS GRANTED AND IT WAS SENT TO CHINA OR -- CHINA.

**MR. WANG:** CHINA, YES.

**THE COURT:** OKAY. AFTER THAT, THE GOVERNMENT'S POSITION IS:

"WE ARE DOING THE BEST WE CAN. WE ARE OVERWHELMED, AND WE HAD A COUPLE OF OTHER PEOPLE BEFORE. AND ONE LEFT, AND THEY WOULDN'T REFILL THE POSITION. AND THE OTHER PERSON LEFT, AND THEY HAVEN'T FILLED IT YET. AND SOMETIMES WE ASK THAILAND TO HELP US OUT, AND THEY SENT SOMEBODY. AND WOE IS ME, WHAT CAN WE DO? WE HARDLY HAVE TIME FOR LUNCH."

AND THAT MAY BE THE CASE, IN FACT. AND I THINK THE PLAINTIFFS' RESPONSE TO THAT IS:

"THAT'S NOT MY PROBLEM. GO BACK TO CONGRESS AND GET MORE PEOPLE. BUDGET SO YOU CAN HAVE MORE PEOPLE THERE, AND MOVE THEM FROM ONE PLACE TO ANOTHER," AND WHATEVER.

AND THAT PRESENTS THE ISSUE OF WHETHER THE COURT SHOULD GET INVOLVED IN THAT KIND OF DETERMINATION OF ALLOCATION OF RESOURCES.

SOME COURTS HAVE ESSENTIALLY IMPLIED THAT IT CAN. OTHERS HAVE SAID "NO."

BUT WHAT ABOUT THE SIX MONTHS?  WHAT WENT ON IN THOSE SIX MONTHS?  ALL THEY HAD TO DO IS PUT IT IN THE MAIL, RIGHT?

**MS. PROCTOR:**  YOUR HONOR, DEFENDANTS ADDRESSED THAT ISSUE ON PAGE NINE.

**THE COURT:**  WELL, YOU JUST SAY:

"WE CAN'T EXPECT TO DROP EVERYTHING."

**MS. PROCTOR:**  WELL, ACTUALLY, YOUR HONOR, JACKIE WONG EXPLAINED IN HIS DECLARATION THAT THE APPROVED I-730 PETITION IS SENT -- ONCE IT'S APPROVED IT'S SENT TO THE NATIONAL VISA CENTER.

**THE COURT:**  YES.

**MS. PROCTOR:**  AND SO BECAUSE THESE AREN'T SUBMITTED ELECTRONICALLY AT THIS POINT, THEY ARE PAPER, THEY ARE RECEIVED. THEY ARE PROCESSED.  THEY ARE THEN SENT OUT AGAIN.

AND SO IT DOES TAKE TIME FOR THAT TO HAPPEN.  AND IT EACH HAPPENS IN TURN IN LINE FOR PROCESSING. AND I ACTUALLY WOULD ALSO LIKE TO POINT OUT ANOTHER ELEMENT OF JACKIE WONG'S BRIEF -- OR DECLARATION -- POINTING OUT THAT THIS APPLICATION WAS RECEIVED IN A YEAR WHEN ONLY 1870 APPLICATIONS, I-730 APPLICATIONS WERE RECEIVED BY HIS OFFICE.

IN THE FOLLOWING YEAR, FISCAL YEAR 2006, OVER 12,000 APPLICATIONS WERE RECEIVED.

**THE COURT:**  THEY ARE DELUGED.

**MS. PROCTOR:**  THEY ARE.

**THE COURT:**  YES.

**MS. PROCTOR:**  THIS IS BECAUSE OF A CHANGE IN ASYLUM LAW AND THE CAPS ON ASYLUM LAW.

**THE COURT:**  RIGHT.  LET'S GO BACK TO THE SIX MONTHS FOR A MOMENT.  WHERE ARE YOU POINTING ME TO IN THAT PARTICULAR DECLARATION?

**MS. PROCTOR:**  IN THE DECLARATION IT'S ON PAGE TWO, PARAGRAPH TWELVE.

**THE COURT:**  OKAY. QUOTE:

> "USUALLY APPLICANTS FILE I-730 TO THE NEBRASKA
> SERVICE CENTER.  THE NSC ADJUDICATES THE CASES, AND
> THEN SENDS THEM TO NATIONAL VISA CENTER. AND VC THEN
> SENDS THE CASES TO GUAN" -- I'M -- HOW DO YOU

PRONOUNCE THIS?

**MR. WANG:**  GUANGZHOU.

**THE COURT:**  -- "GUANGZHOU CONSULATE FOR PROCESSING."

**MS. PROCTOR:**  YES.

**THE COURT:**  NOW, THAT DOESN'T SAY IT TAKES SIX MONTHS TO SEND IT, OR THEY ARE BACKED UP, OR ANYTHING OF THAT NATURE.

IT JUST SAYS:

> "WE SEND THEM, AND THEN THEY SEND THEM."

IT MAY BE THAT THERE IS ANOTHER LINE THAT PREDATES THE LINE ONCE YOU GET TO CHINA. BUT IT'S NOT SPELLED OUT IN THE DECLARATION.

**MS. PROCTOR:**  JACKIE WONG ULTIMATELY WORKS FOR THE
SECRETARY OF THE DEPARTMENT OF HOME SECURITY, ALTHOUGH HIS
SUPERVISORS ARE LOCATED IN THAILAND.  SO DEFENDANT CHERTOFF IS
AN APPROPRIATE DEFENDANT FOR THIS ACTION.

MR. WONG IS PROCESSING THE APPLICATION IN ACCORDANCE
WITH THE NORMAL PROCEDURES AT THE -- AT HIS CONSULAR OFFICE.

**THE COURT:**  WELL, I DON'T GET POINT, OKAY?  YOU'VE
GOT SOMEBODY IN CHINA WHO DESCRIBES HOW HARD IT IS TO GET
THROUGH THE PROCEEDINGS. OKAY.

YOU HAVE MR. WONG NOT BEING ABLE TO TELL US WHAT
HAPPENED STATE SIDE. IS THAT YOUR POINT OR NOT?

**MS. PROCTOR:**  PERHAPS THAT WAS AN ERROR ON MY PART
NOT TO OBTAIN A DECLARATION, YES.

**THE COURT:**  THANK YOU.  OKAY. IN OTHER WORDS --

**MS. PROCTOR:**  I APOLOGIZE FOR THAT.

**THE COURT:**  WELL, YOU DON'T HAVE TO APOLOGIZE.  THE
POINT IS, LOOK, HE'S HAPPY THAT YOU DIDN'T PUT IT IN.  SO
THERE'S A GAP HERE. WE DON'T HAVE ANY EVIDENCE AS TO WHAT WENT
ON STATESIDE.

ALL I'M SAYING IS IF YOU WANTED TO SHOW WHAT WENT ON
HERE IN THE STATES REGARDING GETTING THE APPROVAL FROM POINT A
TO POINT B WHERE IT'S GOING TO BE ACTED ON, I ASSUME THAT
THERE'S SOMEONE WHO WOULD GIVE A DECLARATION.  AND SIMPLY
ASSERTING THAT THE PERSON YOU CHOSE DOESN'T KNOW THAT AND
REASONABLY DOESN'T KNOW IT, DOESN'T ANSWER THE POINT.

SO GETTING BACK FOR A MOMENT, THEN, YOU GOT ABOUT SIX MONTHS HERE THAT ARE UNEXPLAINED.

IT DOES SEEM KIND OF WRONG JUST IN LOGIC, BUT THERE MAY BE A QUEUE THERE.  THERE'S NO WAY FOR THE COURT TO KNOW THAT.

IS THERE ANY WAY, FOR EXAMPLE -- LOOK, YOU HAVE SIX-AND-A-HALF MONTHS TO GO ON THIS CASE, ESSENTIALLY, WHICH IS A LOT LESS THAN WHAT I THINK MR. WANG ORIGINALLY THOUGHT -- OUR MR. WANG HERE IN COURT TODAY -- THOUGHT WAS GOING TO BE THE DELAY.

WHAT IF YOU CREDITED THE OU FAMILY WITH SIX MONTHS? THEY WOULD BE RIGHT AT THE TOP OF THE LINE THEN, PRACTICALLY. THEY ONLY HAVE A COUPLE OF WEEKS TO GO.

**MS. PROCTOR:**  YOUR HONOR, IF IT WAS DISCOVERED THAT THAT SIX MONTHS WAS DUE TO SOME OMISSION ON THE GOVERNMENT'S PART THEN THAT MIGHT BE POSSIBLE. IF YOU WOULD LIKE I CAN OBTAIN SUCH A DECLARATION AND SUBMIT IT TO YOU TO SHOW WHETHER THAT WOULD BE AN APPROPRIATE FORM OF RELIEF.

**THE COURT:**  WELL, I'M THINKING RIGHT NOW IT MIGHT BE ON THE RECORD.  IT'S A LITTLE HARD TO TELL.  I MIGHT NOT HAVE VENUE TO DO THIS, OKAY?

THESE ARE CASES WHICH, FRANKLY, IF THERE'S ANY WAY THAT THE PARTIES CAN SEE THEIR WAY CLEAR TO SOME REASONABLE RESOLUTION IT WOULD ALSO BENEFIT YOU, AS WELL, UNLESS YOU ARE BOUND AND DETERMINED TO MAKE LAW ON THIS SUBJECT.

AND INTERESTINGLY, THERE HAVE BEEN AN AWFUL LOT OF CASES THAT HAVE BEEN DECIDED, AND WE STILL DON'T HAVE ANY PRECEDENT ON IT.

BUT THIS CASE IS A LITTLE DIFFERENT THAN SOME OF THE OTHERS, ALSO, AND I JUST WANT TO TOUCH ON THAT BECAUSE THE WHOLE THING IS KIND OF INTERESTING, FRANKLY, OKAY?

AS LONG AS YOU'RE HERE, WHETHER I HAVE VENUE OR NOT, OKAY? AND IT'S INSTRUCTIVE.

OKAY. THIS IS A CASE THAT INVOLVES WHAT IS ESSENTIALLY A POST-FORMAL DECISION PROBLEM. IN OTHER WORDS, THE CASES ON WHICH THE PLAINTIFF IS RELYING ON HERE ARE CASES WHERE SOMEBODY DIDN'T MAKE ANY DECISION AT ALL. THEY DIDN'T DO ANYTHING.

AND HERE SOMEBODY DID DO SOMETHING. THEY SAID:

"ALL RIGHT. WE GRANT YOUR APPLICATION."

APPARENTLY, THAT ISN'T THE END OF THE PROCESS. AND I WAS GOING TO ASK YOU TODAY FROM YOUR RESPECTIVE LEVELS OF EXPERTISE IF YOU ARE AWARE OF WHAT ACTUALLY IS SUPPOSED TO GO ON HERE, BECAUSE WHEN YOU LOOK AT THE REGULATIONS IT ALL STOPS WITH SENDING THE PAPERS TO CHINA.

AND AT THAT POINT THE INDICATION WOULD BE WITHOUT SOMETHING MORE, FINE. WE'VE APPROVED. SEND THEM ON OVER, "THEM" BEING THE FAMILY.

BUT THAT ISN'T WHAT HAPPENS, APPARENTLY. THEY ARE EITHER CHECKING TO SEE THE TWO PEOPLE WHO SHOW UP ARE THE REAL

PEOPLE OR SOMETHING AT THE POINT OF DEPARTURE.  AND SO A

DECISION HAS BEEN MADE. THIS IS SOME OTHER DECISION.

        WHAT IS GOING ON HERE?

        **MS. PROCTOR:**  THE ONLY GUIDANCE ON WHAT HAPPENS

OVERSEAS IS AVAILABLE IN THE FOREIGN AFFAIRS MANUAL, BECAUSE --

        **THE COURT:**  BY THE WAY, DO I HAVE A COPY OF THAT?

        **MS. PROCTOR:**  THE FOREIGN AFFAIRS MANUAL?

        **THE COURT:**  IN ANYTHING YOU HAVE PROVIDED.

        **MS. PROCTOR:**  NO, YOUR HONOR.

        **THE COURT:**  NO.

        **MS. PROCTOR:**  IT IS AVAILABLE ON WEST LAW, HOWEVER.

        **THE COURT:**  YOU CAN GET IT ONLINE?

        **MS. PROCTOR:**  YES.

        **THE COURT:**  OKAY. ALL RIGHT.

        **MS. PROCTOR:**  SO THE FOREIGN AFFAIRS MANUAL DESCRIBES

THE PROCESS BY WHICH THESE APPROVED PETITIONS ARE ADJUDICATED

ONCE THEY ARE OVERSEAS.  AND IT IS A VERIFICATION PROCESS.

        THE INTERVIEW IS TO VERIFY THAT THE PEOPLE ARE

ACTUALLY RELATED TO THE PETITIONER.  AND I BELIEVE THEY HAVE TO

BRING IDENTIFICATION DOCUMENTS AND OTHER SUCH PROOF THAT THEY

ARE ACTUAL RELATIVES AND ENTITLED TO THE BENEFITS.

        **THE COURT:**  WHEN THE APPLICATION IS APPROVED, HAS

SOME DECISION BEEN MADE THAT, IN FACT, THERE ARE PEOPLE WHO

EXIST WHO ARE WIFE AND CHILD OR A HUSBAND AND CHILD IN THIS

INSTANCE?

**MS. PROCTOR:**  BASED ON THE INFORMATION SUBMITTED IN AN APPLICATION, YES.

**THE COURT:**  YES. BUT THEY HAVE APPROVED. IS THIS JUST SOME KIND OF PRELIMINARY DETERMINATION, THEN, OR HAS THE DETERMINATION --

**MS. PROCTOR:**  YES.

**THE COURT:**  -- BEEN MADE THAT:

"YOU'RE ENTITLED TO ASYLUM, MRS. OU, AND YOUR FAMILY WHO WE FIND TO BE A HUSBAND AND CHILD ARE ALSO ENTITLED TO COME."

IN OTHER WORDS, THEY HAVE MADE A DETERMINATION THERE IS A REAL HUSBAND AND REAL CHILD.  WE JUST HAVE TO FIGURE OUT WHETHER THE PEOPLE WHO SHOW UP ARE THOSE PEOPLE, AND NOT IMPOSTERS OF SOME SORT.

**MS. PROCTOR:**  THAT IS MY UNDERSTANDING, YOUR HONOR.

**THE COURT:**  OKAY.

**MS. PROCTOR:**  AND I ACTUALLY DO HAVE CASES WHERE THERE ARE QUESTIONS WHETHER THE PERSON WHO HAS SHOWN UP AT THE VISA -- AT THE CONSULATE ARE ACTUALLY RELATED TO THE PETITIONER.

**THE COURT:**  WELL, THE PETITIONER MAY HAVE -- LET'S SAY, FOR EXAMPLE, THE PETITIONER -- I KEEP THINKING THAT IT'S A HUSBAND TRYING TO BRING THE WIFE AND CHILD OVER.  BUT IT'S A WIFE TRYING TO BRING THE HUSBAND AND CHILD OVER.

LET'S SAY THE WIFE SAYS:

"OKAY.  I WANT TO BRING OVER MY HUSBAND AND

CHILD."

IT TURNS OUT WHAT SHE REALLY WANTS TO BRING OVER IS
HER BOYFRIEND AND A CHILD, OKAY?  AND SHE DOESN'T REALLY CARE
WHETHER THE HUSBAND GETS HERE OR NOT.  SO THE BOYFRIEND SHOWS
UP, SAYS "I'M THE HUSBAND."

THE KID LOOKS LIKE THE KID, AND HERE THEY COME TO
AMERICA.

OKAY.  I CAN UNDERSTAND HOW YOU CAN SUBSTITUTE PEOPLE
WITH THE REAL HUSBAND NEVER EVEN KNOWING THAT THE WIFE HAS MADE
THIS APPLICATION.  YES, THAT'S POSSIBLE.

BUT IT SEEMS LIKE THEY HAVE AT LEAST MADE SOME
DETERMINATION THAT REAL PEOPLE EXIST. I DON'T KNOW WHAT KIND OF
PROOF THEY REQUIRE.  MAYBE IT'S A MARRIAGE LICENSE AND BIRTH
CERTIFICATES OR SOMETHING.

OTHERWISE, ALL OF THE GROUNDWORK IS BEING DONE AFTER
THE APPLICATION IS GRANTED. AND THAT SEEMS LIKE IT'S SKEWED A
BIT.

BUT YOU DIDN'T SUBMIT THE MANUAL TO SHOW WHAT IS
INVOLVED THERE. AND I SUPPOSE I COULD LOOK AT THAT.

I WOULD SUGGEST THE FOLLOWING:  HOW MUCH TIME HAS
THE -- THE ESTIMATE NOW -- I'M SORRY.  LET ME START THE SENTENCE
AGAIN.

HOW MUCH TIME HAS GONE BY SINCE THE APPLICATION WAS
AT LEAST FORMALLY GRANTED?

**MR. WANG:**  IT WAS GRANTED IN MARCH, 2006.  SO IT'S

ABOUT TWO YEARS.

     **THE COURT:**  OKAY.  SO TWO YEARS HAVE GONE BY. AND THE ESTIMATE IS SIX-AND-A-HALF MONTHS.  SO THAT WOULD BE ESSENTIALLY TWO-AND-A-HALF YEARS TO TAKE CARE OF THIS MATTER.

     **MR. WANG:**  YOUR HONOR, IF I MAY, ACTUALLY IT WILL BE WAY BEYOND THAT. AFTER THE INTERVIEW, THEN, ACCORDING TO JACKIE WONG'S DECLARATION ON THAT, AS FAR AS MY KNOWLEDGE IS THAT THE CASE WILL BE SENT BACK TO STATE DEPARTMENT FOR SECURITY CLEARANCE. USUALLY THAT TAKES ABOUT FOUR MONTHS.

     **THE COURT:**  WELL, IT MAY.  BUT, YOU KNOW, SOME OF THIS IS A PROCESSING REQUIREMENT THAT YOUR CONCERN AND YOUR PETITION IS TO HAVE THEM MAKE A DETERMINATION IF THIS IS THE REAL HUSBAND AND CHILD, I GATHER.

     YOU CAN'T ASK ME TO TELL THEM TO GIVE THEM THE DOCUMENTS, ANY TWO PEOPLE, BECAUSE WE DON'T KNOW WHO THOSE TWO PEOPLE ARE.

     SO YOU CAN'T ASK ME TO TELL THEM TO EXERCISE THEIR DISCRETION IN A PARTICULAR WAY. AND IT STILL IS A DETERMINATION THAT THEY ARE MAKING, NOT JUST A MINISTERIAL ACT, APPARENTLY, OF HANDING PAPERS TO SOMEONE.

     SO THE BEST THAT YOU CAN DO, I THINK, IS TO HAVE ME ORDER THE DEFENDANT TO GET TO THE FILE. AS I UNDERSTAND IT, IT GOES LIKE THIS.  BOXES AND BOXES HAVE COME IN, OKAY?

     AND JUST TO GIVE YOU A GRAPHIC EXAMPLE, ALTHOUGH THIS MAY NOT BE THE EXACT LAYOUT, OKAY?

THERES'S A BOX ON THE FLOOR, AND IT JUST SITS THERE.

EVENTUALLY, SOMEBODY TAKES THE PAPERS OUT AND PUTS THEM ON A

SHELF.  AND EVENTUALLY -- THAT'S WHERE YOUR PEOPLE ARE.  AND

AFTER AWHILE THEY ARE GOING TO MOVE FROM THE SHELF TO THE DESK,

AND THEN SOMEBODY WILL GET TO THEM, OKAY.

THE DELAY IS A GET TO IT. THEY ARE NOT SAYING IT WILL

AND YOU'RE SAYING YOU HAVE TO GET TO IT SOONER

BECAUSE THEY ARE NOT DRAGGING THEIR FEET IN MAKING THE

DETERMINATION ONCE THEY GET TO IT.

THE DELAY IS A GET TO IT. THEY ARE NOT SAYING IT WILL

TAKE THREE YEARS TO FIGURE OUT IF THIS IS THE WIFE AND CHILD.

BUT THERE IS SOME PERIOD OF TIME THAT REASONABLY HAS TO BE

CONSUMED IN DOING THE EVALUATION AS A SUBSTANTIVE MATTER.

AND THERE IS SOME PERIOD OF TIME THAT MAY BE REQUIRED

IN TRANSFERRING DOCUMENTS AND SEEING THAT THOSE GET PROPERLY

PROCESSED. BUT THAT'S DIFFERENT THAN SAYING:

"GET IT OFF THE FLOOR, OKAY?  PUT MY BOX ON YOUR

DESK. I WANT SOMEBODY TO LOOK AT THE FILE, PLEASE."

SO I THINK WE'RE AT THE POINT WHERE IT'S MOVING NOW

FROM THE SHELF TO THE DESK. AND, YES, IT MAY ULTIMATELY TAKE

LONGER THAN TWO-AND-A-HALF YEARS.  BUT AT LEAST WE HAVE SOME

MORE FELICITOUS ESTIMATE THAN YOU HAD ORIGINALLY.

AND MY FURTHER QUESTION IS THAT IF THERE WAS SOME

EQUITY IN GIVING A LITTLE MORE PRIORITY TO THE FAMILY IN LIGHT

OF WHAT MAY BE AN EXTENDED DELAY IN GETTING THE PAPERS TO CHINA,

IN OTHER WORDS, THEY ARE FARTHER BACK IN THE LINE THAN THEY

ORDINARILY SHOULD BE, THAT I'M SURE WOULD ASSIST THE FAMILY, AS
WELL.

SO I WOULD ENCOURAGE YOU TO LOOK AT IT. OTHERWISE,
WHAT I HAVE IS I HAVE THE RECORD AS I HAVE IT. AND AT THE MOMENT
THERE'S NO REAL EXPLANATION FOR THOSE SIX MONTHS.

IN THE SAME LIGHT, I MAY NOT HAVE VENUE TO EVEN TAKE
ANY ACTION, LET ALONE THE ULTIMATE ACTION OF SAYING TO THE
DEPARTMENT:

"I DON'T THINK YOU'RE HANDLING YOUR RESOURCES
PROPERLY, AND YOU OUGHT TO GET MORE PEOPLE OUT THERE,
AND I DON'T CARE WHERE YOU HAVE TO GET THEM FROM AND
THE MONEY COMES FROM. THAT'S WHAT YOU HAVE TO DO."

AND THERE'S A REAL QUESTION WHETHER THE COURT SHOULD
BE DOING THAT. THAT'S THE MAIN ISSUE. SO EACH OF YOU HAS A
LITTLE BIT OF AN UP AND DOWN SIDE HERE. AND THERE ARE THINGS
CERTAINLY UP IN THE AIR.

I THINK IT'S VERY INTERESTING TO LOOK AT THE WHOLE
PROBLEM.  AND I DON'T SEE IT GOING AWAY RIGHT AWAY UNLESS THEY
CAN AT LEAST FILL A COUPLE OF POSITIONS OUT THERE.  AND EVEN
THEN, I'M NOT SURE HOW MUCH GOOD IT'S GOING TO DO.

BUT THE CHANGE IN THE LAW IS AN INTERESTING
DEVELOPMENT THAT CAUSED THE ADDITIONAL APPLICATIONS. SO WHAT I'M
THINKING IS THAT IF THERE ARE ANY FINAL PARTING SHOTS YOU WANT
TO SEND OVER THE BOW HERE YOU CAN DO THAT FROM YOUR RESPECTIVE
POSITIONS.

THEN, I'LL TAKE IT UNDER SUBMISSION. AND I WILL HOLD IT A SHORT WHILE BEFORE I DECIDE JUST BECAUSE I WANT TO DOUBLE-CHECK ON THE LAW AND ALSO TO GIVE YOU A CHANCE, IF YOU CAN, TO SEE IF THERE'S ANY WAY THAT YOU CAN DO ANY MORE IN LIGHT OF THE SIX-MONTH GAP AT THE MOMENT.

AND THEN, IF I DON'T HEAR FROM YOU EITHER PRELIMINARILY OR THAT YOU'VE GOT SOME PERMANENT RESOLUTION I'LL MAKE A RESOLUTION AS TO THE VENUE. AND THEN, IF I FIND VENUE, THE MERITS.

**MS. PROCTOR:** YOUR HONOR, IF I MAY ASK ONE QUESTION, AND THEN MAKE ONE FINAL COMMENT.

**THE COURT:** SURE.

**MS. PROCTOR:** WOULD YOU LIKE A STATUS REPORT IF WE ARE UNABLE TO REACH AN AGREEMENT?

**THE COURT:** YES, I THINK I'D LIKE TO KNOW EITHER WAY.

**MS. PROCTOR:** OKAY.

**THE COURT:** AND IF THERE'S SOME PRELIMINARY DISCUSSION GOING ON THAT AT LEAST HASN'T BEEN CUT OFF, IF YOU WOULD LET ME KNOW THAT, THEN, I'LL HOLD UP ON DOING SOMETHING HERE.

THE CASE IS NOT GOING AWAY NO MATTER WHAT. THERE'S A QUESTION ABOUT WHERE IT MAY END UP, BUT THE ISSUES WILL STILL BE PRESENT.

AND, YOU KNOW, IT WOULD BE NICE IF YOU COULD DO SOMETHING ON IT.

SO -- BUT I THINK EVEN -- I DON'T KNOW IF MR. WANG WAS EVEN AWARE THAT WE ARE NOW AT THE SIX-AND-A-HALF MONTH TIME FRAME.

**MR. WANG:**  YES, I'M AWARE OF THAT.  I TALKED TO COUNSEL PRIOR TO THE HEARING.

**THE COURT:**  OKAY.  BUT TODAY IS LIKE WHEN YOU FOUND OUT.

**MR. WANG:**  YES.

**THE COURT:**  OKAY.  SO HE JUST FOUND THAT OUT TODAY. THAT CHANGES THE LAY OF THE LAND A LITTLE BIT, AS WELL, BECAUSE HE WAS LOOKING AT A VERY GRIM PREDICTION BEFORE.  I THINK IT WAS ANOTHER YEAR-AND-A-HALF, IF I'M NOT INCORRECT.  WAS IT, YEAR, YEAR-AND-A-HALF?

**MR. WANG:**  IT'S YEAR-AND-A-HALF FROM SEPTEMBER LAST YEAR, SO IT'S ABOUT A YEAR, ACTUALLY, SO --

**MS. PROCTOR:**  THAT'S THE CORRECT PREDICTION.

**THE COURT:**  THE PREDICTION WAS A YEAR, OKAY.  SO YOU PICKED UP ABOUT SIX MONTHS.

**MR. WANG:**  AT THAT POINT, ALSO, THAT COUNSEL JUST INFORMED ME THAT JACKIE WONG LOST ANOTHER STAFF, SO MAKES IT EVEN WORSE.

**MS. PROCTOR:**  BUT HE ALSO ADDED A STAFF MEMBER, SO IT'S FLUCTUATING.

**THE COURT:**  OKAY.  ALL RIGHT.  HE'S TREADING WATER.

**MS. PROCTOR:**  YES.

**THE COURT:** OKAY. NEAR INLAND, HOWEVER, IN THIS PROVINCE? OR ARE THEY ON WATER?

**MR. WANG:** IT'S NEAR --

**MS. PROCTOR:** I UNDERSTAND THERE'S A LOT OF SNOW RIGHT NOW, TOO.

**MR. WANG:** WELL, IT'S VERY CLOSE TO HONG KONG.

**THE COURT:** OKAY. SO MAYBE HE'S GOT SOME WATER TO TREAD.

ANYWAY, I THINK THAT THAT MIGHT BE THE BEST WAY TO HANDLE IT. IF YOU CAN, AS AN EQUITABLE MATTER, IF NOT AN OUTRIGHT LEGAL ONE AT LEAST YOU MAY BE ABLE TO ACCOMPLISH SOMETHING.

ANYTHING ELSE YOU WANTED TO ADD?

**MS. PROCTOR:** YES, YOUR HONOR. I WOULD LIKE TO ADDRESS PLAINTIFF'S MOTION FOR SANCTIONS. THERE IS NO SMALL AMOUNT OF IRONY IN THE FACT THAT PLAINTIFF HAS MOVED FOR SANCTIONS ON THE GROUND THAT I FAILED TO ADEQUATELY RESEARCH THE VENUE ISSUE WHEN HE --

**THE COURT:** NO. NO. NO. NO. DON'T EVEN GO THERE.

**MS. PROCTOR:** -- RULE 11.

**THE COURT:** I'M SORRY. I THINK THAT THE VENUE ISSUE IS A VERY SIGNIFICANT ISSUE. AND THAT THE PLAINTIFF REALLY HAS THE LABORING OAR IN THIS. AND, ONE, IT'S NOT A SEPARATE MOTION. I COULDN'T EVEN GRANT IT IF I WANTED TO UNDER THE RULES.

AND, SECOND OF ALL, I DON'T THINK IT WAS WELL-TAKEN.

MS. PROCTOR:  THANK YOU, YOUR HONOR.

THE COURT:  ALL RIGHT.

MR. WANG:  ACTUALLY, I APOLOGIZE FOR THAT.

THE COURT:  OKAY.

MR. WANG:  OKAY?

THE COURT:  OKAY. ALL RIGHT.  WELL, THEN, I'M GOING TO TAKE IT UNDER SUBMISSION. I'D LIKE YOU TO AT LEAST GIVE ME A STATUS AS TO WHETHER YOU'RE TALKING.  AND IF YOU'RE TALKING, FINE.  AND THEN, IF YOU'RE NOT, IF YOU'RE FINISHED AND YOU HAVE A RESOLUTION, GREAT.

IF YOU DON'T, THEN I WILL GO FORWARD, MAKE MY RULING. BUT I'D LIKE YOU TO GIVE ME SOME INDICATION NO LATER, LET'S SAY, THAN NEXT FRIDAY.

MR. WANG:  YOUR HONOR?

THE COURT:  NEXT MONDAY.

MR. WANG:  OKAY.

THE COURT:  A WEEK FROM MONDAY.

MR. WANG:  OKAY.

THE COURT:  HOW'S THAT?

MR. WANG:  YES.  I WOULD LIKE TO ADDITIONALLY BRIEF ON THAT VENUE ISSUE.  WE CANNOT REACH AN AGREEMENT ON THIS BECAUSE I FEEL STRONGLY THAT THIS COURT HAVE -- IS THE PROPER VENUE.  AND IF THIS CASE IS TRANSFERRED TO D.C. IT WILL BE DISASTER.

THE COURT:  WELL, IT'S HARDER.  I DON'T KNOW THAT

IT'S A DISASTER, BUT IT'S HARDER.

I'VE GOT THE BRIEFING NOW.  I'M NOT SURE I WOULD BE INCLINED TO ENTERTAIN ADDITIONAL BRIEFS IF YOU'VE GIVEN ME WHAT APPEAR TO BE THE AUTHORITIES ON IT.

IN FACT, YOU THOUGHT YOU GAVE ME SO MUCH AUTHORITY THAT THE GOVERNMENT'S COUNSEL OUGHT TO BE SANCTIONED FOR EVEN ARGUING THE POINT.

SO OKAY. I'LL TELL YOU.  A WEEK FROM MONDAY GIVE ME A STATUS REPORT AS TO WHAT IS GOING ON, BUT NOT THE PRIVATE DETAILS.

**MS. PROCTOR:**  OKAY.

**THE COURT:**  BUT JUST A STATUS GENERICALLY.

OKAY. GOOD LUCK. THANK YOU VERY MUCH.

**MR. WANG:**  THANK YOU.

**THE COURT:**  OKAY.

(THEREUPON, THIS HEARING WAS CONCLUDED.)

CERTIFICATE OF REPORTER

I, KATHERINE WYATT, THE UNDERSIGNED, HEREBY CERTIFY THAT THE FOREGOING PROCEEDINGS WERE REPORTED BY ME, A CERTIFIED SHORTHAND REPORTER, AND WERE THEREAFTER TRANSCRIBED BY ME INTO TYPEWRITING; THAT THE FOREGOING IS A FULL, COMPLETE AND TRUE RECORD OF SAID PROCEEDINGS.

I FURTHER CERTIFY THAT I AM NOT OF COUNSEL OR ATTORNEY FOR EITHER OR ANY OF THE PARTIES IN THE FOREGOING PROCEEDINGS AND CAPTION NAMED, OR IN ANY WAY INTERESTED IN THE OUTCOME OF THE CAUSE NAMED IN SAID CAPTION.

THE FEE CHARGED AND THE PAGE FORMAT FOR THE TRANSCRIPT CONFORM TO THE REGULATIONS OF THE JUDICIAL CONFERENCE.

IN WITNESS WHEREOF, I HAVE HEREUNTO SET MY HAND THIS 17TH DAY OF MARCH, 2008.

KATHERINE WYATT, OFFICIAL REPORTER, CSR, RMR (415) 487-9834